IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

MANUMITTED COMPANIES, INC.,

    Plaintiff,

vs.

TESORO ALASKA COMPANY,

    Defendant.

Case No. A05-185 CV [JKS]

**PROTECTIVE ORDER**

       This matter having come before the Court by the stipulation of the parties for entry of a protective order pursuant to Rule 26(c)(7) of the Federal Rules of Civil Procedure, the Court, having been otherwise fully advised in the premises, having considered the matter, and in order to facilitate expeditious discovery while protecting the asserted confidentiality of certain proprietary and/or commercially sensitive information, does hereby Order as follows:

       1.    Any party (or non-party if discovery is sought under appropriate Federal Rules of Civil Procedure) may designate as confidential under this Protective Order any information produced, filed, or otherwise disclosed by it in this action. The designation shall be based on a good faith belief that the information consists of proprietary business information or customer-related information not normally available to the public or to persons or entities outside the producing entity. Information so designated may be disclosed by the receiving party only to the extent

set forth below.  A party may at any time serve a written notice of objection to the designation of information as confidential, whether such designation is made under this paragraph 1 or paragraph 2(b).  The notice shall identify specifically the information from which the objecting party wishes to have the designation removed and specify the reasons for wishing to do so.  Within 10 days of actual receipt of such notice, the designating entity shall notify the objecting party in writing whether the designating entity will agree to remove the designation as requested.  Absent such agreement, the objecting party may move for an order declassifying the specified information.

    2.    (a)    The designation of information as confidential shall be made by placing or affixing on each page of the document a legend reading as follows:

> CONFIDENTIAL MATERIAL.  Not to be used, copied, or disclosed except in accordance with Protective Order, <u>Manumitted Companies, Inc v. Tesoro Alaska Company</u>, Case No. A05-185 CV [JKS].

    (b)    A party to this action (or non-party if discovery is sought under appropriate Federal Rules of Civil Procedure) may designate any part of deposition testimony in which its own information or information relating to its customers is disclosed, directly or indirectly, as confidential under this Protective Order by advising the reporter at the time of the deposition or within ten days of receiving a copy of the transcript.  The reporter shall annotate the transcript accordingly.  If the designation occurs after the transcript has been disseminated, the reporter shall notify each recipient of the designation, and such recipient shall apply the legend

required by subparagraph (a) hereof.

3. Information designated confidential under this Protective Order shall be used solely for matters relating to issues in this litigation, and shall not be used or disclosed for any other purpose unless the party furnishing such information consents in writing in advance to such other uses. Such information shall be kept in secure, limited-access facilities and may be disclosed only as set forth below.

4. Counsel for a party who obtains from any source information designated as confidential under this Protective Order may disclose or permit disclosure of such information only to the following:

(a) Counsel for any party working on the case and paralegal and clerical employees thereof;

(b) Personnel of the Federal Court System;

(c) Court reporters in any jurisdiction, who are engaged in proceedings on the case;

(d) Outside consultants or experts, and their employees and assistants, retained to assist counsel with respect to the case and who, prior to disclosure, have agreed to be bound by the terms of this Protective Order by executing an Agreement in the form attached hereto as Exhibit A. The term "outside," as used in this subparagraph and elsewhere in this Protective Order, refers to a person who is not an officer or employee of a party to this action;

(e) Any witness, who, prior to disclosure, has agreed to be bound by the terms of this Protective Order by executing an Agreement in the form attached

hereto as Exhibit A.  In connection with issuance of process to compel attendance of a witness at a deposition or other proceeding the parties agree that such process may include a notice specifying that information disclosed at such deposition or other proceeding shall be disclosed and is protected pursuant to the terms of this Protective Order, in which event the witness, who shall be served with a copy of this Protective Order, shall not be required to sign the Agreement in the form attached hereto as Exhibit A.  Any witness to whom such information is disclosed may not retain such information, or any notes, compilations, or other materials derived from such information, after the conclusion of his or her testimony, unless such witness is a person to whom counsel is otherwise entitled to disclose such information hereinabove (e.g., a retained consultant or expert) or such witness is the source of such information; and

   (f)   Any present or former officer, director, or employee of a party whose participation is determined to be necessary by counsel of record for that party and who, prior to disclosure, has agreed to be bound by the terms of this Protective Order by executing an Agreement in the form attached hereto as Exhibit A.  Until further order of the court, counsel for each party shall retain the originals of each Agreement in the form attached hereto as Exhibit A.

5.   Except with a written consent of the entity who furnished such information, counsel for any party or any other person authorized hereunder who obtains access to information designated confidential under this Protective Order shall not use or make copies, duplicates, extracts, summaries, or descriptions of the

information or any portion thereof except as may be reasonably necessary in connection with pretrial motions, preparation for and the conduct of the trial itself, and any appeals therefrom. Any such copies, duplicates, extracts, summaries, or descriptions shall be marked with the appropriate legend as set forth in subparagraph 2(a) and accordingly be treated as confidential under this Protective Order.

6. The provisions of this Protective Order shall not apply (a) if the entity asserting confidentiality specifically waives in writing the protective conditions set forth in this Order with respect to the use of any information, whether generally or for a specified purpose, or (b) if information is lawfully acquired by a party or its counsel, without use of or reliance upon any information designated by the other party as confidential. Under either circumstance the information may be disclosed without regard to the provisions of this Protective Order.

7. Depositions in this action in which confidential information is discussed shall be held in the presence only of the deponent, officers of the court (including the reporter), and persons described in paragraph 4.

8. (a) To the extent that a document to be filed with the court may reveal information designated as confidential, any portion of the document containing designated information shall be marked as set forth in subparagraph 2(a) and filed in a sealed envelope. The service copies shall also be so marked. All copies shall be withheld from public disclosure as provided herein, unless otherwise ordered public by the court.

(b) The use of any information designated as confidential in any court proceeding shall not cause it to lose its designated status, and the parties shall take all steps reasonably required to protect its confidentiality during such use. Documents or deposition transcripts properly designated as confidential under this Protective Order may be introduced as evidence in the court proceedings, including to the jury, provided that any persons present are cautioned that the confidential information shall not be revealed or disclosed for any purpose outside of the court proceeding. The parties should cooperate in advance of any court proceeding to minimize the disruption of the court proceeding with respect to the handling of confidential information.

9. (a) The provisions of this Protective Order shall survive after termination of this action. All parties and persons subject to this Protective Order shall take reasonable precautions to maintain the information in accordance with the terms of this Protective Order.

(b) The clerk shall maintain under seal all papers filed under seal with the court as to which a claim of confidentiality was made.

10. The court may modify this Protective Order at any time for good cause shown and upon notice to the affected parties.

Dated this 23rd day of January, 2006.

/s/ James K. Singleton
The Honorable James K. Singleton
United States District Court Judge

**EXHIBIT A**

**AGREEMENT TO BE BOUND BY
PROTECTIVE ORDER**

I,_____, am employed by _____. I hereby acknowledge that I have received and read a copy of the Protective Order entered in the action pending in the United States District Court for the District of Alaska entitled <u>Manumitted Companies, Inc. v. Tesoro Alaska Company</u> (Case No. A05-185 CI [JKS]), and understand the limitations it imposes on the use and disclosure of information designated as "CONFIDENTIAL." I agree to be bound by all of the terms of such Protective Order.

_____

_____
(printed name)

Dated: _____