IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

_____
                                    )
MANUMITTED COMPANIES,        )      **3:05-cv-185 TMB**
INC.,                                )
                                    )
              Plaintiff,             )      **ORDER RE: MOTION TO QUASH**
                                    )
v.                                  )
                                    )      **Docket No. 17**
TESORO ALASKA COMPANY,       )
                                    )
              Defendant.             )
_____)

      Plaintiff formerly owned and operated a Tesoro gas station in Valdez, Alaska.  According to the Complaint, Plaintiff is suing Tesoro for breach of contract with respect to a distributor agreement and an indemnification agreement; breach of the implied covenant of good faith and fair dealing; violations of the Unfair Trade Practices and Consumer Protection Act; price discrimination in violation of the Robinson-Patman Act; wrongful foreclosure; and offset.

      Among Plaintiff's complaints is the claim that subsequent to a 1999 agreement between Plaintiff and Tesoro, Tesoro began withdrawing specific services and benefits which it had formerly provided to the Plaintiff's gas station.  Then, in 2002, Tesoro branded a  new Tesoro station two blocks away.  The new station featured signs with the new company logo which matched Tesoro's current advertising materials.  Plaintiff still had the old Tesoro signs, which Tesoro declined to update.  Plaintiff claims to have suffered a loss of business due to, among

numerous other factors, the "old and outdated look" of its station in comparison with the new

Tesoro station.  However, Plaintiff claims it was bound by the agreement with Tesoro and could

not operate as anything other than a Tesoro branded station.  After the new Tesoro station

opened, Plaintiff quickly went out of business, closing the station on January 2004.  Plaintiff

remained current on its promissory note obligations to Tesoro until March 2004.  In July 2004,

Tesoro foreclosed on the property.  This case followed.

Plaintiff has subpoenaed records from Gas, Inc.,(d/b/a/ Capt'n Joe's Gas),  and has

noticed a telephonic records deposition for February 9, 2006.  Gas, Inc., is the company that

owns the new Tesoro gas station in Valdez, and is a non-party to this case.

Gas, Inc., has filed a Motion to Quash the subpoena, noting that it is a small family-run

corporation and that Plaintiff was formerly its chief competitor.  Docket 17.  Gas, Inc.,

complains that the information requested in the records deposition "would give confidential

commercial information to the plaintiff so that it would have a nearly 100% complete financial

picture of how Gas, Inc., built its business, how it operates its business, how [it] plans to run its

business in the future, how it would compete with the plaintiff, and its profit-loss margin in the

sale of fuel products."  Docket 17.  Gas, Inc., notes that Plaintiff may reopen its gas station or

sell it to another entity, which would be Gas, Inc.'s competitor.  The information requested

would give an unfair competitive advantage to Plaintiff or its successor.  Furthermore, Gas Inc.

argues that the subpoena requires Gas, Inc. to provide discovery for its competitor at Gas Inc.'s

expense.

Plaintiff responds that the requested documents are "a narrowly tailored list of documents

relating to a defined period of time," and that "the time required to locate and copy these documents is not unduly burdensome."  Docket 20.  It argues that any concerns about confidentiality are remedied by the Protective Order already entered in this case. That Order requires that any information designated confidential shall be used "solely for matters relating to issues in this litigation, and shall not be used or disclosed for any other purpose unless the party furnishing such information consents in writing in advance to such other uses." Docket 15.

The affidavit of Laura Saxe, VP and Secretary of Gas, Inc., indicates that she does not feel that a protective order is an adequate remedy in this matter, because of the possibility that Plaintiff will reopen the business, rather than sell it to a third party.   In that event, Plaintiff will then have access to information covered by the protective order and could use that information to its advantage.

Federal Rule of Civil Procedure 45( c) addresses Protection of Persons Subject to Subpoenas.  It instructs that "[a] party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena."  Rule 45( c)(1).  A court may quash or modify a subpoena if it "subjects a person to undue burden," Rule 45( c)(3)(A)(iv), or if it "requires disclosure of a trade secret or other confidential research, development, or commercial information." Rule 45 (c)(3)(B)(I).  In the latter case, if the Plaintiff "shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions."  Rule 45( c)(3)(B)(iii).

In this matter, several of the items sought by Plaintiff may well be discoverable directly from Tesoro, a party to this case. Plaintiff has neither indicated that it has subpoenaed these documents from Tesoro directly, nor provided any explanation as to why a non-party should be required to provide the information at its own expense. No allowance has been made in the subpoena to reimburse the non-party for time and expenses incurred in accumulating the requested materials.

Furthermore, Gas, Inc.'s concern over the disclosure of commercial information vital to its survival against competing businesses is valid, particularly where, as here, a past and potential competitor will have unlimited access to the protected information. Although the materials may be protected by the Protective Order, there is an obvious risk that the Plaintiff could use some of the information to an unfair business advantage in the future. It also is unclear what relevance some of the requested items have to the litigation between Plaintiff and Tesoro. While future disclosure of some of the information by Gas, Inc., is not precluded entirely, Plaintiff has not provided adequate grounds to subpoena the information sought from Gas, Inc., at this time.

In light of the foregoing, it is hereby ordered that Gas, Inc.'s Motion to Quash Subpoena at Docket 17 is **GRANTED.**

Dated this the 8th day of February, 2006.

/s/ Timothy Burgess
Timothy M. Burgess
U.S. District Judge

4