

MICHAEL R. MILLS
mills.mike@dorsey.com

January 10, 2006

Frederick Odsen
Hughes, Bauman, Pfiffner, Gorski & Seedorf
3900 C Street, Suite 1001
Anchorage, Alaska 99503

<u>VIA EMAIL</u>

     Re:    *Manumitted v. Tesoro*

Dear Fred:

     Thank you for providing Tesoro's Initial Disclosures, Privilege Log and Proposed Protective Order. With regard to the Protective Order, enclosed is a redlined version that reflects changes I would like to see. The changes primarily address the potential for non-parties (for example, the Saxes and Service Oil & Gas) asserting confidentiality of some of the documents that Manumitted will be seeking by subpoena later this week. Having a protective order that also applies to non-parties, will eliminate the need to create a new document later.

     Manumitted would like to receive an answer to the earlier requests about agreeing to the assignment of Tesoro's indemnity obligations to PetroStar. Manumitted also understand that two large grocery chains in the vicinity of the station may be interested in expanding their offerings to gas (Carrs/Safeway and Three Bears). Manumitted would like to know Tesoro's position on agreeing to assignment of the environmental indemnity obligation so that it can proceed with discussions if, in fact, these additional parties are interested in the station.

     As noted above, Manumitted will be serving subpoenas on Gas, Inc., dba Captain Joe's Gas (the Saxes) and Service Oil & Gas, Inc. in order to obtain documents relevant to this dispute. You will receive a notice of taking the records depositions along with a copy of the subpoena.

     We need to discuss our joint response to the court's January 16, 2006 deadline to request a neutral evaluation of the case, as included in our Status Report to the court. I still believe Judge Holland would provide the best person to serve in such a role. You had earlier suggested Judge MacDonald, but he may not be appropriate given his role in overseeing Manumitted's Chapter 11 bankruptcy case. Please let me know of any further thoughts you have had in this regard so that we can file our report with the court.

     With respect to damages suffered by Manumitted, Ben is putting together revenue and expense information for 1995, 1996 and 1997. The level of revenues and net operating income will be consistent for these three years with the subsequent years included in the spreadsheet attached to the initial disclosures up until the time that Captain Joe's station underwent its expansion and reimaging.

DORSEY & WHITNEY LLP • WWW.DORSEY.COM • T 907.276.4557 • F 907.276.4152
1031 WEST FOURTH AVENUE • SUITE 600 • ANCHORAGE, ALASKA 99501-5907
USA  CANADA  EUROPE  ASIA

EXHIBIT 4
Page 1 of 11



Frederick Odsen
January 10, 2006
Page 2

      Please let me know if the changes to the Protective Order are acceptable. Also get back to me on other items mentioned above.

      Very truly yours,

      DORSEY & WHITNEY, LLP

      Michael R. Mills

cc:    Ben Olds (w/o encls.)
        Allen Clendaniel (w/o encls.)

Frederick J. Odsen
Alaska Bar No. 7906043
Carl J.D. Bauman
Alaska Bar No. 7310038
Hughes Bauman Pfiffner
 Gorski & Seedorf, LLC
3900 C Street, Suite 1001
Anchorage, Alaska 99503
Telephone Number: (907) 274-7522
Facsimile Number: (907) 263-8320

Attorneys for Defendant Tesoro Alaska Company

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MANUMITTED COMPANIES, INC., <br><br> Plaintiff, <br><br> vs. <br><br> TESORO ALASKA COMPANY, <br><br> Defendant. | Case No. A05-185 CV [JKS] <br><br><br><br><br><br><br> **PROTECTIVE ORDER** |

This matter having come before the Court by the stipulation of the parties for entry of a protective order pursuant to Rule 26(c)(7) of the Federal Rules of Civil Procedure, the Court, having been otherwise fully advised in the

Protective Order
*Manumitted Companies, Inc. v. Tesoro Alaska Company*
Case No. A05-185 CV [JKS]
Page 1 of 8

EXHIBIT 4
Page 3 of 11

premises, having considered the matter, and in order to facilitate expeditious discovery while protecting the asserted confidentiality of certain proprietary and/or commercially sensitive information, does hereby Order as follows:

