

MICHAEL R. MILLS
mills.mike@dorsey.com

April 11, 2006

Frederick Odsen                                                    **VIA EMAIL**
Hughes, Bauman, Pfiffner, Gorski & Seedorf
3900 C Street, Suite 1001
Anchorage, Alaska 99503

    Re:   *Manumitted v. Tesoro – Outstanding Discovery Requests and Initial Disclosures*
           Our File No. 476962-00002

Dear Fred:

    We write following review of Tesoro's initial disclosures and privilege log and our discussion last Wednesday afternoon regarding the same. As explained in greater detail below, Tesoro's overreaching assertion of attorney-client privilege and refusal to produce "proprietary information," despite entry of a protective order drafted by Tesoro itself, is not legally supportable. Manumitted is entitled to full and meaningful disclosures under Rule 26(a)(1). Manumitted is also entitled to obtain a formal response to its outstanding discovery requests, which were propounded last fall and are long overdue. Manumitted therefore requests that by April 19, 2006 Tesoro fully, meaningfully and properly supplement its initial disclosures and respond to its discovery requests by April 17, 2006.

### Initial and Supplemental Disclosures

    Rule 26(a)(1)(B) of the Federal Rules of Civil Procedure requires Tesoro to disclose all documents, data compilations, and tangible things that it may use to support its claims or defenses. Manumitted therefore assumes that all documents identified in Tesoro's initial and supplemental disclosures go directly to the heart of the matters in dispute. Despite this, Tesoro has refused to produce a staggering number of documents asserting that the documents are attorney-client privileged, contain work product, and are "too proprietary" to disclose despite the carefully tailored protective order already in place. While Manumitted understands Tesoro's reluctance to divulge information "prejudicial" to its defense, it cannot do so by cloaking every internal communication copied or conveyed to in-house counsel as attorney-client privileged or work product. Nor can it avoid disclosure by unilaterally designating certain "proprietary" information as beyond the scope of the protective order. Each of these issues will be addressed in turn.

    **Overbroad Assertion of Attorney-Client Privilege.** As Tesoro is well-aware, this case was removed from state court on diversity grounds and because it raised claims related to Manumitted's bankruptcy proceeding. Under these circumstances, the Court is required to apply state law to determine the validity of any asserted claim of privilege. *See Star Editorial, Inc. v. United States Dist. Court for the Central Dist. of California*, 7 F.3d 856, 859 (9th Cir. 1993)

DORSEY & WHITNEY LLP • WWW.DORSEY.COM • T 907.276.4557 • F 907.276.4152
1031 WEST FOURTH AVENUE • SUITE 600 • ANCHORAGE, ALASKA 99501-5907
USA  CANADA  EUROPE  ASIA

EXHIBIT 6
Page 1 of 5



Frederick Odsen
April 11, 2006
Page 2

(applying state privilege law where action was removed from state court on diversity grounds); *California Public Util. Comm'n v. Westinghouse Elec. Corp.*, 892 F.2d 778, 781 (9th Cir. 1989) (same). Application of Alaska's attorney-client privilege law demonstrates that Tesoro's assertion of attorney-client privilege is overbroad.

In Alaska, the attorney-client privilege extends only to confidential communications between members of the corporation's control group and its attorney. *See* Alaska R. Evid. 503; *Langdon v. Champion*, 752 P.2d 999, 1002 (Alaska 1988) (explaining that the "control group" test governs the assertion of attorney-client privilege in Alaska). By definition, members of a corporation's "control group" are limited to those individuals who have "authority to obtain professional legal services and to act on advice rendered pursuant thereto, on behalf of the [corporation]." Alaska R. Evid. 503(a)(2). Accordingly, the attorney-client privilege does not extend to a corporate employee simply because the employee is in a management position or because the employee relays information to corporate counsel. *See National Tank Co. v. Brotherton*, 851 S.W.2d 193 (Tex. 1993) (explaining that under "control group" test only statements by upper echelon of corporate management are protected); *see also City of Philadelphia v. Westinghouse Electric Corp.*, 210 F. Supp. 483, 485 (E.D. Pa. 1962) (distinguishing work product doctrine from attorney-client privilege).

