## DEALER AGREEMENT

AGREEMENT made this 23rd day of ___April___, 1999, between Tesoro Alaska Company, a Delaware corporation, with offices at 3230 "C" Street, P.O. Box 196272, Anchorage, Alaska 99519-6272, hereafter referred to as "Tesoro," and Manumitted Companies, Inc., an Alaska corporation, dba Valdez Tesoro Service Station, with an address at P.O. Box 336, Valdez, Alaska 99686, hereafter referred to as "Dealer," relative to the operation of that gasoline service station located at Valdez, Alaska ("Station").

1. **Purpose:**

   Tesoro is an independent refiner of a wide variety of high quality petroleum products at its refining facilities located in the state of Alaska. As an in-state refiner Tesoro is uniquely qualified to provide the citizens of Alaska with a dependable supply of quality products. Tesoro has successfully sought to market its products under its brand name. As a result of Tesoro's successful marketing of branded products, Alaskan consumers have grown to trust and respect Tesoro as a dependable supplier of quality petroleum products. Tesoro is continuously engaged in the effort to maintain, strengthen, and extend its good business reputation.

   Dealer desires to become a distributor of Tesoro-branded refined petroleum products. Dealer understands and fully appreciates the difficulty associated with operating a petroleum products dealership in Alaska and the trust, respect, recognition and goodwill that Tesoro has enjoyed as a result of its successful efforts in distributing and marketing Tesoro-branded products. With this understanding and appreciation, Dealer desires to operate a Tesoro-branded station in order to avail itself of the prestige enjoyed by Tesoro. To protect, maintain and improve its very valuable public image, Tesoro imposes herein certain requirements and standards for compliance by Dealer. Dealer recognizes the need for Dealer's compliance with these standards and requirements to prevent detriment and injury to the public and Tesoro, other Tesoro-branded dealers, Tesoro-branded distributors, as well as to Dealer itself. Pursuant thereto, Dealer hereby accepts and agrees to comply with these standards and requirements.

2. **Agreement:**

   This Agreement sets forth the terms and conditions under which Tesoro shall supply certain petroleum products to Dealer and pursuant to which Dealer shall receive, maintain, sell and deliver those products. This Agreement shall include each document for which a check mark and Dealer's initials are placed opposite the document description contained on the list below. By this reference, each such document is incorporated into and made a part of this Agreement.

| Document Included | Dealer's Initials | Document Description |
|---|---|---|
| ✓ | | Exhibit A, Additional Conditions of Sale |
| ✓ | | Exhibit B, Insurance Requirements |
| ✓ | | Unleaded Gasoline Compliance Agreement |
| ✓ | | Dealer's Guide to Credit Card Use |

EXHIBIT A
Page 1 of 15

M 000066

3.    Definitions:

a.    "Barrel" means 42 U.S. gallons. "Gallon" means a gallon of 231 cubic inches.

b.    "Tesoro brand" means the right to use Tesoro's trademark, trade name, brand, logo, or any other Tesoro-approved sign or symbol in association with the receipt, storage, or disposition of any petroleum products or in association with the offering or providing of any automotive services, regardless of whether such branding may or may not constitute the granting of a "franchise," "distributorship" or "dealership" pursuant to any applicable law or regulation. "Tesoro branding" means the act of granting the Tesoro brand.

c.    "Tesoro-branded operation" shall include Tesoro and any Tesoro-branded distributor or dealer or other person which is authorized or permitted by Tesoro to use the Tesoro trademark in association with its business operation.

d.    "Tesoro-branded products" shall include those products which are authorized by Tesoro for sale under the Tesoro brand.

e.    "Tesoro-approved products" shall include those products which are not Tesoro-branded products, but which products are specifically approved by Tesoro for sale in conjunction with Tesoro-branded operations.

f.    "Tesoro products" shall include both Tesoro-branded products and Tesoro-approved products.

g.    "Tesoro terminal" shall include any facility that is operated or controlled by Tesoro for the purpose of dispensing motor fuels on a wholesale basis.

h.    "Tesoro symbol" shall include any sign, drawing, diagram, painting, model or object depicting the Tesoro logo, trademark, trade name, or brand or any facsimile thereof.

4.    Tesoro Trademark:

Tesoro hereby grants to Dealer the right to use Tesoro's trademark, brand, trade name, and other Tesoro symbols to identify Station as a "Tesoro" station and to identify and advertise at Station for the sale of Tesoro products. Dealer shall not sell under Tesoro's brand any products other than Tesoro products, or any mixture or adulteration of any Tesoro products with each other or with any other product or material.

