Michael R. Mills, ABA No. 8911074
Wendy E. Leukuma, ABA No. 0211048
DORSEY & WHITNEY LLP
1031 West 4th Avenue, Suite 600
Anchorage, Alaska 99501-5907
Telephone: (907) 276-4557
Facsimile:  (907) 276-4152

Attorneys for Manumitted Companies, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| MANUMITTED COMPANIES, INC.<br><br>      Plaintiff,<br><br>vs.<br><br>TESORO ALASKA COMPANY,<br><br>      Defendant. | Case No. 3:05-cv-185-TMB<br><br>**MANUMITTED'S REPLY TO TESORO'S OPPOSITION TO MOTION TO COMPEL** |
|---|---|

## I.   INTRODUCTION

As the oft-quoted Shakespearean phrase goes, "Tesoro doth protest too much." Tesoro spends 48 pages telling the Court why it should not produce a wide-ranging variety of documents related to its initial and supplemental disclosures, which are the documents supposedly relevant to Tesoro's own case. That is the context of this Motion to Compel, which is a strange place to begin a discover battle.[1] Tesoro's maneuvering

---

[1] Tesoro has refused to produce a similarly wide array of documents in response to Manumitted's First Set of Discovery Requests, which will likely be the subject of a second motion to compel in the near future if the parties cannot resolve their numerous issues.

can only be viewed as a blatant attempt to evade the liberal discovery rules that are at the heart of our adversary system under the modern civil rules.

Manumitted attempted to obtain meaningful disclosure from Tesoro without court intervention, but Tesoro did not adequately explain, let alone justify, its positions. Consistent with this recalcitrant stance, Tesoro's Opposition also fails to address squarely any of the points or authorities cited in Manumitted's Motion to Compel.  Strikingly, most of the arguments now advanced by Tesoro are being learned by Manumitted for the first time, which is not a formula for resolving discovery disputes in good faith.  In its Opposition, Tesoro provides no authority for refusing to produce relevant documents based upon its assertion of a "proprietary" privilege—a situation already addressed by the Protective Order offered by Tesoro and accepted by Manumitted and this Court. Tesoro also ignores the fact that the Ninth Circuit has never endorsed or applied choice of law principles when determining the applicable law of privilege in a diversity action, particularly where, as here, the main agreement between the parties designates Alaska law as controlling.  Despite Tesoro's 48 pages of protest, Manumitted is entitled to the relief requested, including its fees and costs for having to bring the Motion to Compel in the first place, so that it could learn about yet more of Tesoro's diversionary and unfounded positions for the first time.

## II.     ANALYSIS

### A.     Tesoro is Fighting Over Production of Its "Disclosures"

Contrary to Tesoro's suggestion, Manumitted's Motion to Compel does not involve documents withheld in response to a request for production.  Rather, the Motion to Compel involves documents withheld by Tesoro from its ***initial and supplemental disclosures***.  By definition, therefore, Tesoro has determined that these documents are not

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK  99501
(907) 276-4557

only relevant, but "may be used to support its claims or defenses" at trial. Fed. R. Civ. P. 26(a)(1)(B)&(e). Accordingly, under the Civil Rules, Tesoro should have produced these documents "without awaiting a discovery request."[2] Fed. R. Civ. P. 16(a)(1). Instead, Tesoro forced Manumitted to file the Motion to Compel by resisting Manumitted's efforts to engage in a timely, meaningful dialogue regarding the basis for Tesoro's "non-disclosure," including its overreaching and untenable assertions of the attorney-client privilege and work-product doctrine. [See Affidavit of Counsel, ¶¶ 3-9, filed with Manumitted's Motion to Compel, Docket No. 24.] As evidenced by its Opposition, Tesoro had no reasonable basis for withholding documents or failing to provide Manumitted with the basic information it requested regarding Tesoro's use of the attorney-client privilege and work-product doctrine[3]—much less forcing Manumitted to file a Motion to Compel to obtain key documents and information regarding the basis for Tesoro's patently overbroad assertions of attorney-client privilege.

