

MICHAEL R. MILLS
mills.mike@dorsey.com

May 11, 2006

**VIA EMAIL**

Frederick Odsen
Hughes, Bauman, Pfiffner, Gorski & Seedorf
3900 C Street, Suite 1001
Anchorage, Alaska 99503

Re: Non-Environmental Responses to Manumitted's First Discovery Requests
*Manumitted v. Tesoro*, Case No. 3:05-cv-185-TMB

Dear Fred:

We write following review of Tesoro's "non-environmental responses" to Manumitted's first discovery requests. Despite numerous extensions of time for responding, Tesoro's responses are, for the most part, evasive and wholly inadequate. Not only is Manumitted entitled to the discovery it seeks, it is entitled to full and meaningful responses to its discovery requests. Manumitted therefore requests that Tesoro withdraw all "proprietary" objections and fully and meaningfully respond to its discovery requests which have been pending for months, including without limitation Interrogatories 2, 3, 4, and 7 and RFP Nos. 1, 2, 5, 6, and 7 by May 19, 2006.

Before turning to Tesoro's individual discovery responses, Manumitted notes that Tesoro's continued reliance on Manumitted's alleged failure to comply with its Rule 26 disclosure obligations to avoid its own discovery obligations as well as the deadlines imposed by the Civil Rules is misplaced. First, Manumitted fully complied with its Rule 26 disclosure obligations on January 6, 2006 — the date the parties agreed to exchange initial disclosures.

As Tesoro is well aware, Rule 26(a)(1) simply required Manumitted to disclose (a) the name and, if known, contact information for each person likely to have discoverable information relevant to its claims or defenses; (b) a copy of, *or a description by category and location of*, all documents, data compilations, and tangible things in its possession, custody, or control that it may use to support its claims or defenses; (c) a computation of its damages; and (d) any applicable insurance. Thus, Rule 26(a)(1) does not require the *production* of any documents, although any identified documents must be made available for inspection and review. As a courtesy to Tesoro, Manumitted indicated that it would make all documents identified in its initial disclosures available for inspection in Anchorage, as the documents were kept in the ordinary course of business in Valdez. (As explained during prior conversations, the documents have always been available for inspection and review in Valdez.) Manumitted has since made these documents available to Tesoro in Anchorage. Thus, Tesoro has never had any basis for asserting that Manumitted shirked its Rule 26 disclosure obligations in any way.

Even if Manumitted had somehow shirked its Rule 26 obligations, however, Tesoro could not rely on Manumitted's failure to disclose to avoid its own discovery obligations.

DORSEY & WHITNEY LLP • WWW.DORSEY.COM • T 907.276.4557 • F 907.276.4152
1031 WEST FOURTH AVENUE • SUITE 600 • ANCHORAGE, ALASKA 99501-5907
USA  CANADA  EUROPE  ASIA

EXHIBIT 5
Page 1 of 5



Frederick Odsen
May 11, 2006
Page 2

Tesoro's deadline for responding to Manumitted's discovery requests is governed by Rules 33, 34, and 36. Each of these rules establishes a 30-day deadline for responding, unless another deadline is agreed to by the parties or ordered by the Court.[1] This 30-day deadline is triggered by service of the discovery request. See Fed. R. Civ. P. 33(b)(3), 34(b), 36(a). Here, the discovery requests were served on September 15, 2005. Thus, Tesoro had 30 days to respond or request an extension of time from Manumitted.[2] Tesoro could not, however, simply ignore the deadlines imposed by Rules 33, 34, and 36 with impunity because of any perceived discovery violations on behalf of Manumitted.

### Requests for Production

Request for Production No. 1. This request for production seeks all documents from January 1, 1999 through present that discuss or relate to Manumitted's Tesoro branded service station; (b) Tesoro's consideration and acceptance of the upgrading of Captain Joe's Tesoro branded station in Valdez; and (c) the potential or actual impact of the upgraded Captain Joe's station on Manumitted's Tesoro branded station. Tesoro responded to this request by stating "See Tesoro's initial disclosures." This response is not acceptable. Federal Rule of Civil Procedure 34(b) provides that a party producing documents "shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the request." Because Tesoro did not produce original documents as kept in the usual course of business, Tesoro was "required to identify the particular documents or to organize or label them to correspond to [Manumitted's] specific requests." *DirectTV, Inc. v. Puccinelli*, 224 F.R.D. 677, 682 (D. Kansas 2004); see also *American Rockwool v. Owens-Corning Fiberglass Corp.*, 109 F.R.D. 263, 266 (E.D.N.C. 1985) ("Directing the opposing party to an undifferentiated mass of records is not a suitable response to a legitimate request for discovery.").

