

WENDY E. LEUKUMA
(907) 257-7826
leukuma.wendy@dorsey.com

July 5, 2006

**VIA EMAIL**

Frederick Odsen
Hughes, Bauman, Pfiffner, Gorski & Seedorf
3900 C Street, Suite 1001
Anchorage, Alaska 99503

    Re:    Non-Environmental Responses to Manumitted's First Discovery Requests
                *Manumitted v. Tesoro*, Case No. 3:05-cv-185-TMB

Dear Fred:

We write following review of your May 31, 2006 letter responding to our May 11, 2006 letter requesting that Tesoro withdraw all "proprietary" objections and fully and meaningfully respond to its first set of discovery requests.

While Manumitted appreciates Tesoro's efforts to identify specific documents responsive to its individual discovery requests, Manumitted continues to believe that Tesoro's responses are less than complete and that Tesoro's invocation of the attorney-client and work product doctrine is overbroad. Because many of these issues are addressed by Manumitted's pending motion to compel, however, the purpose of this letter is to address those issues not adequately addressed by the pending motion.

**Proprietary Objections.** Although your letter does not specifically address Manumitted's request that Tesoro withdraw all "proprietary" objections, your letter does suggest that all documents withheld on this basis were previously identified in Tesoro's supplemental disclosures, dated March 27, 2006. Among other things, these supplemental disclosures identified a number of documents withheld solely because they allegedly contain proprietary or confidential information. See, e.g., TAC-102974 – TAC-102979; TAC-102947; TAC-102991 – 103011, attached as Ex. 5 to Manumitted's Motion to Compel.

While we recognize that these documents are the subject of Manumitted's pending Motion to Compel, we note that Tesoro's obligation to respond to Manumitted's requests for production is much broader than its disclosure obligations under Civil Rule 26(a)(1) and (e). Under Rule 26(a)(1) and (e), Tesoro is only obliged to disclose those documents it may use to support its claims or defenses at trial. When responding to Manumitted's discovery requests, however, Tesoro is obliged to produce all non-privileged documents relevant to the claim or defense of any party. Included within these documents are any responsive documents which contain information "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). As explained in Manumitted's pending Motion to Compel and its reply to Tesoro's opposition, documents related to Captain Joe's actual and projected sales volumes

DORSEY & WHITNEY LLP • WWW.DORSEY.COM • T 907.276.4557 • F 907.276.4152
1031 WEST FOURTH AVENUE • SUITE 600 • ANCHORAGE, ALASKA 99501-5907
USA CANADA EUROPE ASIA

EXHIBIT 7
Page 1 of 2



Frederick Odsen
July 5, 2006
Page 2

are highly relevant to the matters in dispute. Accordingly, given the lack of any real "proprietary" privilege, Manumitted urges Tesoro to promptly withdraw all of its proprietary objections and produce all documents withheld on this basis by Wednesday, July 12, 2006. Unless such documents are received by this date, Manumitted will have no choice but to file another motion to compel given the differing criteria for production.

**Responsive Documents.** Manumitted further requests confirmation that Tesoro has at least *identified* all documents responsive to its individual requests for production. Although Tesoro's initial responses to Manumitted's requests for production contained no attorney-client or work product objections, your letter now indicates that some of the documents identified in Tesoro's initial and supplemental disclosures as attorney-client privileged are also responsive to Manumitted's discovery requests. While your letter suggests that all responsive documents have either been produced or previously identified, Manumitted is entitled to know what documents are being withheld and on what basis with respect to each request for production. This is particularly true given the fact that the parties clearly disagree regarding the scope of relevant documents. For example, although Tesoro now claims that the Authorization for Expenditure is not relevant to any claim or defense asserted in this action, Manumitted disagrees and further contends that any documentation on which this authorization is based is both relevant and responsive to Request for Production Nos. 1, 2, and 5. Accordingly, Manumitted requests confirmation that no other responsive but "privileged" or "irrelevant" documents exist. To the extent additional documents do exist, Manumitted requests that Tesoro identify them in a manner sufficient to advise both Manumitted and the Court of their content and the basis for any asserted privilege or relevancy objection.

**Amended Privilege Log.** Finally, please advise us as to the status of the amended privilege log referred to on page 2 of your letter. As you know, Manumitted requested additional information regarding Tesoro's claims of privilege in our April 11, 2006 letter to you. While Tesoro did file an amended privilege log with its opposition to Manumitted's motion to compel, it is not clear as to whether your letter is referencing this amended privilege log or whether you are making additional amendments consistent with the information sought by Manumitted (i.e., the information specified in Manumitted's motion to compel and reply to Tesoro's opposition).

Please contact me with any questions or concerns. Unless we hear otherwise, we will assume that Tesoro is able and will respond to each of the foregoing requests by July 12, 2006 and will move to compel Tesoro's responses if no response is received by this date.

Sincerely,

DORSEY & WHITNEY LLP

Wendy E. Leukuma

c:   Ben Olds
     Michael R. Mills

EXHIBIT 7
Page 2 of 2

DORSEY & WHITNEY LLP