IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

MANUMITTED COMPANIES, INC.

            Plaintiffs,

  vs.

TESORO ALASKA COMPANY,

            Defendants.

Case No. 3:05-cv-185 TMB

ORDER RE PLAINTIFF'S MOTION TO COMPEL

Plaintiff Manumitted Companies, Inc. ("Manumitted") has moved to compel certain documents withheld from the initial and supplemental disclosures of Defendant Tesoro Alaska Company ("Tesoro").[1] Tesoro has opposed the motion.[2] Manumitted has replied.[3] Oral argument was heard on August 14, 2006.

The facts of this case are set forth in this Court's order at Docket No. 21. The discovery dispute presently before the Court concerns Tesoro's unwillingness to produce to Manumitted two categories of documents - documents that allegedly contain proprietary information and documents that are allegedly attorney-client or work product privileged. Tesoro disclosed the existence of these documents in its initial and supplemental disclosures to Manumitted pursuant to Fed. R. Civ. P. 26(a)(1)(B), which obliges parties to provide "a copy of, or description by category and location of, all documents ... that the disclosing party may use to support its claims or defenses." Tesoro withheld certain documents - an authorization for expenditure dated

---

[1] Docket No. 23.

[2] Docket No. 34.

[3] Docket No. 43.

December 19, 2002, and several invoices issued to Service Oil & Gas, Inc. - on the basis of the proprietary information they contained relating to the volume of products sold to Gas, Inc. and financial information regarding Gas, Inc.'s margins. Tesoro also produced a privilege log identifying a number of documents, mostly correspondence between Tesoro's employees and certain in-house and outside council, as attorney-client privileged or work product protected. In connection with its opposition to this motion, Tesoro provided a revised privilege log containing expanded descriptions of the material withheld. Manumitted objects to Tesoro's application of the privilege and protections and claims that the privilege logs lack sufficient information to allow Manumitted to adequately assess Tesoro's assertions of privilege.

Documents Containing Proprietary Information

Tesoro is withholding production of certain documents because they contain information that is proprietary. Tesoro relies heavily in support of its argument for withholding these documents on this Court's order quashing Manumitted's subpoena of information and documents from non-party Gas, Inc. Docket No. 21. That order, however, does not support Tesoro's withholding of the proprietary information. The parties here have stipulated to a protective order "in order to facilitate expeditious discovery while protecting the asserted confidentiality of certain proprietary and/or commercially sensitive information." Docket No. 15. In light of the protective order, which was proposed by Tesoro itself precisely to allow for the exchange proprietary or confidential information in connection with this litigation, Tesoro cannot now withhold documents on the basis of their proprietary or confidential content.

Tesoro appears also to claim that the documents it seeks to withhold are not relevant to this dispute. These documents, however, were included in Tesoro's Fed. R. Civ. P. 26(a)(1)(B) disclosure, implying that Tesoro will rely on them "to support its claims or defenses." They also

appear to relate to central facts at issue in this litigation. At oral argument, Tesoro proposed that the Court allow it to withhold the documents on the condition that it not then rely on them at trial. That proposal ignores the possibility that the documents might be properly discoverable and lead to other admissible evidence, regardless of whether Tesoro relies on them at trial. Given the permissive nature of discovery, the inclusion of the documents in Tesoro's own initial disclosure (even if disavowed at oral argument), and the highly relevant information the documents appear to contain, the argument that they should be withheld on relevance grounds is unavailing.

Manumitted is entitled to the documents Tesoro is withholding on the basis of their proprietary nature. To assuage any concerns they may have, the parties <u>may jointly</u> agree to a further level of protection, such as "attorney's eyes only" designations, by amending the previously entered protective order.

<u>Documents Containing Attorney-Client Privilege or Work Product Protected Information</u>

Tesoro appears to take an expansive view of the attorney-client privilege. It asserts, for instance, that communications of 36 out of 37 of the employees disclosed in its initial disclosure are potentially covered by the company's attorney-client privilege. Manumitted argues that Tesoro's interpretation of the attorney-client privilege is overly expansive.

