Frederick J. Odsen
Alaska Bar No. 7906043
Carl J.D. Bauman
Alaska Bar No. 7310038
Hughes Bauman Pfiffner Gorski & Seedorf, LLC
3900 C Street, Suite 1001
Anchorage, Alaska 99503
Telephone Number:   (907) 274-7522
Facsimile Number:   (907) 263-8320

Attorneys for Defendant Tesoro Alaska Company

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MANUMITTED COMPANIES, INC.,<br><br>              Plaintiff,<br>vs.<br><br>TESORO ALASKA COMPANY,<br><br>              Defendant. | Case No. 3:05-cv-00185-TMB |

**RESPONSE TO MANUMITTED'S ACCOUNTING FOR ATTORNEY'S FEES AND COSTS INCURRED IN BRINGING FIRST MOTION TO COMPEL**

COMES NOW defendant, Tesoro Alaska Company, by and through its attorneys of record, and responds herein to Manumitted's accounting for attorney's fees and costs incurred in bringing the first motion to compel. As an initial matter, Tesoro is

of the view that the hourly rates asserted by Manumitted's counsel are above the prevailing local market rates. Based on the accounting, Mr. Mills, with roughly 17 years of admitted experience as an attorney, is charging $265 per hour and Ms. Leukuma as a roughly 7 year attorney is charging $180.00 per hour. In the Order Authorizing Employment of Bankston Groening O'Hara, et al., as General Counsel for the Debtor dated December 22, 2004, under Bankruptcy Court Docket Entry 19, the court approved Mr. Mills' firm's employment in the bankruptcy proceeding, captioned *In Re Manumitted Companies, Inc.*, Case No. A04-01318-DMD. The underlying application provided that Mr. Mills' hourly rate would be $235 per hour. The application did note that hourly rates may change from time to time in accordance with the law firm's assessment and adjustment of its hourly rates. Mr. Mills is now with the Dorsey & Whitney firm, but is continuing to handle this litigation on a contingent fee basis in accordance with an Order Approving Modified Employment Agreement with Dorsey & Whitney to Provide for Contingency Fees in the Tesoro Litigation dated February 2, 2006, filed under Docket Entry 84 in the Bankruptcy Court. The Bankruptcy Court also entered an Order Approving First Interim Fee Application for Debtor's Counsel dated July 17, 2006 under Bankruptcy Court Docket Entry 93. Based on that order, some of Mr. Mills' legal work was approved at the rate of $250 per hour and more recent work was approved at the rate of $265 per hour. His associate, Mr. Allen Clendaniel, was approved for a limited

Hughes Bauman Pfiffner
Gorski & Seedorf, LLC
Attorneys at Law
3900 C Street
Suite 1001
Anchorage, Alaska 99503
(907) 274-7522
(907) 263-8320 fax

amount of work at $150 per hour and $160 per hour.  Ms. Leukuma's employment and hourly rate were, insofar as Tesoro can tell, not specifically approved by the Bankruptcy Court.  By way of contrast, the hourly rates charged by counsel for Tesoro included $220 per hour for Frederick J. Odsen[1] and approximately $110 for Ronald Bussey, a seasoned senior attorney with over 30 years of experience in Alaska as an admitted attorney.  Mr. Mills is a good attorney, and Ms. Leukuma provided a reasonable work product.  The court was complimentary of all counsel with respect to the quality of the briefing and argument.  However, based on the foregoing information and the prevailing local market, Tesoro would respectfully suggest that a reasonable rate for Mr. Mills would be no more than the originally approved $235 per hour and a reasonable rate for Ms. Leukuma would be in the range of $150 to $160 as her experience is comparable to Mr. Clendaniel.

### THE HOURS SPENT WITH RESPECT TO THE MOTION TO COMPEL AND REPLY ARE UNDULY HIGH

It appears that Ms. Leukuma spent a total of about 16 hours in researching, drafting, revising, and finalizing the motion to compel.  She also spent about one-half hour discussing Mr. Olds' affidavit and revising the affidavit, which seems a reasonable number.  The 16 hour figure appears to be unduly high for a motion to compel that really only required the citation of limited legal authority with regard to the attorney-client

---

[1] Mr. Bauman and Mr. Odsen are both AV rated lawyers with substantially more years of experience than plaintiff's able counsel.