1. Any party <u>(or non-party if discovery is sought under appropriate Federal Rules of Civil Procedure)</u> may designate as confidential under this Protective Order any information produced, filed, or otherwise disclosed by it in this action. The designation shall be based on a good faith belief that the information consists of proprietary business information or customer-related information not normally available to the public or to persons or entities outside the ~~party~~<u>producing entity</u>. Information so designated may be disclosed by the receiving party only to the extent set forth below. A party may at any time serve a written notice of objection to the designation of information as confidential, <u>whether such designation is made under this paragraph 1 or paragraph 2(b)</u>. The notice shall identify specifically the information from which the objecting party wishes to have the designation removed and specify the reasons for wishing to do so. Within 10 days of actual receipt of such notice, the designating ~~party~~ <u>entity</u> shall notify the objecting party in writing whether the designating ~~party~~<u>entity</u> will agree to remove the designation as requested. Absent such agreement, the objecting party may move for an order declassifying the specified information.

2. (a) The designation of information as confidential shall be made by placing or affixing on each page of the document a legend reading as follows:

> CONFIDENTIAL MATERIAL. Not to be used, copied, or disclosed except in accordance with Protective Order, <u>Manumitted Companies, Inc v. Tesoro Alaska Company</u>, Case No. A05-185 CV [JKS].

(b) A party to this action <u>(or non-party if discovery is sought under appropriate Federal Rules of Civil Procedure)</u> may designate any part of deposition testimony in which its own information or information relating to its customers is disclosed, directly or indirectly, as confidential under this Protective Order by advising the reporter at the time of the deposition or within ten days of receiving a copy of the transcript. The reporter shall annotate the transcript accordingly. If the designation occurs after the transcript has been disseminated, the reporter shall notify each recipient of the designation, and such recipient shall apply the legend required by subparagraph (a) hereof.

3. Information designated confidential under this Protective Order shall be used solely for matters relating to issues in this litigation, and shall not be used or disclosed for any other purpose unless the party furnishing such information consents in writing in advance to such other uses. Such information shall be kept in secure, limited-access facilities and may be disclosed only as set forth below.

Protective Order
*Manumitted Companies, Inc. v. Tesoro Alaska Company*
Case No. A05-185 CV [JKS]

Page 3 of 8

EXHIBIT 4
Page 5 of 11

4. Counsel for a party who obtains from any source information designated as confidential under this Protective Order may disclose or permit disclosure of such information only to the following:

(a) Counsel for any party working on the case and paralegal and clerical employees thereof;

(b) Personnel of the Federal Court System;

(c) Court reporters in any jurisdiction, who are engaged in proceedings on the case;

(d) Outside consultants or experts, and their employees and assistants, retained to assist counsel with respect to the case and who, prior to disclosure, have agreed to be bound by the terms of this Protective Order by executing an Agreement in the form attached hereto as Exhibit A. The term "outside," as used in this subparagraph and elsewhere in this Protective Order, refers to a person who is not an officer or employee of a party to this action;

(e) Any witness, who, prior to disclosure, has agreed to be bound by the terms of this Protective Order by executing an Agreement in the form attached hereto as Exhibit A. In connection with issuance of process to compel attendance of a witness at a deposition or other proceeding the parties agree that such process may include a notice specifying that information disclosed at such deposition or other proceeding shall be disclosed and is protected pursuant to

Protective Order
*Manumitted Companies, Inc. v. Tesoro Alaska Company*
Case No. A05-185 CV [JKS]

Page 4 of 8

EXHIBIT 4
Page 6 of 11

the terms of this Protective Order, in which event the witness, who shall be served with a copy of this Protective Order, shall not be required to sign the Agreement in the form attached hereto as Exhibit A. Any witness to whom such information is disclosed may not retain such information, or any notes, compilations, or other materials derived from such information, after the conclusion of his or her testimony, unless such witness is a person to whom counsel is otherwise entitled to disclose such information hereinabove (e.g., a retained consultant or expert) or such witness is the source of such information; and

    (f)    Any present or former officer, director, or employee of a party whose participation is determined to be necessary by counsel of record for that party and who, prior to disclosure, has agreed to be bound by the terms of this Protective Order by executing an Agreement in the form attached hereto as Exhibit A. Until further order of the court, counsel for each party shall retain the originals of each Agreement in the form attached hereto as Exhibit A.