Here, Tesoro has asserted attorney-client privilege with respect to 36 of the 37 current and former Tesoro employees identified in Tesoro's initial disclosures. Although several of these employees may very well be in the "upper echelon" of Tesoro's corporate management, most do not appear to fall within the ambits of Alaska's "control group" test and, in fact, many of these employees clearly do not. For example, Stan Baltzo is listed as a former marketing representative, Bill Hamilton as a project engineer, and Rob Donovan, Wade Rogers, Raymond Measels, Ron Maybruck, Terry Houtchens, Terry Kruger, Steven Goff, and Cindy Hughes are simply listed as "employees". Manumitted therefore requests that Tesoro promptly amend its initial disclosures to withdraw its assertion of attorney-client privilege with respect to all current and former employees that do not meet Alaska's "control group" test, including management-level employees, such as Jeff Evans, who do not appear to have the authority to obtain and unilaterally act on legal advice.

Manumitted further requests that Tesoro withdraw its assertion of attorney-client privilege and promptly produce all redacted or withheld documents that were either (1) authored by a non-control group member, or (2) distributed to a non-control group member. Review of Tesoro's privilege log reveals that Tesoro has either redacted or withheld a number of documents that were either authored by a non-control group member or distributed beyond Tesoro's "control group".

Finally, Manumitted requests that Tesoro withdraw its assertion of attorney-client privilege with respect to any documents withheld or redacted simply because the communication was made, distributed, or copied to counsel. During our conversation Wednesday, you indicated that Tesoro was asserting attorney-client privilege with respect to all emails and communications copied to counsel. Not all communications are protected by the attorney-client privilege, however, just because counsel was included. This would provide an exception that would be easily manipulated. Rather, to be protected, the communication must

DORSEY & WHITNEY LLP

EXHIBIT 6
Page 2 of 5



Frederick Odsen
April 11, 2006
Page 3

"specifically be made for the purpose of obtaining legal services" for the corporation. *See* Alaska R. Evid. 503, cmt. b, ¶ 3. In other words, a corporation cannot cloak every communication as attorney-client privileged by simply involving an attorney. *See United States Postal Svc. v. Phelps Dodge Refining Corp.*, 852 F.Supp. 156, 160 (E.D. N.Y. 1994) (explaining that "the mere fact that a communication is made directly to an attorney, or an attorney is copied on a memorandum, does not mean the communication is necessarily privileged"); *International Tel. and Tel. Corp. v. United Tel. Co.*, 60 F.R.D. 177, 184-85 (M.D. Fla. 1973) (noting potential for abuse in asserting privilege with respect to in-house counsel and holding that mere attendance of attorney at a meeting, even when held at his insistence, did not render everything said or done at meeting privileged). Manumitted therefore requests immediate production of all documents withheld or redacted simply because the communication was made, distributed, or copied to counsel.

**Documents Withheld on the Basis of Work Product.** Literally every document withheld on the basis of attorney-client privilege has also been withheld on the basis of work product. Manumitted thus questions whether Tesoro is properly employing this rule. To ensure that both parties are working within the same definitional framework, Manumitted requests that Tesoro affirm that it is only asserting the work product rule with respect to (1) documents and things, (2) prepared in anticipation of litigation or for trial, (3) by or for Tesoro or its counsel. *See* Wright, Miller, and Marcus, *Federal Practice and Procedure*, § 2024, at p. 336.

**Assertion of "Proprietary" Privilege.** Tesoro has also withheld a number of documents on the grounds that such documents contain confidential, proprietary, or internal financial information. Tesoro has absolutely no basis for withholding such information. Neither Alaska nor federal law recognizes any such privilege. *See* Alaska R. Evid. 503-508 (summarizing recognized privileges); Wright, Miller, and Marcus, *Federal Practice and Procedure*, § 2020, at pp. 312-313 (outlining traditional privileges recognized by federal courts); *see also Gabianelli v. Azar*, 777 P.2d 1167, 1169 (Alaska 1989) (explaining that Alaska does not recognize an accountant-client privilege and that a party is entitled to discover any relevant unprivileged matter). Indeed, given the presence of a protective order specifically drafted by Tesoro, Tesoro's conduct calls for the imposition of sanctions. As explained by one court, in a patent infringement action, "[Tesoro] is, of course, free to designate this information as confidential and restrict access under the Protective Order governing this litigation. [Tesoro] may not, however, withhold these documents under a claim of privilege merely because they are confidential business documents." *Fresenius Medical Care Holding, Inc. v. Baxter Int'l, Inc.*, 224 F.R.D. 644, 654 n.3 (N.D. Cal. 2004) (compelling disclosure where documents were withheld, among other reasons, because they contained "highly sensitive competitive information").