5.    Product Supply:

Subject to the terms and conditions of this Agreement, Tesoro agrees to sell and deliver and Dealer agrees to purchase, receive and pay for the petroleum products in quantities between the respective minimums and maximums per periods, and in accordance with the more specific provisions of Exhibit A, Additional Conditions of Sale (Dealer), attached hereto and by this reference made a part hereof.

6.    Nonexclusive; Prior Agreements:

Nothing in this Agreement shall be construed as a grant of an exclusive territory to Dealer for the marketing of any Tesoro products, or as a restriction upon the right of Tesoro to market its products to any purchasers in any area.

This Agreement supersedes and replaces any prior agreement(s) between Tesoro and Dealer covering the sale of Tesoro-branded products from the Station. Upon the execution of this Agreement any such prior



agreement(s), except as specifically incorporated into this Agreement, shall be void, save and except those obligations which survive the prior agreement(s) either by law or by provision stated in the prior agreement(s).

7.    Term:

Unless sooner terminated as provided elsewhere herein, this Agreement shall be in full force and effect for a primary term of 10 years beginning April 24, 1999 and ending April 23, 2009.

At the end of the primary term or any renewal thereof, this Agreement shall be automatically renewed for a term of one (1) year (renewal term) UNLESS:

At least ninety (90) days before the end of the primary term (or any renewal term):

a.    Either party gives the other party written notice of termination, which shall operate to terminate the Agreement at the end of the primary term (or renewal term); or

b.    Tesoro gives Dealer a written notice of termination combined with an offer of a new agreement on different terms and conditions. If such notice is given, this Agreement shall remain in effect beyond its normal termination date:

   1)    Until the parties are able to execute a new agreement, which shall terminate this Agreement, as extended; or

   2)    Until either party gives the other party written notice of termination of this Agreement, as extended, in which event this Agreement shall terminate on the date specified in the notice which must be at least ninety (90) days after said written notice is given.

8.    Delivery Provisions:

a.    Title and Risk of Loss. Title to, risk of loss, and Liability for all products delivered hereunder shall pass to Dealer at the time and place of delivery.

b.    Measurements. Unless otherwise specified, quantities delivered: (1) into or from transport trucks shall be measured at Tesoro's source of supply for delivery hereunder by calibrated meters or calibration tables; (2) into or from tank cars shall be measured at Tesoro's source of supply for delivery hereunder by calibrated meters or standard tank car tables; and (3) into or from pipelines shall be measured by terminal tank gauges or calibrated meters. Unless otherwise specified, volumetric measurements shall not be temperature corrected.

c.    Direct Deliveries. If a delivery is made at Dealer's Station, unless otherwise agreed, Tesoro shall have the right to ship products by any method or combination of method of transportation deemed suitable by Tesoro. When shipments are made by transport truck, Tesoro shall have the right to route the same in any manner consistent with its policy. Dealer shall comply with all rules and regulations of the Interstate Commerce Commission and any other governmental agency applying to tank cars and transport trucks and the products shipped therein. Dealer shall permit the unloading of transport trucks and tank cars at Dealer's Station without delay and shall reimburse Tesoro for any sums which Tesoro may have to pay for delay in unloading transport trucks or transport cars at Dealer's Station. Dealer specifically agrees to pay the charges mentioned in this paragraph. Tesoro shall give Dealer reasonable advance notice of each delivery.

d.    For all deliveries made at any Tesoro terminal, Tesoro's Terminal Loading Agreement, as amended from time to time, shall comprise a part of this Agreement. Dealer agrees to abide by the Terminal

TAPC/01/0210 Rev 10/91

EXHIBIT A
Page 3 of 15

-3-

M 000068



Loading Agreement and Tesoro's policies for operating the Tesoro terminal.

9.    <u>Quality</u>:

Each product shall be Tesoro's regular grade thereof at the time and place of delivery.

10.    <u>Taxes, Fees and Other Charges</u>:

a.    All prices determined pursuant to this Agreement are exclusive of taxes, duties, fees and other charges referred to in Section 10b hereinafter.

b.    Dealer shall pay to Tesoro, in addition to the price provided for herein, any duty, tax, sales tax, excise tax, motor vehicle fuel tax, fee or other charge, which Tesoro or Tesoro's supplier may be required to collect or pay with respect to the production, manufacture, sale, transportation, storage, delivery, or use of any products under this Agreement.

c.    If the price to Dealer hereunder includes a charge for transportation, set forth separately or included as part of the delivered price, that price shall increase or decrease by an amount equal to any increase or decrease in the charge for transportation in effect on the date of delivery.