**B.    Tesoro Has No Justifiable Basis for Withholding "Proprietary" Information**

Apparently conceding that there is no "proprietary" privilege, much less any case law to support its position, Tesoro relies exclusively on this Court's former order quashing Manumitted's subpoena to Gas, Inc., a non-party to this action, to justify the

---

[2] Similarly, Tesoro cannot justify its failure to disclose based on its mistaken impression that Manumitted failed to comply with its own disclosure obligations. Rule 26(a)(1) specifies that "*A party* must make its initial disclosures based on the information then reasonably available to it and *is not excused from making its disclosures* because it has not fully completed investigation of the case or *because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures*." Fed. R. Civ. P. 26(a)(1) (emphasis added).

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

MANUMITTED'S REPLY TO TESORO'S
OPPOSITION TO MOTION TO COMPEL
Page 3 of 19

*MANUMITTED COMPANIES v. TESORO ALASKA CO.*
Case No. 3:05-cv-185-TMB

non-disclosure of certain documents because they contain allegedly "proprietary" and/or "confidential" information. [Opp. at pp. 41-47] In its Opposition, Tesoro explains that one of these documents, numbered TAC-102974 – TAC-103011, contains information related to projected average volumes of product sold by Gas, Inc., d/b/a Captain Joe's during the formation period for the Distributor Equipment Assistance Agreement between Tesoro and Service Oil & Gas. In addition, Tesoro explains, this document "contains proprietary margin data relative to the cost incurred by Tesoro to produce and sell its products, the disclosure of which could be used by a competitor to Tesoro's disadvantage." [Opp. at p. 44] The other documents, numbered TAC-102947, and TAC-102991 – 103011, are alleged to contain proprietary information related to Tesoro. [Opp. at pp. 44-45.]

As explained in Manumitted's Motion to Compel, however, Tesoro's reliance on this Court's Gas, Inc. Order is misplaced. In its former Order, this Court essentially ruled that Manumitted was required to seek discovery from Tesoro, a party to this action, before approaching non-parties, noting that there was no provision in the subpoena for reimbursement of Gas, Inc.'s time and expense. The Court also expressed concern regarding the breadth of the subpoena, noting that while some of the requested documents may very well be relevant, the subpoena arguably reached documents that would require Gas, Inc. to disclose non-relevant proprietary information to a potential competitor. [Order Re: Motion to Quash at 3-4, Docket No. 21.] Neither of these concerns, have any application with respect to Tesoro.

---

(continued)
[3] Why such privileges were asserted by Tesoro in connection with its initial and supplemental disclosures is odd in and of itself.

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

MANUMITTED'S REPLY TO TESORO'S
OPPOSITION TO MOTION TO COMPEL
Page 4 of 19

*MANUMITTED COMPANIES v. TESORO ALASKA CO.*
Case No. 3:05-cv-185-TMB

While they may be valid in the context of obtaining discovery from a non-party,[4] there is no precedent for permitting a party to avoid its Rule 26 disclosure obligations based on similar concerns.  As a party to this litigation, Tesoro is obliged to disclose (and produce) all non-privileged documents identified in its initial and supplemental disclosures.  Fed. R. Civ. P. 26(a)(1)(B)&(e).  To the extent the documents contain proprietary or confidential information, Tesoro is entitled to label them as confidential **per the existing Protective Order**, or to seek addition protection such as an "attorney eyes only" protective order.  See United States v. Fleet Enters., 689 F. Supp. 389, 394 (D. Del. 1988) (compelling disclosure of trade secret,[5] subject to less restrictive protective order proposed by plaintiffs); see also American Rock Salt Co., LLC v. Norfolk Southern Corp., 228 F.R.D. 426, 466-67 (W.D.N.Y. 2005) (explaining that parties have an obligation to produce "confidential" contracts with third-parties unless party can point to some contractual provision prohibiting their disclosure even in the context of litigation).  Tesoro cannot, however, circumvent the discovery process based on its contrived concern that Manumitted will violate the Protective Order—why did Tesoro propose it in the first place if it had no confidence in its "protections"?

Tesoro's assertion that the documents lack relevance—an assertion first made in its Opposition to Manumitted's Motion to Compel—is severely undermined by the fact that Tesoro felt compelled to disclose the documents in the first place.  Moreover, each of these documents directly relate to what is arguably the single-most important transaction

---

[4] See Fed. R. Civ. P. 45(c)(3)(A), applying to subpoenas, which are only issued to non-parties.