Not only is Tesoro's response unacceptable, it is patently incomplete. None of the documents produced with Tesoro's initial disclosures have any information regarding the anticipated or projected economic impact of the upgraded Captain Joe's station on Manumitted's Tesoro branded station. When Tesoro acquired the Newtown Chevron in 1995, Tesoro actively sought information regarding projected gasoline sales and other economic information related to its purchase of the station and lease to Manumitted. It is inconceivable that Tesoro would enter into any sort of a distributorship assistance agreement with Service Oil

---

[1] Had Tesoro truly believed Manumitted was shirking its disclosure obligations, Tesoro could have filed a motion to compel, and requested a stay of discovery until disclosure was obtained pursuant to Rule 37(b)(2)(C).

[2] Initially, Tesoro responded by indicating that the requests for admission were premature. This is not true. The Civil Rules specify that discovery may be served anytime after the parties meet and confer under Rule 26(f). See Fed. R. Civ. P. 26(d). As certified in the Report of Parties' Planning Meeting, the parties met and conferred on September 13, 2005. Accordingly, Manumitted's discovery requests were timely. Nevertheless, Manumitted subsequently agreed to several extensions of time.



EXHIBIT 5
Page 2 of 5

DORSEY & WHITNEY LLP

 DORSEY

Frederick Odsen
May 11, 2006
Page 3

and Gas without some analysis of the impact on Tesoro, to include the impact on Manumitted — a nearby Tesoro-branded station.

The omission of these documents, as well as Tesoro's cursory response, indicates that Tesoro has omitted other responsive documents, as well. Manumitted is entitled to full and meaningful responses to this request for production. Tesoro must supplement its response accordingly.

<u>Request for Production No. 2.</u>  This request for production requests all documents from January 1, 1999 through present relating to the upgrade of the Captain Joe's Tesoro branded station to the new logo, including any documents exchanged between Tesoro, Service Oil & Gas, Jeff and Laura Saxe, and Captain Joe's Tesoro. Tesoro responded to this request for production by referring Manumitted to its "initial disclosures" and by objecting to the production of any information pertaining to the volumes of Tesoro petroleum products sold to Captain Joe's as "proprietary."

As explained above, however, reference to Tesoro's initial disclosures in insufficient. And, once again, Tesoro's response is clearly incomplete. Among other things, Tesoro's initial disclosures indicate that Captain Joe's was required to enter into a new dealer agreement to obtain the new logo. *See* TAC 102949 (referencing "the first date the facility operated under the new contractual relationship"). Tesoro's initial disclosures do not, however, contain this agreement. Likewise, Tesoro's initial disclosures indicate that Tesoro required SOG to enter into an agreement containing certain terms and conditions with Captain Joe's — an agreement that required Tesoro's approval. *See* TAC 102920. Yet, once again, this document has not been produced. It is believed that there are likely other documents that are also responsive.

Finally, as repeatedly explained and as set forth in Manumitted's motion to compel disclosure, Tesoro cannot unilaterally withhold documents on the basis of an alleged "proprietary" privilege. There is a protective order in place to address these concerns. Moreover, Tesoro is that party that proposed the protective order, presumably to deal with these very issues. Because Tesoro has not raised any other objections to this request or sought the court's protection, it must produce ALL responsive documents or face court sanction. *See Marx v. Kelly, Hart & Hallman, P.C.*, 929 F.2d 8, 12 (1st Cir. 1991) (holding that Rule 34(b) requires party to respond within 30 days, either stating its willingness to comply or registering its objection; failure to state an objection constitutes waiver).

<u>Request for Production No. 5.</u>  This request for production requested all documents that discuss or relate in any way to Tesoro's assessment and decision-making process related to Tesoro's authorization for the upgrading of Captain Joe's gas station (i.e., authorization for use of the new logo). Again, Tesoro's reference to its initial disclosures and assertion of a "proprietary" privilege are not acceptable.

<u>Request for Production Nos. 6 & 7.</u>  Again, Tesoro cannot respond by simply referencing its initial disclosures. Moreover, by failing to specifically raise any objection to these requests, Tesoro cannot later assert that any responsive documents are protected from disclosure on the basis of attorney-client privilege or work product rule.

EXHIBIT 5
Page 3 of 5

DORSEY & WHITNEY LLP

))) DORSEY

Frederick Odsen
May 11, 2006
Page 4

## Interrogatories

Interrogatory No. 2. This interrogatory asks Tesoro to identify those individuals within the Tesoro organization who were responsible for authorizing the upgrading of the Captain Joe's Tesoro branded station (i.e., authorizing use of the new logo). Per Manumitted's instructions for answering interrogatories, Tesoro should have answered by identifying each individual by name, current residence address, current business affiliation and titles, current business address or (if unknown) last known business address, and the business affiliation, business address and the current title of such individual with respect to the business, organization or entity with which he was associated and the capacity in which such individual acted in connection with the subject matter of this interrogatory.