As an initial matter, the parties disagree as to the applicable law of privilege in this case. Tesoro argues that, applying Alaska's choice of law rules, Washington (or Texas) law governs attorney-client privilege in this mater, because many of the communications at issue originated, terminated, or passed through those states. The attorney-client privilege under Washington (or Texas) law is more expansive than that under Alaskan law, claims Tesoro. Manumitted argues that Alaska law applies to the attorney-client privilege because (i) the dealership agreement

between Manumitted and Tesoro contains an Alaska choice of law clause, and the Ninth Circuit applies the privilege law of the state which supplies the rule of decision, here Alaska, and (ii) even under the choice of law test advocated by Tesoro, Alaska law would apply.

Manumitted is correct. Even applying the choice of law test advocated by Tesoro, it is clear that Alaska law applies to the privileges asserted here. Tesoro argues that the Alaska Supreme Court generally follows the Restatement (Second) of Conflict of Laws when determining applicable state law. Manumitted agrees, and this does appear to be the case. See, Long v. Holland America Line Westours, Inc., 26 P.3d 430, 431-434 (Alaska 2001) and Savage Arms, Inc. v. Western Auto Supply Co., 18 P.3d 49, 53 (Alaska 2001). The Restatement (Second) of Conflict of Laws § 139 provides that communications that are not privileged in the forum state, but are privileged in another jurisdiction having the most significant relationship to the communications, are not privileged unless there is some special reason why the forum policy favoring admission should not be given effect. It appears here that Alaska is the state with the most significant relationship to the communications at issues. The communications concern the distribution and marketing of products at a gas station in Valdez, Alaska. Tesoro is a company doing business in Alaska, and Plaintiff Manumitted is an Alaska company. The key contract governing the parties' relationship contains an Alaska choice of law clause. Even if Washington (or Texas) was the forum with the most significant relationship to the communications, Alaska law would still apply, because Tesoro has failed to raise any convincing reason why that other jurisdiction's privilege law should trump Alaska's here.

The attorney-client privilege in Alaska is governed by Alaska Rule of Evidence 503. Pursuant to Rule 503, confidential communications between the client or the client's representative and the client's lawyer or the lawyer's representative, made for the purpose of

facilitating the rendition of professional legal services to the client are privileged. Alaska R. Evid. 503(b). A representative of the client is someone who has "the authority to obtain professional legal services and to act on advice rendered pursuant thereto, on behalf of the client." Alaska R. Evid. 503(a)(2). Alaska appears to have adopted the "control group" test of determining who in a corporation is a "representative" for purposes of being able to claim the privilege. Alaska R. Evid. 503(a)(2) cmt.; Langdon v. Champion, 752 P.2d 999, 1002 (Alaska 1988). The "control group" concept does not appear to be extensively addressed in reported Alaska cases. The Alaska Rules of Evidence commentary, however, cites City of Philadelphia v. Westinghouse Elec. Corp., 210 F. Supp. 483 (E.D.Pa. 1962) for it's explanation of the "control group" concept. The Westinghouse court found that the control group includes any "employee making the communication, of whatever rank he may be," if he "is in the position to control or even to take a substantial part in a decision about any action which the corporation may take upon the advice of the attorney, or if he is an authorized member of a body or group which has that authority." Id. at 485. In these cases, the employee, in effect, "is (or personifies) the corporation when he makes his disclosure to the lawyer." Id. "In all other cases the employee would be merely giving information to the lawyer to enable the latter to advise those in the corporation having the authority to act or refrain from acting on the advice." Id.