Hughes Bauman Pfiffner
Gorski & Seedorf, LLC
Attorneys at Law
3900 C Street
Suite 1001
Anchorage, Alaska 99503
(907) 274-7522
(907) 263-8320 Fax

Response to Manumitted's Accounting
*Manumitted Companies, Inc. v. Tesoro Alaska Company*
Page 3 of 10

privilege, together with a recitation of facts, and some authority on the proprietary issue. The amount of time, 15.8 hours, that Mr. Mills devoted to his review of the initial motion to compel is incredibly high. Ms. Leukuma spent 47 hours on the first motion to compel. There is simply no justification for the extraordinary duplication of effort.

Turning to the specifics of the time devoted to the reply, it appears that Ms. Leukuma spent a total of about 22.6 hours in researching and preparing the reply. Obviously that was more time than was involved in preparing the motion itself. Admittedly, the motion, opposition, and reply involved significant legal and factual issues. However, an extraordinary amount of time was spent in revising the pleading, including 5.3 hours spent on June 14, 2006 after approximately 9.3 hours had been spent on June 12, 2006 in drafting the document.

If this case were not being handled on a contingent fee basis, a substantial reduction of the time devoted to the motion to compel would have been, or at least should have been, taken into account in the billing to the client. Here, in a contingent fee setting, there is no client to "police" the entry of time or the rate attributed thereto.

Finally, both Mr. Mills and Ms. Leukuma attended and participated in the hearing on the motion to compel.[2]  The records indicate that Mr. Mills spent about 5.5

---

[2] That is also true of Tesoro counsel, Carl Bauman and Frederick Odsen. However, as Mr. Bauman stated at the hearing, it was not Tesoro's intent to seek costs and attorney's

Hughes Bauman Pfiffner
Gorski & Seedorf, LLC
ATTORNEYS AT LAW
3900 C STREET
SUITE 1001
ANCHORAGE, ALASKA 99503
(907) 274-7522
(907) 263-8320 FAX

Response to Manumitted's Accounting
*Manumitted Companies, Inc. v. Tesoro Alaska Company*
Page 4 of 10

hours on the date of the oral argument in preparation and attendance at the hearing. Ms. Leukuma spent about the same amount of time. In addition, Mr. Mills spent about 2.3 hours in additional time in preparation for the hearing and Ms. Leukuma spent about 2.0 hours in additional time in preparation for the hearing. The 2.3 hour figure and the 2.0 hour figure seem justifiable given the fact that it is proper for counsel to prepare thoroughly for oral arguments. On the date of the hearing, Mr. Bauman spent approximately 3.5 hours in final preparation for and attending the oral argument. Mr. Odsen billed 3.2 hours with respect to those endeavors on that day.

The parties are in agreement that the second motion to compel was mooted by the court's ruling with regard to the first motion to compel. Tesoro is accordingly not critiquing Manumitted's claims for costs and attorneys' fees with respect to the second motion to compel. The second motion to compel was essentially directed at the question of producing proprietary documents. The first motion to compel directly addressed that issue in all material respects.[3] However, given the fact the proprietary documentation issue had been briefed and was at issue, the second motion did not add much to the analysis. Tesoro respectfully submits, therefore, that the level of attorneys' fees incurred by Manumitted with regard to the second motion to compel is not materially relevant to

---

fees from Manumitted even if Tesoro won the motion to compel based upon the significant issues involved and the honest disagreement between the parties.

[3] Tesoro does acknowledge that there is a difference between the scope of discovery applicable to initial disclosures versus responses to discovery requests.

HUGHES BAUMAN PFIFFNER
GORSKI & SEEDORF, LLC
ATTORNEYS AT LAW
3900 C STREET
SUITE 1001
ANCHORAGE, ALASKA 99503
(907) 274-7522
(907) 263-8320 FAX

any award of attorneys' fees and costs the court might choose in its discretion to enter with regard to the first motion to compel.