5.    Except with a written consent of the ~~party~~ entity who furnished such information, counsel for any party or any other person <u>authorized hereunder</u> who obtains access to information designated confidential under this Protective Order shall not use or make copies, duplicates, extracts, summaries, or descriptions of the information or any portion thereof except as may be reasonably necessary in

Protective Order
*Manumitted Companies, Inc. v. Tesoro Alaska Company*
Case No. A05-185 CV [JKS]

Page 5 of 8

EXHIBIT 4
Page 7 of 11

connection with pretrial motions, preparation for and the conduct of the trial itself, and any appeals therefrom. Any such copies, duplicates, extracts, summaries, or descriptions shall be marked with the appropriate legend as set forth in subparagraph 2(a) and accordingly be treated as confidential under this Protective Order.

6. The provisions of this Protective Order shall not apply (a) if the ~~party~~ entity asserting confidentiality specifically waives in writing the protective conditions set forth in this Order with respect to the use of any information, whether generally or for a specified purpose, or (b) if information is lawfully acquired by a party or its counsel, without use of or reliance upon any information designated by the other party as confidential. Under either circumstance the information may be disclosed without regard to the provisions of this Protective Order.

7. Depositions in this action in which confidential information is discussed shall be held in the presence only of the deponent, officers of the court (including the reporter), and persons described in paragraph 4.

8. (a) To the extent that a document to be filed with the court may reveal information designated as confidential, any portion of the document containing designated information shall be marked as set forth in subparagraph 2(a) and filed in a sealed envelope. The service copies shall also be so marked.

Protective Order
*Manumitted Companies, Inc. v. Tesoro Alaska Company*
Case No. A05-185 CV [JKS]

Page 6 of 8

EXHIBIT 4
Page 8 of 11

All copies shall be withheld from public disclosure as provided herein, unless otherwise ordered public by the court.

(b) The use of any information designated as confidential in any court proceeding shall not cause it to lose its designated status, and the parties shall take all steps reasonably required to protect its confidentiality during such use. <u>Documents or deposition transcripts properly designated as confidential under this Protective Order may be introduced as evidence in the court proceeding, including to the jury, provided that any persons present are cautioned that the confidential information shall not be revealed or disclosed for any purpose outside of the court proceeding.</u> The parties should cooperate in advance of ~~trial or hearing~~ <u>any court proceeding</u> to minimize the ~~need for continuing the protected status of such information~~ <u>disruption of the court proceeding with respect to the handling of confidential information</u>.

9. (a) The provisions of this Protective Order shall survive after termination of this action. All parties and persons subject to this Protective Order shall take reasonable precautions to maintain the information in accordance with the terms of this Protective Order.

(b) The clerk shall maintain under seal all papers filed under seal with the court as to which a claim of confidentiality was made.

Protective Order
*Manumitted Companies, Inc. v. Tesoro Alaska Company*
Case No. A05-185 CV [JKS]

Page 7 of 8

EXHIBIT 4
Page 9 of 11

10. The court may modify this Protective Order at any time for good cause shown and upon notice to the affected parties.

Dated this ___ day of _____, 20056.

_____
The Honorable James K. Singleton
U.S. District Court Clerk

Protective Order
*Manumitted Companies, Inc. v. Tesoro Alaska Company*
Case No. A05-185 CV [JKS]

Page 8 of 8

EXHIBIT Y
Page 10 of 11

## ..tlon-Dehner, Michelle

| | |
|---|---|
| **From:** | Hanlon-Dehner, Michelle |
| **Sent:** | Tuesday, January 10, 2006 1:36 PM |
| **To:** | 'FJO@hbplaw.net' |
| **Cc:** | Mills, Mike |
| **Subject:** | Manumitted v. Tesoro |

Fred:

Attached is a letter from Mike along with his redlined proposed changes to the Protective Order.

 

Letter to Fred Odsen.pdf      TACManumittedDraftProtectiveOr...

Michelle Hanlon-Dehner
Secretary to Mike Mills
Dorsey & Whitney LLP
1031 West Fourth Avenue, Suite 600
Anchorage, Alaska 99501
Tele: (907) 257-7805
Fax: (907) 276-4152

CONFIDENTIAL COMMUNICATION: E-mails from this firm normally contain confidential and privileged material, and are for the sole use of the intended recipient. Use or distribution by an unintended recipient is prohibited, and may be a violation of law. If you believe that you received this e-mail in error, please do not read this e-mail or any attached items. Please delete the e-mail and all attachments, including any copies thereof, and inform the sender that you have deleted the e-mail, all attachments and any copies thereof. Thank you.

1

EXHIBIT 4
Page 11 of 11