To the extent Tesoro believes the current protective order is insufficient, its remedy lies in proposing additional protective measures to Manumitted and then, if the parties disagree, seeking further protection from the Court — not in unilaterally withholding such information. *See* Fed. R. Civ. P. 26(c); *Fresenius*, 224 F.R.D. at 654 n.3. During our conversation Wednesday afternoon, you indicated that Tesoro may be willing to produce these documents if additional protections were in place. If this is the case, please let me know as soon as possible so that we can attempt to reach an agreement. As you know, Manumitted is required to seek discovery



Frederick Odsen
April 11, 2006
Page 4

from Tesoro before approaching third parties. Accordingly, time is of the essence and any further attempts to indefinitely delay disclosure cannot be tolerated.

**Amended Privilege Log.** Assuming Tesoro will maintain at least some of its assertions of privilege, Manumitted requests that Tesoro promptly amend its privilege log to include all information necessary to assess the validity of Tesoro's assertion that the documents are privileged or immune from discovery including (1) the subject-matter(s) of the redacted material or withheld document, (2) all persons or entities known by Tesoro to have been furnished the document or informed of its substance, and (3) a detailed, specific explanation of why the document is privileged or immune from discovery. *See Harper v. Auto-Owners Ins. Co.*, 138 F.R.D. 655, 664 (D.C. Ind. 1991). Without this information, neither Manumitted or the Court is in a position to determine the validity of the asserted privilege or whether an *in camera* review is merited.

**Placement of "Confidential" Marking.** Finally, Manumitted insists that Tesoro adopt a more viewer-friendly format for marking documents as confidential. The current method is not acceptable, as it renders some of the information illegible and all of the documents difficult to read. Accordingly, Manumitted requests that Tesoro use the lower or side margins for designating material as confidential.

### Outstanding Discovery Requests

Turning to Manumitted's outstanding discovery requests, it has become apparent that Tesoro is blatantly shirking its obligations under the discovery rules. After repeated requests for an extension of time, Tesoro has simply supplemented its initial disclosures and expanded its privilege log. Tesoro has yet to respond to Manumitted's request for production, interrogatories or requests for admission.

During our conversation Wednesday afternoon, you suggested that Tesoro's initial and supplemental disclosures contained information responsive to Manumitted's outstanding requests for production. While that may be true, Tesoro is required to formally respond to each of Manumitted's discovery requests. *See* Fed. R. Civ. P. 33(b), 34(b), and 36(a). Moreover, our review of the documents already produced indicates that Tesoro has produced only a fraction of the documents Manumitted has requested and is entitled to obtain. Among other things, Tesoro has yet to produce any agreements between Tesoro and Captain Joe's, although Tesoro's initial disclosures indicate that Captain Joe's was required to enter into a new dealer agreement based on its upgrade (*see, e.g.,* TAC 102949).

Although Manumitted has given Tesoro numerous extensions of time for responding, Manumitted cannot permit further delay. Failure to respond by April 19, 2006, will therefore result in Tesoro's waiver of any later-asserted objections as well as an admission to all requests for admission. *See* Fed. R. Civ. P. 33(b), 34(b), and 36(a); Wright, Miller, and Marcus, *Federal Practice and Procedure* § 2016.1, p. 231 n.6 (quoting *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981) ("Generally, in the absence of an extension of time or good cause, the failure to object to interrogatories within the time fixed by Rule 33, Fed. R. Civ. P., constitutes a waiver of any objection. That is true even of an objection that the information is privileged.").

DORSEY & WHITNEY LLP


EXHIBIT 6
Page 4 of 5



Frederick Odsen
April 10, 2006
Page 5

    Based on the foregoing, Manumitted requests that Tesoro provide full and meaningful responses to its outstanding discovery requests as well as full and meaningful disclosure under Rule 26(a)(1) by April 19, 2006. If full and meaningful responses and disclosure are not received by this date, we will have no choice but to file a motion to compel. Please consider this letter Manumitted's latest good faith attempt to secure the requested discovery without court action. Thank you for your prompt attention to these outstanding discovery requests and disclosures.

                          Very truly yours,

                          DORSEY & WHITNEY, LLP

                          Michael R. Mills

cc:    Ben Olds
       Wendy E. Leukuma

DORSEY & WHITNEY LLP

EXHIBIT 6
Page 5 of 5