11.    <u>Payment</u>:

a.    Invoices rendered by Tesoro shall be paid by Dealer in accordance with the provisions of Exhibit A, Additional Conditions of Sale (Dealer). Payment shall be made in U.S. dollars without discount or deduction. Time of payment is of the essence. Failure to make timely and full payment for product delivered hereunder shall give Tesoro, without prejudice to other legal remedies, the right to suspend further deliveries, even though nominations have been accepted.

b.    If, in Tesoro's judgment, there is any doubt of the Dealer's financial responsibility, advance cash payment or security satisfactory to Tesoro shall be given by Dealer upon demand by Tesoro, and shipments may be withheld until such payment or security is received, even though nominations have been accepted.

c.    <u>Late Payment Charge</u>. If Dealer should default in making any payment due and payable hereunder, Dealer agrees to pay a late payment charge on the amount of that payment from and after the date of default at one and one-half (1-1/2) percent per month or the legal maximum rate of interest, whichever shall be the lesser.

12.    <u>Express Warranties; Disclaimer of Other Warranties</u>:

Tesoro warrants that it will convey good title to the product(s) supplied hereunder, free of all liens, and that the product(s) supplied hereunder meet such specifications as have been expressly made a part of this Agreement. THE FOREGOING WARRANTIES ARE EXCLUSIVE AND ARE IN LIEU OF ALL OTHER WARRANTIES, WHETHER WRITTEN OR ORAL, EXPRESSED OR IMPLIED. THE WARRANTY OF MERCHANTABILITY, IN OTHER RESPECTS THAN EXPRESSLY SET FORTH HEREIN, AND THE WARRANTY OF FITNESS FOR PARTICULAR PURPOSE, IN OTHER RESPECTS THAN EXPRESSLY SET FORTH HEREIN, ARE HEREBY EXPRESSLY EXCLUDED AND DISCLAIMED.

13.    <u>Claims</u>:

Any claim for defect or variance in quality or shortage in quantity shall be made, and Tesoro shall be notified and given an opportunity to inspect, within two (2) days after delivery. Failure of Dealer to observe this provision or the commingling of the product(s) complained of with dissimilar product(s) or product(s) obtained



from other suppliers shall operate as a waiver of Dealer's rights to make any such claim. NO CLAIM OF ANY KIND, WHETHER AS TO GOODS DELIVERED OR FOR NONDELIVERY OF GOODS, AND WHETHER OR NOT BASED ON NEGLIGENCE, SHALL RENDER TESORO LIABLE FOR ANY SPECIAL, INCIDENTAL, CONSEQUENTIAL OR EXEMPLARY DAMAGES.

14.    New or Changed Regulations:

It is understood by and between the parties that Tesoro is entering into this Agreement in reliance on the laws, rules and regulations (hereinafter called "Regulations") in effect on the date the price hereunder was offered, insofar as these Regulations affect Tesoro or Tesoro's suppliers. If, during the term of this Agreement any of these Regulations are changed or new Regulations become effective, and the effect of the changed or new Regulation (a) is not covered by any other provision of this Agreement, and (b) in Tesoro's judgment the Regulation, either (1) has an adverse effect upon Tesoro or Tesoro's suppliers, or (2) increases the risk to Tesoro of performance under this Agreement, Tesoro shall have the option to request renegotiation of the terms (including without limitation, price) of this Agreement. This option may be exercised by Tesoro at any time after the changed or new Regulation is promulgated by written notice of desire to renegotiate. The notice shall contain the new terms desired by Tesoro.

15.    Compliance with Laws and Regulations:

Dealer agrees that in receiving, storing, handling, offering for sale, selling, delivering for use, or using itself product(s) purchased or otherwise received from Tesoro under this Agreement, Dealer will comply with all applicable safety regulations and all applicable federal, state, and local laws, ordinances, regulations, rules, and orders, including, but not limited to, those governing dispensing equipment, pollution, the maximum lead content of motor fuel, the use and labeling of pump stands and dispensers of motor fuel, and the use and labeling of product containers. DEALER HEREBY AGREES THAT IT SHALL INDEMNIFY AND HOLD TESORO, ITS SUCCESSORS AND ASSIGNS HARMLESS AGAINST ALL LOSSES, CLAIMS, CAUSES OF ACTION, PENALTIES AND LIABILITIES ARISING OUT OF DEALER'S FAILURE TO COMPLY WITH THE PRECEDING SENTENCE. ANY SUCH FAILURE BY DEALER TO COMPLY SHALL ALSO ENTITLE TESORO TO TERMINATE THIS AGREEMENT.