[5] While trade secrets are subject to a special privilege in Alaska, Tesoro has never asserted that the documents at issue contain trade secrets.

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

MANUMITTED'S REPLY TO TESORO'S
OPPOSITION TO MOTION TO COMPEL
Page 5 of 19

*MANUMITTED COMPANIES v. TESORO ALASKA CO.*
Case No. 3:05-cv-185-TMB

bearing on Manumitted's price discrimination, unfair trade practices, and breach of implied covenant claims: the Authorization For Expenditure ("AFE") that was used by Tesoro to determine its willingness to support Captain Joe's (Gas, Inc.) through the Distributor Equipment Assistance Agreement. Among other things, Tesoro's calculations in the AFE contain projected sales volumes for Captain Joe's which necessarily analyzes the impact of Captain Joe's expansion on Manumitted's gas station—the only other downtown Valdez gas station located only several blocks away. In simple terms, what Captain Joe's gained in sales volume, Manumitted lost. [See TAC-103014, attached hereto as Ex. 10 (internal Tesoro document depicting location of both stations) (filed under seal).]

Indeed, it is quite possible that Tesoro's projections took into account Manumitted's historical sales when determining the Valdez market's potential for growth, if any. To the extent Tesoro did so, it arguably breached the implied covenant of good faith and fair dealing implied in its Dealership Agreement with Manumitted by misusing Manumitted's "confidential" and "proprietary" information to its own advantage. Any suggestion that Tesoro was not aware of or would not have considered Manumitted's sales volumes when projecting Captain Joe's potential sales is not credible, since internal Tesoro correspondence indicates a keen awareness of Manumitted's sales as well as the station's ability to directly impact the Valdez market and Tesoro's bottom line. [See TAC-103182, 102764, attached hereto as Ex. 11 (noting Manumitted's sharp decline in volumes following Captain Joe's upgrade); TAC-103074 to 103075, attached hereto as Ex. 12 (inquiring into whether Manumitted's proposed lessee would be a Tesoro-branded dealer following Manumitted's request for permission to lease station to third party).] Tesoro's analysis regarding projected sales volumes for Captain Joe's,

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK  99501
(907) 276-4557

MANUMITTED'S REPLY TO TESORO'S
OPPOSITION TO MOTION TO COMPEL
Page 6 of 19

*MANUMITTED COMPANIES v. TESORO ALASKA CO.*
Case No. 3:05-cv-185-TMB

which would reflect on the (presumably substantially increased) volumes of Tesoro product to be sold by the expanded and upgraded station, can only offer greater insight into Tesoro's decision making process regarding the Captain Joe's expansion and upgrading as well as the justification and rationale for entering into the Distributor Equipment Assistance Agreement.  How these documents can lack relevance is beyond Manumitted—they go to the heart of the dispute.  Again, Tesoro doth protest too much.

Tesoro has articulated no justifiable basis for withholding documents it deems too "confidential" or "proprietary" to disclose, and there is no such basis.  Tesoro should be compelled to disclose these documents immediately.

### C. Tesoro Ignores the Alaska Choice of Law Provision in its Dealership Agreement with Manumitted

Tesoro's analysis of the applicable law of attorney-client privilege is equally misplaced, particularly in light of the Alaska choice of law provision in the Dealership Agreement.  While some courts do follow Tesoro's conflict of law approach in very different circumstances, the Ninth Circuit has never endorsed or adopted such an analysis.[6]  Instead, the Ninth Circuit has consistently applied the law of the state which supplies the rule of decision with respect to the claims in the case.  See, e.g., Home Indemnity Co. v. Lane Powell Moss & Miller, 43 F.3d 1322, 1328 (9th Cir. 1995)

---

[6] See KL Group v. Case, Kay & Lynch, 829 F.2d 909, 918 (9th Cir. 1987) (recognizing three different methods for determining which state privilege law to apply in a diversity action:  (1) Assume that the state "which supplies the rule of decision" also supplies the privilege law; (2) apply the privilege rules of the forum state; or (3) apply the conflict of law doctrine of the forum state, but declining to decide whether Hawaii or California law applied to the privilege issue at hand because the outcome was the same regardless of which law applied); Timothy P. Glynn, *Federalizing Privilege* 52 Am. U. L. Rev. 59, 121-23 (2002) (observing that "like the underlying substantive law governing privilege, jurisdictions take divergent approaches to selecting which privilege rules apply").