Rather than answer as requested, Tesoro directed Manumitted to its "initial disclosures." This response is evasive and clearly insufficient. Federal Rule of Civil Procedure 33(b)(1) specifies that "each interrogatory shall be answered separately and fully in writing under oath, unless objected to, in which event the objecting party shall state the reasons for the objection and shall answer to the extent the interrogatory is not objectionable." Although the rule does provide an option to produce business records, this option is extremely limited and does not appear to have any application to the present circumstances. See Fed. R. Civ. P. 33(d). In the unlikely event that business records do provide the requested information, Tesoro is obliged to identify each record and indicate the page or paragraphs that are responsive to the interrogatory. See State of Colorado v. Schmidt-Tiago Const. Co., 108 F.R.D. 731, 735 (D. Colo. 1985) (citing Daiflon Inc. v. Allied Chemical Corp., 534 F.2d 221, 227 (10th Cir. 1976)). Tesoro cannot, however, simply direct Manumitted's attention to its "initial disclosures."

Interrogatory No. 3. This interrogatory directed Tesoro to *explain the reason* the price of Tesoro gasoline sold to Manumitted increased from April 1999 forward from near or below Anchorage posted rack prices to approximately $.05 per gallon above Anchorage posted rack prices at the time of Manumitted's station closure in January 2004. Tesoro's cursory answer — indicating that the price is *based on* the Anchorage posted dealer rack price plus freight — is completely unresponsive. Tesoro's answer is, in effect, no answer at all. Manumitted therefore requests that Tesoro fully and completely answer this interrogatory based on all information known or ascertainable to Tesoro.

Interrogatory No. 4. This interrogatory directed Tesoro to identify the quantities of gas sold by Captain Joe's Tesoro branded station on an annual basis from 1994 through the present. Tesoro objected to this interrogatory, claiming that such information is "proprietary." As previously explained and as set forth in Manumitted's motion to compel, however, Tesoro has no basis for withholding information on this ground. Moreover, information regarding the volume of gasoline sold by Captain Joe's is particularly relevant in this suit given Manumitted's price discrimination claim and the "rebate" agreement entered into between Tesoro and Service Oil and Gas, which is directly related to Captain Joe's sales volumes. Tesoro cannot immunize itself from suit by refusing to produce the very evidence on which Manumitted's claims rest.

## Requests for Admission

Request for Admission No. 2. This request for admission asked Tesoro to admit that Captain Joe's Tesoro branded station, which has been upgraded with a convenience store and

EXHIBIT 5
Page 4 of 5

DORSEY & WHITNEY LLP

))) DORSEY

Frederick Odsen
May 11, 2006
Page 5

the teal and gold "sunburst" logo, is located in Valdez within 2 blocks of Manumitted's Tesoro branded station. Among other things, Tesoro responded to this request by indicating that "it is not precisely certain of the distance between the Manumitted facility and the Captain Joe's facility." This response is in direct conflict with Tesoro's answer to Interrogatory No. 7, which provides that "Tesoro does not agree that Captain Joe's station is less than 2 blocks from Manumitted's station" as well as Tesoro's initial disclosures which, in fact, demonstrate that Tesoro is precisely aware of the location of the two stations and that Manumitted's station is within two blocks of Captain Joe's station. See TAC 103014.

Given these glaring inconsistencies, as well as Tesoro's cursory responses to most of Manumitted's discovery requests, Manumitted questions whether Tesoro has endeavored in good faith to answer any of its discovery requests. As Tesoro is surely aware, Tesoro has a duty to contact its employees, agents, or others subject to its control to ascertain all responsive information reasonably available to it. Tesoro cannot simply respond based on the information known by one of its designated agents or its attorneys. See Weaver v. Goss, 107 F.R.D. 715, 717 (D.C.D.C. 1985); see also American Rockwool, 85 F.R.D. at 266 (party charged with knowledge of what its agents know and the contents of its available records). Tesoro should make every effort to fully and meaningfully supplement its responses by the deadline imposed in this letter.

Based on the foregoing, Manumitted requests that Tesoro withdraw all "proprietary" objections and provide full and meaningful responses to its outstanding discovery requests by Friday, May 19, 2006. Please consider this letter Manumitted's good faith attempt to secure the requested discovery without court action. If Manumitted does not receive complete discovery responses, including receipt of all requested documents, by May 19, we will move to compel responses.

Very truly yours,

DORSEY & WHITNEY LLP

Michael R. Mills

cc:   Ben Olds
      Wendy E. Leukuma

EXHIBIT 5
Page 5 of 5

DORSEY & WHITNEY LLP