Furthermore, communications between control group members and attorneys must be confidential. As the commentary to the Alaska Rules of Evidence explains, "the requisite confidentiality of communications is defined in terms of intent ... Taking or failing to take precautions [from disclosure to third-parties or the public] may be considered as bearing on intent." Alaska R. Evid. 503(a)(2) cmt. Communications can be made outside of the control group without waiving privilege if the disclosure is "for the rendition of professional legal

services to the client". Id.[4]

During the pendency of Manumitted's present motion, Tesoro filed a revised, expanded privilege log. The amended privilege log did not withdraw the claim of privilege with respect to any documents included in the initial privilege log. Manumitted argues that the privilege log, even as revised, lacks sufficient detail to allow it to determine whether a document has been legitimately designated as privileged or otherwise protected. The Court agrees. Tesoro is instructed to revise its privilege log in accordance with the principals outlined above and turn over non-privileged material, if any. Tesoro's revised privilege log must contain information adequate to allow Manumitted to assess the privilege asserted. It must include a description of the subject matter of the communication redacted or omitted and a list of all known recipients of the communication, indicating whether they were the addressee or copied thereto and, where feasible, when the document was distributed to the recipients.

Costs and Fees

Federal Rule of Civil Procedure 37(a)(4) provides that if a motion to compel is granted, or requested discovery provided only after the motion is filed, the court shall award reasonable costs and attorney fees to the prevailing party, unless the losing party demonstrates that it was substantially justified in withholding the information sought or that the moving party failed to engage in a good-faith effort to obtain disclosure without court intervention. Tesoro's withholding of the proprietary documents was not substantially justified in light of the existing protective order in this matter. Tesoro's original, bare-bones privilege log and its broad

---

[4] Manumitted also appears to challenge Tesoro's designation of certain documents as protected by the attorney work product doctrine. Manumitted's principal complaint here is also that Tesoro's privilege log does not contain sufficient detail to allow it to determine whether a document has been legitimately designated as protected attorney work product.

assertions of privilege protection are equally unjustified.[5] Manumitted has presented evidence that it attempted in good faith to meet and confer with Tesoro prior to filing the instant motion. Thus, Tesoro is ordered to pay the reasonable costs and expenses incurred by Manumitted in bringing this motion to compel.

Special Discovery Master

At oral argument, the parties expressed willingness to refer future discovery disputes, including Manumitted's second motion to compel (Docket No. 50) to a special master. The Court has determined that no court personnel are available to serve in that position at this time. The parties shall jointly prepare a draft order which will (i) propose the name of a single special master or, if the parties cannot agree to a single name, four proposals for special master, two from each party; (ii) set forth how the special master is to be compensated; and (iii) set forth how the parties will bear these costs (e.g. fully compensated by the loser of discovery disputes, funded equally by each party).

Conclusion

Manumitted's motion to compel (Docket No. 23) is **GRANTED**.

Within ten business days, Tesoro shall produce, pursuant to the protective order previously entered herein, all documents that were withheld because they contain alleged proprietary, confidential, or internal financial information, including documents Bates stamped TAC-102974 - TAC-102979, TAC-102947, and TAC-102991 - TAC-103011. Should the parties deem it necessary, they shall jointly submit a proposed amendment to the protective order

---

[5] Although the revised privilege log produced by Tesoro during the pendency of Manumitted's present motion is certainly more robust than its initial log, Fed. R. Civ. P. 37(a)(4) is clear that the disclosure of requested material after the motion is filed will not mitigate the rule's fee-shifting provisions.

putting in place increased levels of confidentiality protections, such as "attorney eyes only" designations.

Within ten business days, Tesoro shall produce a revised privilege log, which shall include, at a minimum, a description of the subject matter of the communication redacted or omitted, a list of all known recipients of the communication, indicating whether they were the addressee or copied thereto, and a specific explanation for why the document is privileged. Tesoro shall produce those documents that are not privileged under Alaska law along with the revised privilege log.

Within ten business days, Manumitted shall file and serve a detailed accounting of the costs and fees incurred in bringing this motion to compel. Tesoro shall have five business days to respond to the accounting.

Within fifteen business days, the parties shall submit a joint order regarding the appointment of a special discovery master. At a minimum, the order shall contain the provisions outlined above.

Dated at Anchorage, Alaska, this 16th day of August, 2006.

/s/ Timothy Burgess<br>
Timothy M. Burgess<br>
United States District Judge