### ANY AWARD OF ATTORNEYS' FEES AND COSTS AGAINST TESORO SHOULD BE OFFSET AGAINST MANUMITTED'S OBLIGATIONS TO TESORO

Tesoro is the holder of a promissory note executed by Manumitted in the stated amount of $570,914.92. Tesoro has filed a Proof of Claim in Manumitted's bankruptcy asserting an amount due as of the November 29, 2004 petition date of $478,874.28. A copy of the relevant Proof of Claim (without the extensive backup documentation filed in the bankruptcy court) is attached here as Exhibit A. Manumitted does not deny executing the Promissory Note or owing the amount due thereunder. Tesoro respectfully submits that given the substantial amount owed it by Manumitted, as well as the otherwise contested facts of this matter, it would be appropriate for the court to order that any award of attorneys' fees and costs with regard to the first motion to compel be paid via an offset against the amount owed to Tesoro under the Promissory Note. The net result of such a ruling would be that Tesoro's affirmative claim against the plaintiff debtor will be reduced by such an amount. If it should come to pass that the plaintiff did recover a judgment against Tesoro, the amount of the offset otherwise available to Tesoro against any such liability would similarly be reduced. In either case,

Hughes Bauman Pfiffner
Gorski & Seedorf, LLC
Attorneys at Law
3900 C Street
Suite 1001
Anchorage, Alaska 99503
(907) 274-7522
(907) 263-8320 Fax

Response to Manumitted's Accounting
*Manumitted Companies, Inc. v. Tesoro Alaska Company*
Page 6 of 10

Manumitted would receive the benefit of award of costs and attorneys' fees awarded by this court with respect to the first motion to compel.

## THE COURT HAS DISCRETION IN DETERMINING THE LEVEL OF COSTS AND ATTORNEYS' FEES TO AWARD AS A DISCOVERY SANCTION

The court has discretion as to the amount of expenses and fees that it awards under Civil Rule 37, Wright, Miller & Marcus, *Federal Practice and Procedure: Civil 2d § 2288* (1994). The court has discretion to not award sanctions if the non-disclosure was substantially justified (with respect to which this court ruled against Tesoro in this instance) or if the circumstances make an award of expenses unjust, Federal Rule of Civil Procedure 37(a)(4)(A). Local Rule 37.1 addresses the standards for imposition for sanctions in this district. It provides that prior to entering an order granting sanctions, the court should consider factors that include "the nature of the violation, including the willfulness of the conduct and the materiality of the information the party refused to disclose."[4] Other factors include the prejudice to the opposing party,

---

[4] Local Rule 37.1 provides as follows:
   Rule 37.1. Sanctions for Discovery Violations
   (a) Standard for Imposition of Sanctions. Prior to entering an order under Rule 37, Federal Rules of Civil Procedure, the court will consider:
   [1] the nature of the violation, including the willfulness of the conduct and the materiality of the information the party refused to disclose;
   [2] the prejudice to the opposing party;
   [3] the relationship between the information the party refused to disclose and the proposed sanction;

Hughes Bauman Pfiffner
Gorski & Seedorf, LLC
ATTORNEYS AT LAW
3900 C STREET
SUITE 1001
ANCHORAGE, ALASKA 99503
(907) 274-7522
(907) 263-8320 FAX

the relationship between the information the party refuses to disclose and the proposed sanction, whether a lesser sanction would adequately protect the opposing party and deter other discovery violations; and other factors deemed appropriate by the court or required by law.

In this situation, the motion to compel arose in the context of a motion to compel information in the initial disclosure phase. Manumitted argued that the motion to compel in such a circumstance is unusual. That may be the case, but it reflects no type of unwillfulness or bad faith on the part of Tesoro, but rather an effort to make full disclosures in a detailed and forthright manner.[5] At the time the initial disclosures were exchanged, Manumitted had served certain discovery requests upon Tesoro. Manumitted has acknowledged that responses to those discovery requests were not due at the time the

---

[4] whether a lesser sanction would adequately protect the opposing party and deter other discovery violations; and
[5] other factors deemed appropriate by the court or required by law.
(b) Dismissal, Establishment, or Preclusion. The court will not enter an order that has the effect of establishing or dismissing a claim or defense or determining or precluding a central issue in the litigation unless the court finds that the party acted willfully.

[5] Counsel for Tesoro were admittedly influenced by the fact that Rule 26(a)(1)(D) of the Alaska Rules of Civil Procedure requires a party to copy or describe by category "all documents ... that are relevant to disputed facts alleged with particularly in the pleadings." In contrast the comparable federal rule only requires the identification of documents that the party "may use to support its claims" in the proceeding. This difference led to an over identification by Tesoro, in an abundance of caution and in good faith. Manumitted seized upon the "may use" language to obtain an advantage as to documents that need not have been disclosed or identified in the first instance under a strict reading of FRCP 26.