16.    Operating Standards:

Dealer's Station shall be operated in accordance with the following standards of operation and appearance. Dealer's failure to abide by these standards shall constitute a condition of default hereunder.

a.    Merchandising. Dealer shall efficiently and diligently merchandise, sell, and promote such Tesoro products as may be sold or consigned hereunder to Dealer in order to maintain the good reputation and public acceptance thereof.

b.    Routine Maintenance. At all times Dealer shall maintain the Station in an attractive, good, and safe condition. Dealer shall keep all adjacent sidewalks, curbs, and drives free from snow, ice, oil, grease, and other obstructions. All facilities, including restrooms, shall be kept clean, neat, and orderly. Dealer shall not store, permit to be stored, or keep at the Station any wrecked or abandoned vehicles. In order to contribute to the health, safety, and comfort of the motoring public and to promote the cleanliness and good appearance of the general community, Dealer shall keep the Station free of trash, junk, and debris.

c.    Station Staff. To properly fulfill the operating obligations imposed hereunder, Dealer shall maintain an adequate and competent staff at the Station considering the volume and the nature of the business activity conducted there. Dealer shall have the basic responsibility to train its staff, but Tesoro may, at its option, from time to time offer supplemental training to Dealer's staff, either at Dealer's Station or other location, and either for a fee or without cost to Dealer. To the extent that Dealer elects to have its staff participate in this training, Dealer hereby agrees to bear the

TAPC/01/0210 Rev 10/91

EXHIBIT _A_
Page _5_ of _15_

M 000070

-5-

reasonable to fees or expenses associated with the training.

d.      Service Work.  Mechanical and service work, if any, performed by Dealer or its staff at the Station, shall be done in a workmanlike manner and in strict accordance with all laws and regulations regarding the performance of these services.

e.      Customer Complaints.  Dealer shall operate the Station in a professional and businesslike manner in order to avoid or minimize customer complaints.  Further, Dealer shall respond to any customer complaints received in a prompt and courteous manner and shall take prompt action to resolve each legitimate customer complaint.

f.      Uniforms.  While on duty at the Station, Dealer and Dealer's staff shall be dressed in clean and neat uniforms.

g.      Dealer Identification, Signs.  Dealer shall at all times conspicuously post all permanent notices or signs reasonably required to adequately inform the public that Dealer is an "Independent Dealer." These notices or signs shall be in keeping with the design and decor of the Station.  No other signs, posters, flags, pennants, streamers, or other attention-getting device may be displayed from the Station without Tesoro's approval.  Further, if Dealer is a corporation or partnership, or if Dealer does business under an assumed or fictitious name, the word "Tesoro" shall not appear in Dealer's corporation, partnership or assumed name.

h.      Alcoholic Beverages, Loitering.  Unless Dealer receives Tesoro's prior written permission to do so, Dealer shall not use or permit the use of the Station in connection with the sale or use of any alcoholic beverage.  Dealer shall keep the Station free from loitering by persons who at the time have no proper business purpose at the Station.

i.      Lighting.  Dealer shall use sufficient lighting and illuminated signs to provide adequate visibility of Dealer's Station, including enclosed areas, at all times while the Station is open for operation.

17.     Inspection:

To the extent reasonably necessary to observe and verify Dealer's compliance with the terms of this Agreement, Tesoro shall have the right, but shall have no responsibility, at all reasonable times, to enter Dealer's Station and to inspect the same, including such parts of Dealer's books and records as may be material to a proper inquiry hereunder.

18.     Unleaded Gasoline:

Any failure by Dealer to comply with any provision of the agreement entitled "Unleaded Gasoline Compliance Agreement (Dealer)" entered into by Tesoro and Dealer heretofore, concurrently herewith, or subsequent hereto shall also be deemed to constitute a default under and a breach of this Agreement.

19.     Specification Changes; Product Discontinuance:

Tesoro may in its discretion either (a) change or alter the quality or specifications of any of the products covered by this Agreement, or (b) temporarily or permanently discontinue the manufacture or distribution of any products.  Should any such change, alteration or discontinuance materially affect the performance of the product(s) for the purpose intended by Dealer, Dealer may terminate this Agreement as to any product so affected by giving sixty (60) days' written notice to Tesoro.  Tesoro shall endeavor to give Dealer sixty (60) days' written notice of discontinuance of the manufacture or distribution of any product covered by this Agreement.