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

MANUMITTED'S REPLY TO TESORO'S
OPPOSITION TO MOTION TO COMPEL
Page 7 of 19

*MANUMITTED COMPANIES v. TESORO ALASKA CO.*
Case No. 3:05-cv-185-TMB

(holding that, under Federal Evidence Rule 501, "[b]ecause Alaska law supplied the rule of decision with respect to the claims in this case, Alaska privilege rules had to be applied."); see also Star Editorial, Inc. v. United States Dist. Court for the Central Dist. of California, 7 F.3d 856, 859 (9th Cir. 1993) (applying privilege law of forum state, which also supplied rule of decision); California Public Util. Comm'n v. Westinghouse Elec. Corp., 892 F.2d 778, 781 (9th Cir. 1989) (same). Given the Alaska choice of law provision in Manumitted's Dealership Agreement with Tesoro,[7] and the fact that the agreement involved a contract that was negotiated and performed in Alaska between an Alaska company (Manumitted) and a company doing business in Alaska (Tesoro Alaska Company), Alaska law must apply. See Long v. Holland America Line Westours, Inc., 26 P.3d 430, 431-34 (Alaska 2001) (applying Section 187 of the RESTATEMENT (SECOND) CONFLICT OF LAWS to determine applicable state law where contract included a choice of law provision); RESTATEMENT (SECOND) CONFLICT OF LAWS § 187 (incorporating factors outlined in § 188, for purposes of determining whether state other than that chosen by parties would have a materially greater interest in determining the issue at hand); RESTATEMENT (SECOND) CONFLICT OF LAWS § 188.

Even if the Ninth Circuit were to adopt the conflict of law approach utilized by Tesoro, however, Alaska's law of attorney-client privilege would still apply. As recognized by Tesoro, the Alaska Supreme Court generally follows the Restatement (Second) of Conflict of Laws when determining the applicable state law. And, as implicitly recognized by Tesoro, under Section 139 of the Restatement, communications that are not privileged under Alaska law but are privileged in another jurisdiction are not

---

[7] [See Ex. A, attached to Affidavit of Benjamin H. Olds, filed herewith.]

DORSEY & WHITNEY LLP
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

privileged "unless there is some special reason why the forum policy favoring admission should not be given effect."  RESTATEMENT (SECOND) CONFLICT OF LAWS § 139(2). According to the commentary, as the forum state, Alaska "will have a strong policy favoring disclosure of all relevant facts that are not privileged under [Alaska] law."  Id. at cmt. d; see also Glynn, supra, at 124 (indicating that application of Section 139 generally results in selection of the law that favors disclosure).

Although the Alaska Supreme Court, like most courts,[8] has never applied or endorsed Section 139, the commentary to this section provides strong support for adhering to Alaska's attorney-client privilege law.  According to the commentary, the forum state (i.e., Alaska) "will have a strong policy favoring disclosure of all relevant facts that are not privileged under its local law."  Id. at cmt. d.  The forum state will, therefore, permit discovery and admission of evidence not privileged under its local law "unless it finds that its local policy favoring admission of evidence is outweighed by countervailing considerations."  Id.

Factors to consider when making this determination include:  (1) the number and nature of the contacts that forum state has with the parties and transactions involved; (2) the relative materiality of the evidence sought to be excluded; (3) the kind of privilege involved; and (4) fairness to the parties.  Id.  When weighing these factors, the "forum state will take such steps as may be necessary to prevent a party to the action from taking an inequitable advantage of a privilege."  Id.   Application of the foregoing demonstrates

---

[8] See Glynn, supra, at 123-24 & n.284 (noting lack of use prior to 1991 and that more recent decisions often refer to section, but then apply a standard "most significant relationship" analysis).