Hughes Bauman Pfiffner
Gorski & Seedorf, LLC
ATTORNEYS AT LAW
3900 C STREET
SUITE 1001
ANCHORAGE, ALASKA 99503
(907) 274-7522
(907) 263-8320 FAX

Response to Manumitted's Accounting
*Manumitted Companies, Inc. v. Tesoro Alaska Company*
Page 8 of 10

initial disclosures were exchanged. Tesoro attempted, however, in the context of its initial disclosures to include the information covered by those discovery requests. Tesoro also properly sought to put Manumitted on clear notice of the existence of information (principally e-mails) that was privileged under the attorney-client or work product privileges. It also asserted that certain information and documentation was proprietary and ought not be disclosed based upon the court's previous order with reference to a subpoena served upon Captain Joe's. Admittedly Tesoro lost the proprietary information argument, but to say that its actions were willful or in bad faith simply isn't correct. While the court in its order of August 16, 2006 has indicated that it intends to impose monetary sanctions at some level on Tesoro, the court, as noted above, also observed that the briefing with respect to the discovery issues was well done. The briefing rigorously raised material legal questions over which reasonable minds might differ even if one side losses the argument in whole or in part. Under Local Rule 37.1, the overall context of the discovery dispute can appropriately be considered by the court in determining the sanctions, including the monetary amount to be assessed. In light of the rule and the circumstances, Tesoro respectfully suggests that the $12,847.23 being sought by Manumitted is remarkably and unreasonably high.[6] A materially lesser amount, if any, should be awarded by the court.

HUGHES BAUMAN PFIFFNER
GORSKI & SEEDORF, LLC
ATTORNEYS AT LAW
3900 C STREET
SUITE 1001
ANCHORAGE, ALASKA 99503
(907) 274-7522
(907) 263-8320 FAX

---

[6] Of course, the facts and circumstances of each case differ, but it is striking to observe

Response to Manumitted's Accounting
*Manumitted Companies, Inc. v. Tesoro Alaska Company*
Page 9 of 10

that many of the reported cases discussing imposition of monetary sanctions involve substantially lesser sanction amounts than the $12,791.00 sought by Manumitted. *E* *Trade Securities, LLC v. Deutsche Bank, AG*, 230 F.R.D. 582 (D.Minn. 2005) (sanctions of $5,000 each against two related defendants in conjunction with other material sanctions); *Argo Marine Systems, Inc. v. Camar Corporation*, 755 F.2d 1006 (2nd Cir. 1984) (Rule 37(b)(2) sanctions of not less than $50,000 sought, but $3,500 sanction imposed); *Church of Scientology of California v. Siegelman*, 86 F.R.D. 553 (S.D.N.Y. 1980) ($2,000 sanction imposed following previous sanctions and a refusal to provide discovery); *Wiegel v. Shapiro*, 608 F.2d 268 (7th Cir. 1979) (Rule 37(b)(2) sanction of $1,588.90 sought based on failure to answer questions at depositions, with a sanction of $546.40 entered). Some of those cases also involve willful or egregious conduct which lacks a thoughtful basis or a dispute over which reasonable minds might differ.

DATED this 6th day of September, 2006.

HUGHES BAUMAN PFIFFNER
GORSKI & SEEDORF, LLC
Attorney for Defendant,
Tesoro Alaska Company

By:    s/ Carl J. D. Bauman
Carl J. D. Bauman
Alaska Bar No. 7310038
3900 C Street, Suite 1001
Anchorage, AK 99503
Telephone Number: (907) 274-7522
Facsimile Number: (907) 263-8320
Email: CJB@hbplaw.net

250808

I hereby certify that a true and correct copy of the foregoing was served via the court's ECF system on the 6th day of September, 2006 to:

Michael R. Mills / Wendy E. Leukuma
Dorsey & Whitney LLP
1031 W. 4th Avenue, Suite 600
Anchorage, AK 99501

Carl J. D. Bauman

Response to Manumitted's Accounting
*Manumitted Companies, Inc. v. Tesoro Alaska Company*
Page 10 of 10