20.     Indemnity; Insurance:

EXHIBIT A
Page 6 of 15



a.     Indemnity. Dealer hereby agrees to indemnify, defend, and hold Tesoro harmless from and against all liability, actions, causes of action, claims, demands, damages, suits, costs, losses or expenses of any kind or character, including attorney's fees, arising out of or in any way connected with Dealer's use and occupation of Dealer's Station or the exercise of any of the rights and privileges granted by this Agreement, unless, and to the extent that the liability is based on the sole negligence of Tesoro.

b.     Insurance. Dealer shall obtain and furnish to Tesoro certificates of insurance reflecting that Dealer has in force and effect all policies of insurance described on Exhibit B, Insurance Requirements (Dealer).

All insurance policies carried by Dealer shall name Tesoro as an additional insured with respect to any operations performed under this Agreement, except the statutory Worker's Compensation Insurance policy which shall expressly waive subrogation against Tesoro. All certificates furnished pursuant to the provisions of this Section 20 shall reflect that they are for the benefit of Tesoro and shall provide that there will be no material change in or cancellation of the policies without providing Tesoro at least thirty (30) days prior written notice. The insurance coverage for which provision is made herein shall be maintained by Dealer at its sole expense at all times during the term of this Agreement. The insurance requirements imposed hereby do not in any way limit Dealer's responsibility under any other section hereof.

21.     **Force Majeure; Allocation:**

a.     Except for the prompt payment of all sums due hereunder, delays in or failure of performance by either party shall not constitute default hereunder or give rise to any claims for damages if and to the extent that the delay or failure is caused by occurrences beyond the reasonable control of the party affected. A party whose performance is affected by any cause beyond its reasonable control shall give prompt written notice thereof to the other party.

b.     If Tesoro's supplies of products of the kind deliverable under this Agreement are curtailed or cut off or are inadequate to meet Tesoro's obligations to its customers, the obligation of Tesoro under this Agreement shall, at Tesoro's option, be reduced as Tesoro may determine to allocate fairly among its customers, whether under contract or not. If there is a reduction of transportation capacity in those facilities through which Tesoro normally makes deliveries under this Agreement, the obligation of Tesoro to make deliveries hereunder shall, at Tesoro's option, be reduced in proportion to such loss or reduction in transportation capacity. Tesoro shall give Dealer prompt written notice of any reduction in Tesoro's obligations pursuant to the provisions of this Section 21b. Dealer's obligations under this Agreement shall be reduced to the same extent as Tesoro's obligations are reduced pursuant to the provisions of this section.

c.     Tesoro shall be under no obligation to make deliveries hereunder at any time when in Tesoro's sole judgment the making of the delivery would cause strikes to be called against it or cause its properties to be picketed.

d.     Nothing in this section shall excuse Dealer from making payment when due for deliveries made under this Agreement.

22.     **Trademark:**

a.     Dealer agrees that petroleum products of others will not be sold by Dealer under any of Tesoro's brands or trademarks. Dealer shall not sell or offer for sale any petroleum products under any brand or trademark confusingly similar to a brand or trademark of Tesoro. Dealer shall not sell petroleum products supplied by others under circumstances which would lead either public, to believe such products are the products of Tesoro. With respect to Tesoro products, Dealer shall not (1)

adulterate any of the products in any way; (2) mix any of the products with any other products; or (3) sell any product as or hold any product out as being another product.

b.   Tesoro shall have the right at any time during the term of this Agreement to change any of the trademarks or brands under which any product covered by this Agreement is sold. If Tesoro shall at any time during the term of this Agreement discontinue the marketing of any Tesoro product, Tesoro shall be relieved of all obligation to sell or deliver the discontinued product to Dealer, and if Tesoro shall market any other Tesoro product in lieu of the discontinued product, this Agreement shall cover the new Tesoro product.

c.   Upon the expiration or termination of this Agreement, Dealer will immediately discontinue the use of all trademarks, brands, signs, advertising, and any other Tesoro symbol and will make or cause to be made such changes in signs, buildings and structures as Tesoro shall reasonably require to effectively distinguish them from their former appearance.

d.   Trademark Signs.   Upon the Tesoro branding of Dealer's Station, Tesoro shall install or erect all initial Tesoro symbols thereon. The size, position, and location of these symbols shall be within Tesoro's discretion.

   1)   Repairs.   Tesoro and Dealer shall work together to keep all Tesoro symbols in good repair, however, maintaining these symbols shall be primarily the responsibility of Dealer. Where, in Tesoro's judgment, Dealer has failed to discharge this responsibility, Tesoro reserves the right, but not the duty, to maintain such Tesoro symbols, and Dealer agrees to reimburse Tesoro for the actual cost which Tesoro incurs as a result of Dealer's failure to properly maintain any Tesoro symbol.