DORSEY & WHITNEY LLP
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

that Alaska law must be applied with respect to Tesoro's assertions of attorney-client privilege.

Here, Tesoro essentially contends that Washington law should apply because most of the allegedly privileged communications took place in Washington and therefore Washington is the state which has the most significant relationship with the communication. [See Opp. at 20, citing Restatement (Second) of the Law of Conflicts § 139, cmt. e.] But Tesoro's privilege log reveals otherwise. While some of the communications may have originated in Washington or been transmitted to Washington, very few, if any, of the communications took place solely within the state of Washington. Instead, many of the communications reflected in Tesoro's privilege log originally crossed state lines, either in the form of an email or over the telephone. To make matters more complex, many of the communications were sent to multiple states. For example, an allegedly privileged email from Jeff Evans was sent to Don Sorenseon, Greg Henderson, Terry Houtchens, Scott Rammell, Calvin Leavell, Gilbert Buitron, Donald Reese, Don Groscot, Stephen Hanson, and Kathy Sloan. [See Ex. H to Tesoro's Opp. at p. 21 (TAC-102769 – 102771), Docket No. 34-9.] While it appears that Tesoro has offices in Alaska, Washington, and Texas (and perhaps elsewhere),[9] that Jeff Evans generated the email in Alaska,[10] and that Don Groscot and Scott Rammell were located in Washington[11] and Donald Reese in Texas,[12] Tesoro has not identified the location of any

---

[9] See Opp. at 11, Docket No. 34-1 (referring to offices in Auburn, Washington and Texas).

[10] See Affidavit of Benjamin H. Olds, dated June 14, 2006, ¶ 5, filed herewith.

[11] See Unsigned Affidavit of Don Groscot, ¶ 9, Docket No. 34-13 & 14.

of the other email recipients. Under the facts of this case, therefore, there is no indication that Washington's interest, or the interest of any other state, in the allegedly privileged communication is superior to Alaska's interest.

Moreover, the fact that Tesoro Alaska Company uses agents and attorneys outside the state of Alaska should have no impact on whether Tesoro Alaska Company's communications regarding and involving an Alaska dealer under a dealership agreement with an Alaska choice of law provision are privileged or not. Such a rule could easily be manipulated by those in corporate America seeking to take advantage of the most protective attorney-client privilege laws available.

On the other hand, Alaska—unlike either Washington or Texas—has significant and numerous contacts with the parties and transactions involved. This entire dispute involves a Valdez, Alaska company (Manumitted) that entered into a Dealership Agreement that (1) was drafted by Tesoro Alaska Company, a company doing business in Alaska, that at the time of contracting and until approximately 2001, maintained its marketing and administrative offices in Anchorage, Alaska, (2) was negotiated and executed in Alaska, (3) involved the marketing and use of Tesoro branded petroleum products at a gas station in Valdez, Alaska, and (4) contained an Alaska choice of law provision, which required the application of Alaska law and the commencement of any action in Anchorage, Alaska. [Aff. of B. Olds, ¶¶ 2, 3, filed herewith and Ex. A thereto at p. 10.] These facts alone support application of Alaska's attorney-client privilege. See Restatement (Second) of Conflict of Laws § 139, cmt. d (explaining that "If the contacts

---

(continued)
[12] Manumitted assumes that Mr. Reece is located in Texas, as indicated by the notary seal on his affidavit.

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

MANUMITTED'S REPLY TO TESORO'S
OPPOSITION TO MOTION TO COMPEL
Page 11 of 19

*MANUMITTED COMPANIES v. TESORO ALASKA CO.*
Case No. 3:05-cv-185-TMB

with the state of the forum are numerous and important, the forum will be more reluctant to give effect to the foreign privilege and to exclude the evidence than it would be in a case where the contacts are few and insignificant).

With respect to materiality, the issue is whether the evidence is likely to have an impact on the outcome of the case. Id. Where the evidence is not likely to have an impact, or where it is discoverable through some other means, the forum state is more likely to uphold the foreign privilege. Id. While the materiality of some of Tesoro's allegedly privileged communications appears minimal, other communications go to the heart of the transaction that forms the basis for Manumitted's price discrimination, unfair trade practice, and breach of implied covenant claims—the AFE and Distributor Equipment Assistance Agreement—and are therefore highly material. [See, e.g., Ex. H to Tesoro's Opposition to Motion to Compel at pp. 23-24, Docket No. 34-9.] To the extent such communications are discoverable under Alaska law, Alaska law should apply.