   2)   Permits.   Dealer shall, at Dealer's expense, obtain all necessary permits for the installation and erection of the sign(s), including any bond or other undertaking which may be required by municipal or other governmental authority.

   3)   Electricity.   Dealer agrees to provide and install adequate wiring and any other equipment necessary to furnish current to the base of any sign(s) requiring electric current. Current for operation of sign(s) shall be provided by Dealer at Dealer's expense.

   4)   Removal.   Tesoro shall, upon any termination of this Agreement by lapse of time or otherwise, have the right to enter upon Dealer's Station at any time and remove the sign(s).

   5)   Taxes.   Dealer shall pay all license fees, taxes, and other charges assessed upon the sign(s) and/or the installation, use or maintenance thereof.

   6)   General.   Dealer agrees not to alter, deface or in any way add to or remove anything from the sign(s) or install or permit the installation of any other sign at the Station without the prior written consent of Tesoro.

23.   Credit Cards:

   If and so long as Tesoro elects to issue or authorize credit cards or other credit purchasing procedures, and Dealer elects to honor them for purchases of authorized merchandise and services at Dealer's Station, Dealer shall honor the cards and abide by the procedures for authorized merchandise and services sold at, by, or from Dealer's Station, and shall account for all credit transactions, in strict compliance with the terms and conditions contained in Tesoro's "Dealer's Guide to Credit Card Use" furnished to Dealer (receipt of which dealer acknowledges by executing this Agreement), or in any revision made by Tesoro and furnished to Dealer.

EXHIBIT *A*
Page *8* of *15*

 

24.    <u>Relationship of Parties:</u>

This Agreement is not intended and shall not be construed to create any agency, partnership, joint venture or other form of joint enterprise.  It is understood that Dealer shall conduct its business at its own risk and expense and for its own account. Dealer shall have no right or authority to bind or obligate Tesoro in any manner and shall not act as or represent itself to be an agent or representative of Tesoro.

25.    <u>Termination, Nonrenewal and Cancellation:</u>

a.    Tesoro has the right under certain circumstances to terminate this Agreement or to fail to renew the relationship between Tesoro and Dealer for any one or more of the following reasons:

1)    A failure by Dealer to comply with any provision of this Agreement, which provision is both reasonable and of material significance to the relationship between Tesoro and Dealer;

2)    A failure by Dealer to exert good faith efforts to carry out the provisions of this Agreement;

3)    The occurrence of an event which is relevant to the relationship between Tesoro and Dealer and, as a result of which, termination or nonrenewal is reasonable;

4)    An agreement in writing between Tesoro and Dealer to terminate this Agreement or to fail to renew the relationship between Tesoro and Dealer;

5)    A determination made by Tesoro in good faith and in the normal course of business to withdraw from the marketing of motor fuel in the manner in which Tesoro markets to Dealer and in the relevant geographical market area in which Tesoro markets to Dealer;

6)    Any circumstance under which termination of a franchise or nonrenewal of a franchise relationship is permitted under the provisions of the Petroleum Marketing Practices Act (15 U.S.C. §U2801 <u>et seq.</u>);

7)    An attempted assignment of this Agreement by Dealer contrary to Section 31 hereof; or

8)    Any circumstance described as a condition of default or cause for termination by Tesoro under this Agreement.

b.    Tesoro has the right under certain circumstances to fail to renew the relationship between Tesoro and Dealer for any one or more of the following reasons:

1)    The failure of Tesoro and Dealer to agree to changes or additions to the provisions governing the relationship between Tesoro and Dealer;

2)    The receipt by Tesoro of numerous bona fide customer complaints concerning the Station;

3)    The failure by Dealer to operate the Station in a clean, safe and healthful manner; or

4)    A determination made by Tesoro in good faith and in the normal course of business that the renewal of the relationship is likely to be uneconomical for Tesoro despite any reasonable changes or reasonable additions to the provisions governing the relationship which may be acceptable to Dealer.

c.    If Tesoro has cause to believe that Dealer has engaged in fraudulent, unscrupulous or unethical business practices (which shall include but not be limited to practices forbidden by federal, state or

EXHIBIT A
Page 9 of 15

M 000074



local laws or regulations), Tesoro shall give Dealer written notice of its belief and shall state the specific grounds therefor. Following the receipt of the notice, Dealer shall be given reasonable opportunity to discuss the matter with Tesoro's representatives. If, following these discussions (or reasonable opportunity therefor) and after any investigation of the matter as is reasonable under the circumstances, Tesoro reaches a good faith conclusion that Dealer has engaged in one or more such practices, Tesoro shall have the right to terminate this Agreement.