Neither of the remaining factors weigh in favor of applying Washington law. First, while the attorney-client privilege is widely accepted as a valid privilege, there is great divergence in its application from state to state and jurisdiction to jurisdiction. See Glynn, supra, at 60. Thus while it is generally true that the attorney-client privilege is widely accepted, Tesoro has no basis for asserting that Washington's law of attorney-client privilege deserves greater deference than Alaska's law of attorney-client privilege. Second, any claim of unfair prejudice is overcome by the fact that the contractual relationship between the parties contained an Alaska choice of law provision, which actually specified that any action for breach of contract would be *brought* in Anchorage, Alaska. See id. at 123 (opining that choice of law rules favoring the forum state fail to

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

foster certainty regarding the privileged nature of the communication because "attorneys and clients often cannot predict, at the time of the communication, the forum in which the privilege may need to be asserted"). Tesoro drew upon this provision when it removed this action from the Superior Court in Valdez to this Court.

In short, even under the analytical framework proposed by Tesoro, Alaska's law of privilege applies. Accordingly, this Court should enter an order compelling Tesoro to amend its initial disclosures and privilege log in a manner consistent with Alaska's "control group" test, which is much narrower than the concept under Washington or Texas law.

As observed in the Motion to Compel, Tesoro asserted attorney-client privilege with respect to 36 of the 37 current and former Tesoro employees identified in its initial disclosures. It is entirely unclear what law Tesoro was contemplating when it made this fantastic assertion—although no state law would support such a broad claim of privilege. Tesoro appears to have backed away from this blanket privilege position somewhat. In his affidavit, attached to Tesoro's Opposition, Mr. Reese identifies five employees, including himself, who appear arguably to fall within Tesoro's "control group," as the term would be more narrowly defined under Alaska law.[13]  [Aff. of D. Reese, ¶ 4.] Mr. Reese goes on to identify 16 others who, "with respect to the Manumitted matter … also had authority to request and obtain professional legal services from any member of the in house legal staff of Tesoro … and to act on advice rendered by such legal counsel." [Ex. A to Aff. of D. Reece.] Tesoro thus suggests that all 16 of these individuals are

---

[13] Based on the information currently available to it, Manumitted is unable to determine whether all of these individuals are truly within Tesoro's control group or not.

DORSEY & WHITNEY LLP
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

MANUMITTED'S REPLY TO TESORO'S
OPPOSITION TO MOTION TO COMPEL
Page 13 of 19

*MANUMITTED COMPANIES v. TESORO ALASKA CO.*
Case No. 3:05-cv-185-TMB

included within Tesoro's "control group" for purposes of this action. [Opp. at pp. 10-11.] This overbroad categorization is also difficult to understand.

Tesoro's position cannot be reconciled with the Commentary to Alaska Rule of Evidence 503 or the case law interpreting the term of art "control group." [See Motion to Compel at pp. 7-8.] While communications from these 16 individuals to counsel at the direction or request of counsel may constitute work-product, the attorney-client privilege and work-product doctrine are not synonymous and the distinction between the two should not be blurred. Tesoro's suggestion that any and all of these individuals were able to independently obtain and act on the legal advice of counsel strains credulity. Unless Tesoro is willing to treat each of these individual's statements as an admission of a party opponent under the Federal Rules of Evidence—one implication of someone being a control group member—there is no indication that they actually possessed the authority to seek and act on legal advice on behalf of the company. Moreover, such a result would enable corporations, such as Tesoro, to broaden the attorney-client privilege to whatever level was necessary to effectively shield virtually all internal communications from discovery by simply copying or including an attorney on every communication. This is not the purpose of the attorney-client privilege. Rather, and as acknowledged by Tesoro, the attorney-client privilege was intended to encourage frank communication with counsel. **However, if any communication is copied to any non-control group individual or those not reasonably necessary for the transmission of the communication (i.e., clerical support staff), the attorney-client privilege is not applicable.**[14] This is why Tesoro attempts to define "control group" to include virtually

---

[14] See Alaska R. Evid. 503(a)(5) and Commentary to paragraph (a)(5), ¶ 2.