d.  Any termination of this Agreement shall be preceded by the notice from Tesoro as may be required by law.

e.  Upon the expiration of the term hereof or upon termination hereof, Tesoro shall have the right, at its option, to enter to remove, paint out, or obliterate any signs, symbols or colors on the Station or on the buildings or equipment thereof which in Tesoro's opinion would lead a purchaser to believe that Tesoro's products are being offered for sale at the Station.

f.  Termination of this Agreement by either party for any reason shall not relieve the parties of any obligation theretofore accrued under this Agreement.

g.  Cancellation by Dealer. Dealer may cancel this Agreement at any time by giving Tesoro sixty (60) days' advance written notice.

26.  Accord; Time of Essence:

The parties to this Agreement have reviewed the provisions hereof and find them fair and mutually satisfactory, and agree that in all respects the provisions are reasonable and of material significance to the relationship of the parties, and that any breach of a provision by either party hereto or a failure to carry out said provisions in good faith shall conclusively be deemed to be substantial.

Time is of the essence for the performance of any provision of this Agreement for which a time for performance is provided.

27.  Compliance with Laws; Severability of Provisions:

Both parties expressly agree that it is the intention of neither party to violate statutory or common law and that if any section, sentence, paragraph, clause or combination of same is in violation of any law, that sentence, paragraph, clause or combination of same shall be inoperative and the remainder of this Agreement shall remain binding upon the parties, unless in the judgment of either party, the remaining portions are inadequate to properly define the rights and obligations of the parties, in which event that party shall have the right, upon making that determination, to terminate this Agreement upon due notice to the other party.

In the event of any conflict between the terms contained in this Agreement and any term contained in any exhibit incorporated herein, the terms of this Agreement shall control.

28.  Entirety; Applicable Law:

This Agreement, including all exhibits incorporated herein, constitutes the entire understanding and agreement of the parties relating to the sale and delivery of the product(s) under the Tesoro brand name. This Agreement shall not be modified by any purchase order, acknowledgment, or other printed form.

This Agreement shall be governed and construed in accordance with the laws of the State of Alaska. In the event of a dispute under this Agreement, the parties agree that exclusive jurisdiction and venue shall lie in a court of competent jurisdiction located in Anchorage, Alaska.

EXHIBIT *A*
Page *10* of *15*

TAPC/01/0210 Rev 10/91

M 000075

29.    Waiver:

Waiver by either party of default by the other shall not operate as a waiver of any future default whether of a like or a different character.

30.    Notices:

All notices given under this Agreement shall be in writing and shall be delivered personally or be sent by certified mail, postage prepaid, to the parties at their respective addresses set forth herein or to any other address as the party may designate in writing.

31.    Binding Effect, Assignment:

This Agreement shall not be binding upon Tesoro or Dealer until executed by Dealer and an officer of Tesoro. No modification or amendment of the Agreement shall be effective until reduced to writing and executed by Dealer and an officer of Tesoro. When duly executed, this Agreement is binding upon and shall inure to the benefit of the parties, their respective heirs, executors, administrators, successors and assigns; provided, however, any assignment of any rights or duties under this Agreement, in whole or in part, by Dealer without Tesoro's written consent is void. The prohibition against assigning shall be construed to include a prohibition against any assignment whether voluntary, by operation of law, merger, consolidation, dissolution or otherwise. It shall be deemed that a transfer of a majority of the interest in Dealer shall be construed as an assignment for the purposes of this Agreement.

Tesoro shall not unreasonably withhold its consent; however, in giving its consent (whether voluntarily, by operation of law or otherwise), Tesoro may, at its election, condition the consent upon the agreement of the proposed assignee or transferee to (a) enter into a Trial Franchise in conformity with the provisions of the Petroleum Marketing Practices Act, and (b) simultaneously therewith, enter into a Mutual Cancellation of this Agreement. The refusal of the proposed assignee or transferee to enter into such Trial Franchise and Mutual Cancellation shall conclusively be adequate reason for Tesoro to withhold its consent to the assignment. In situations where Section 25 hereof is or might be applicable, the provisions of that section shall govern and shall supersede the provision contained in this section.

As further consideration for the rights and privileges provided under this Agreement, Dealer hereby grants Tesoro the right of first refusal to purchase any interest in the Station which Dealer may offer or attempt to sell during the term of this Agreement and for six (6) months thereafter. Pursuant thereto, Dealer shall not sell or officer to sell any such interest unless Dealer first grants Tesoro, in a writing clearly expressing all of the terms of the offer, the exclusive right for at least sixty (60) days, to purchase said interest on terms no less favorable than the best terms which may be offered any third party. The provisions of this paragraph do not apply to the transfer of any such interest to a relative or corporate affiliate of Dealer.