DORSEY & WHITNEY LLP
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

everyone at Tesoro who ever dealt with a Manumitted, Gas, Inc., or Service Oil & Gas issue.  Accordingly, this Court must reign in Tesoro's overreaching assertion of attorney-client privilege and require Tesoro to amend its disclosures and privilege log in a manner consistent with Alaska's "control group" test.

### D. Despite its Post-Motion to Compel Amendments, Tesoro's Privilege Log Remains Inadequate

Significantly, Tesoro's assertion of attorney-client privilege requires far more than proof that the communication was limited to members of Tesoro's control group.  As explained in Manumitted's Motion to Compel, the communication must be made for purpose of obtaining or facilitating the rendition of legal services.  While such communications with in-house counsel are subject to the privilege, not all communications with in-house counsel are protected.  Hence, many courts observe that communications with in-house counsel deserve particular scrutiny because the role of in-house counsel is seldom limited to the provision of legal services.  See Glynn, supra, at 111-112 and cases cited therein.  Indeed, Mr. Reece's affidavit implicitly acknowledges the fact that Tesoro's in-house counsel are involved in non-legal matters.  [Aff. of D. Reece, ¶ 8.]

Without conceding that its original privilege log was insufficient, Tesoro has responded to Manumitted's Motion to Compel by providing this Court with an amended privilege log which provides additional information for purposes of evaluating its claims of attorney-client and work-product "privilege."  Even as amended, however, Tesoro's privilege log lacks sufficient information for either Manumitted or this Court to determine whether Tesoro's proposed *in camera* review of a two inch stack of documents is necessary.  For example, the privilege log does not specify whether the document was sent directly to a recipient, or merely copied.  Nor does the privilege log provide

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

sufficient factual detail to determine whether it is truly work-product or not, or whether the communication was made for the purpose of facilitating the rendition of legal services.  As the party asserting attorney-client privilege and work-product doctrine, *Tesoro* bears the burden of establishing that the privilege applies, and not the other way around.  See Plate v. State, 925 P.2d 1057, 1066 (Alaska App. 1996) (holding that person asserting privilege bears burden of establishing privilege) (quoting In re Grand Jury Investigation, 918 F.2d 374, 384 (3d Cir. 1990)); 81 Am.Jur.2d Witnesses § 345 ("The burden of showing the existence of circumstances justifying the recognition of the attorney-client privilege is upon the party asserting it.").  Manumitted is not obliged to overcome Tesoro's assertion of attorney-client privilege without some indication that Tesoro has a legitimate basis for its assertion.

Notably, the affidavits and other documentation filed in support of Tesoro's Opposition strongly support Manumitted's suspicion that Tesoro's use of the work-product doctrine is also overly broad.  For example, Tesoro has withheld a number of documents related to the AFE or Distributor Equipment Assistance Agreement on the basis of both attorney-client privilege and work-product doctrine. [See, e.g., Ex. H to Tesoro's Opposition to Motion to Compel, at pp. 23-24.]  Despite its assertion, Tesoro cannot possibly establish that these documents were created in anticipation of litigation.  These documents were created prior to the fall of 2003, when Tesoro claims it "first became aware that litigation was likely in some form with Manumitted."[15]  These documents (and related email communications) relate directly to Tesoro's decision to enter into the Distributor Equipment Assistance Agreement, the use of which, according

---

[15] See Affidavit of Donald Reece, ¶ 10; Docket No. 34-10 & 11.

DORSEY & WHITNEY LLP
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

to Tesoro, is "common industry practice in the petroleum refining and marketing industry."[16]

Tesoro also complains that Manumitted's Motion to Compel summarily addressed its invocation of the work-product "privilege," and thus it cannot be compelled to disclose documents for which it also claimed protection as "work product." Manumitted acknowledges that, in its request for relief, it sought production of all documents distributed beyond Tesoro's control group. [Motion to Compel at p. 14, Docket No. 23-1] As evidenced by the substance of Manumitted's motion, however, this request was an oversight in drafting.[17] [See id. at pp. 9, 14]. Manumitted agrees that a document may be subject to the protection of the attorney-client privilege, work-product doctrine, or both; and that it cannot compel disclosure of documents that legitimately fall within any of these categories. However, as explained above, Manumitted seeks an order compelling Tesoro to amend its privilege log to provide sufficient detail for purposes of determining whether Tesoro's assertions of privilege even warrant an *in camera* review. Manumitted has no desire to invade any legitimate assertion of privilege.