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the date first above written.

MANUMITTED COMPANIES, INC.                         TESORO ALASKA COMPANY


By: _____                       By: _____

Print: _Benjamin H. Olds_                          Print: _STEPHEN M. RICKS_

Title: _President_                                 Title: _PRESIDENT_

EXHIBIT _A_
Page _11_ of _15_

TAPC/01/0210 Rev 10/91

M 000076

(Corporate Seal)

EXHIBIT $A$
Page _12_ of _15_

M 000077



## ADDITIONAL CONDITIONS OF SALE (DEALER)
### Exhibit A

1.  **Products and Quantities (In gallons):** All refined product requirements.

| Products | Minimum | Maximum |
|----------|---------|---------|
| • _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

\*Minimum purchases from Tesoro shall be 90% of Dealer's 1998 sales by product; maximum 120% of 1998 sales by product.

2.  **Methods and Place of Delivery:**

Subject to the other provisions hereof, the products shall be delivered by Tesoro to Dealer

3.  **Price:**

For each product delivered under this Agreement Dealer agrees to pay Tesoro its established dealer price at the time and place of delivery.\*   Dealer agrees to pay cash (or, at Tesoro's option, certified or cashier's check, money order or other means approved by Tesoro) for all goods delivered to Dealer by Tesoro, except deliveries for which credit has been previously arranged in writing with Tesoro.  Payment for all credit purchases shall be made at Tesoro's Anchorage address as provided in the Dealer Agreement

\*Anchorage posted rack prices for Tesoro products, plus transportation charge, F.O.B. Valdez; initially 10 cpg; to escalate each year based on changes in the Anchorage C.P.I. over the previous year; never to be lower than 10 cpg.  Dealer is entitled to a temporary freight allowance for Tesoro gasoline delivered to Valdez, which Teosro offers from time to time to other Tesoro-branded dealers or distributors.

EXHIBIT _A_
Page _13_ of _15_

TAC/01/0220 Rev 1999

M 000078

4.    Other Conditions:

        IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the   23rd   day

of _____April_____, 1999 .

MANUMITTED COMPANIES, INC.                          TESORO ALASKA COMPANY

By: _____                      By: _____

Print: _Benjamin H. Olds_____                  Print: _STEPHEN M. RICKS_____

Title: _President_____                  Title: _PRESIDENT_____

TAC/01/0220 Rev 1999

M 000079

## INSURANCE REQUIREMENTS (DEALER)
### Exhibit B

1.    Worker's Compensation Insurance to cover statutory limits of the Worker's Compensation Laws of the state where the premises are located;

2.    Employer's Liability Insurance with minimum limits of $100,000 per accident covering injury or death of an employee which may be outside the scope of the worker's compensation statute of the jurisdiction in which the worker's service is performed;

3.    Commercial General Liability Insurance with minimum limits of $3,000,000 combined single limit per occurrence for bodily injury and property damage liability, or in such lower amounts as may be permitted by Tesoro from time to time and with companies satisfactory to Tesoro.  This policy shall include:

   a)    Broad form contractual liability insurance coverage which specifically applies to the obligations assumed in this Agreement by Dealer;

   b)    Products and completed operations insurance; and

   c)    Personal injury liability insurance;

4.    Automobile bodily injury, property damage and environmental restoration liability insurance.  This insurance must extend to owned, non-owned and hired motor vehicles used in the performance of the Dealer Agreement and  must be amended (Form MCS-90) to assure compliance with Sections 29 and 30 of the Motor Carrier Act of 1980 and all applicable rules and regulations of the Federal Highway Administration's Bureau of Motor Carrier Safety and Interstate Commerce Commission.  The limit of liability for this insurance must be in accordance with the  Financial Responsibility Requirements of the Motor Carrier Act, but not less than $1,000,000 combined single limit per occurrence; and

5.    Garage liability insurance (including liability for vehicles in Dealer's care, custody or control; products/completed operations; and contractual obligations assumed in the Dealer Agreement) with at least (a) a combined single limit for bodily/personal injury and property damage of $500,000 per occurrence; or alternatively, (b) $250,000 per person - $500,000 per occurrence for bodily/personal injury and $25,000 for property damage per occurrence.


**END OF INSURANCE REQUIREMENTS**

TAC/01/0240 Rev 1999

EXHIBIT _A_
Page _15_ of _15_

M 000080