### E. Tesoro Should be Required to Pay Manumitted's Fees and Costs in Bringing Its Motion to Compel

Finally, Tesoro should be required to pay Manumitted's fees and costs incurred in bringing its Motion to Compel. Federal Rule of Civil Procedure 37(a)(4) provides for the recovery of reasonable expenses and sanctions "If the motion is granted or if the disclosure or requested discovery is provided after the motion was filed … unless the

---

[16] See Affidavit of Don Groscost, ¶ 3; Docket No. 34-13 & 14.

[17] For the Court's convenience, a revised proposed order, which accurately reflects Manumitted's request for relief, is filed herewith.

DORSEY & WHITNEY LLP
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action. Here, Tesoro did not respond to Manumitted's request for additional information regarding the basis for its assertions of privilege until it responded to Manumitted's Motion to Compel, at which time it also submitted an amended privilege log providing additional detail regarding its asserted claims of privilege. And, as evidenced by the Affidavit of Counsel and exhibits attached in support of the Motion to Compel, Manumitted made a good faith effort to resolve its discovery dispute without this Court's intervention. Manumitted is therefore entitled to recover the fees and costs it incurred in having to bring its motion in the first place.

## III. CONCLUSION

Based on the foregoing, Manumitted respectfully requests entry of an order compelling Tesoro to, within 10 days of entry of the order,

(1) amend its initial disclosures to withdraw its assertion of attorney-client privilege with respect to all current and former employees that do not meet Alaska's "control group" test;

(2) withdraw its assertion of attorney-client privilege with respect to all redacted or withheld documents that were either (a) authored by a non-control group member, or (b) distributed to a non-control group member;

(3) amend its privilege log to include (a) the subject-matter(s) of the redacted material or withheld document, (b) all persons or entities known by Tesoro to have been furnished the document or informed of its substance, and (c) a detailed, specific explanation of why the document is privileged or immune from discovery;

(4) produce all documents, pursuant to the terms of the Protective Order, that were withheld because they contain alleged proprietary, confidential, or internal financial

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

information, including document nos. TAC-102974 – TAC-102979, TAC-102947, and TAC-102991 – TAC-103011; and

(5) award Manumitted its reasonable expenses incurred in making this motion, including reasonable attorney's fees, pursuant to Federal Civil Rule 37(a)(4).

DATED this 14th day of June, 2006, at Anchorage, Alaska.

>DORSEY & WHITNEY LLP
>Attorneys for Manumitted Companies, Inc.
>
>By: s/Wendy E. Leukuma
>   Michael R. Mills, ABA No. 8911074
>   Wendy E. Leukuma, ABA No. 0211048
>   DORSEY & WHITNEY LLP
>   1031 West 4th Avenue, Suite 600
>   Anchorage, Alaska 99501
>   Phone: 907-276-4557
>   Fax: 907-276-4152
>   Email: mills.mike@dorsey.com
>   Email: leukuma.wendy@dorsey.com

CERTIFICATE OF SERVICE

This certifies that on this 14th day of June, 2006, a copy of the foregoing was served on the following electronically:

Frederick J. Odsen
Hughes Bauman Pfiffner Gorski & Seedorf, LLC
3900 C Street, Suite 1001
Anchorage, Alaska 99503

        s/Wendy Leukuma

DORSEY & WHITNEY LLP
1031 West 4th Avenue, Suite 600
Anchorage, AK 99501
(907) 276-4557

MANUMITTED'S REPLY TO TESORO'S
OPPOSITION TO MOTION TO COMPEL
Page 19 of 19

MANUMITTED COMPANIES v. TESORO ALASKA CO.
Case No. 3:05-cv-185-TMB