Frederick J. Odsen
ABA No. 7906043
Carl J.D. Bauman
ABA No. 7310038
Hughes Bauman Pfiffner Gorski & Seedorf, LLC
3900 C Street, Suite 1001
Anchorage, AK  99503
Telephone Number:   (907) 274-7522
Facsimile Number:   (907) 263-8320

Attorneys for Defendant Tesoro Alaska Company

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

MANUMITTED COMPANIES, INC.,

      Plaintiff,

vs.

TESORO ALASKA COMPANY,

      Defendant.

Case No. A05-185CV (JKS)

## **ANSWER AND COUNTERCLAIMS**

COMES NOW defendant, **TESORO ALASKA COMPANY**, by and through its attorneys, Hughes Bauman Pfiffner Gorski & Seedorf, LLC, and in response to the Plaintiff's Complaint in the captioned matter states and answers as follows:

HUGHES BAUMAN PFIFFNER
GORSKI & SEEDORF, LLC
ATTORNEYS AT LAW
3900 C STREET
SUITE 1001
ANCHORAGE, ALASKA 99503
(907) 274-7522
(907) 263-8320 FAX

1.      Tesoro Alaska Company (hereinafter sometimes referred to as "Defendant") states that the assertion of the Alaska State Superior Court's jurisdiction is a legal conclusion to which no responsive pleading is required.   To the extent the question of venue is addressed in the pertinent Dealer Agreement, the terms of that document speak for themselves.   All other allegations set forth in paragraph 1 of Plaintiff's Complaint are denied.  Defendant has removed the matter to the United States Federal District Court for the District of Alaska and admits that court has jurisdiction over this matter.

2.      Defendant denies that Manumitted Companies, Inc. is an Alaska corporation and asserts that according to the records of the State of Alaska, the plaintiff was involuntarily dissolved as a corporation on or about August 13, 2004.

3.      Defendant admits the allegations set forth in paragraph 3 of Plaintiff's Complaint, and states that Defendant does business in Alaska and elsewhere.

4.      Defendant states that Plaintiff and Defendant entered into a certain Distributor Lease Agreement on or about May 31, 1995 covering the property therein described, the terms of which speak for themselves.   Defendant denies all other allegations set forth in Paragraph 4 of Plaintiff's Complaint.

5.      Defendant admits the allegations set forth in paragraph 5 of Plaintiff's Complaint.

HUGHES BAUMAN PFIFFNER
GORSKI & SEEDORF, LLC
ATTORNEYS AT LAW
3900 C STREET
SUITE 1001
ANCHORAGE, ALASKA 99503
(907) 274-7522
(907) 263-8320 FAX

6.      With respect to the allegations set forth in paragraph 6 of Plaintiff's Complaint, Defendant admits that the documents referred to by the Plaintiff as the "Settlement Documents" were executed in April of 1999 along with other documentation pertinent to the transaction.    Otherwise the allegations set forth in paragraph 6 of Plaintiff's Complaint are denied.

7.      With respect to the allegations set forth in paragraph 7 of Plaintiff's Complaint, Defendant states that it and Plaintiff were aware of environmental contamination affecting the subject property at the time the pertinent Mutual Hazardous Materials Indemnification Agreement was executed in April 1999 as recited therein, the terms of which speak for themselves.  To the extent the allegations set forth in paragraph 7 of Plaintiff's Complaint constitute legal conclusions, no responsive pleading is required.  Defendant denies all other allegations set forth in paragraph 7 of Plaintiff's Complaint.

8.      Defendant admits that Gilfilian Engineering & Environmental Testing, Inc. of Anchorage did undertake certain environmental assessments with regard to the relevant property.  Defendant has reviewed its environmental files and is without specific knowledge or information sufficient to form a belief as to the other allegations set forth in paragraph 8 of Plaintiff's Complaint and, accordingly, denies them.

9.      With respect to the allegations set forth in paragraph 9 of Plaintiff's Complaint, Defendant asserts that the terms of the Mutual Hazardous Materials

HUGHES BAUMAN PFIFFNER
GORSKI & SEEDORF, LLC
ATTORNEYS AT LAW
3900 C STREET
SUITE 1001
ANCHORAGE, ALASKA 99503
(907) 274-7522
(907) 263-8320 FAX

Indemnification Agreement speak for themselves. Defendant denies any other allegations set forth in paragraph 9 of Plaintiff's Complaint.

10.    With respect to the allegations set forth in paragraph 10 of Plaintiff's Complaint, Defendant asserts that the terms of the Mutual Hazardous Materials Indemnification Agreement speak for themselves. All other allegations set forth in paragraph 10 of Plaintiff's Complaint are denied.

11.    With respect to the allegations set forth in paragraph 11 of Plaintiff's Complaint, Defendant asserts that the terms of the Mutual Hazardous Materials Indemnification Agreement speak for themselves.

12.    Defendant denies the allegations set forth in paragraph 12 of Plaintiff's Complaint.

13.    With respect to the allegations set forth in paragraph 13 of Plaintiff's Complaint, Defendant states as follows: The terms of the pertinent Dealer Agreement speak for themselves. Defendant admits that the allegations set forth in paragraph 13 (a). With regard to the allegations set forth in paragraph 13(e), the terms of the Dealer Agreement speak for themselves. Defendant otherwise denies the allegations in paragraph 13(e). With regard to the allegations set forth in paragraph 13(f), Defendant states that beginning in approximately the fourth quarter of 1998 or the first quarter of 1999, it had both the Tesoro Alaska signage scheme (including without limitation blue, gold, orange and red colors) present at Plaintiff's station and a treasure burst image

HUGHES BAUMAN PFIFFNER
GORSKI & SEEDORF, LLC
ATTORNEYS AT LAW
3900 C STREET
SUITE 1001
ANCHORAGE, ALASKA 99503
(907) 274-7522
(907) 263-8320 FAX

signage scheme. Defendant denies the allegations set forth in paragraph 13(g), and all other allegations in paragraph 13 of Plaintiff's Complaint.

14.    With respect to the allegations set forth in paragraph 14(a) of Plaintiff's Complaint, Defendant states that effective on or about November 1, 2001 the terms of sale for all direct dealers in Alaska were, following notice given in approximately July, 2001, changed from net 30 days to net 15 days.

(b)    With respect to the allegations set forth in paragraph 14(b) of Plaintiff's Complaint, Defendant states that beginning in approximately the fourth quarter of 1998 or the first quarter of 1999, it did establish a treasure burst image signage scheme in addition to its Tesoro Alaska signage scheme. Defendant denies all other allegations set forth in paragraph 14(b) of Plaintiffs' Complaint.

(c)    With respect to the allegations set forth in paragraph 14(c) of Plaintiffs' Complaint, Defendant states that in approximately 2002 with respect to all dealers in Alaska it discontinued the types of services therein described in a manner consistent with the pertinent agreements between the parties.

(d)    Defendant denies the allegations set forth in paragraph 14(d) of Plaintiff's Complaint.

(e)    Defendant denies the allegations set forth in paragraph 14(e) of Plaintiff's Complaint.

HUGHES BAUMAN PFIFFNER
GORSKI & SEEDORF, LLC
ATTORNEYS AT LAW
3900 C STREET
SUITE 1001
ANCHORAGE, ALASKA 99503
(907) 274-7522
(907) 263-8320 FAX

(f)    With respect to the allegations set forth in paragraph 14(f) of Plaintiff's Complaint, Defendant states that in approximately 2002 for all dealers in Alaska, it discontinued certain activities which had previously been provided including certain clean-up services such as power washing canopies and pads, decal repair and curb painting  Defendant denies all other allegations set forth in paragraph 14(f) of Plaintiff's Complaint.

(g)    Defendant denies the allegations set forth in paragraph 14(g), and all other allegations in paragraph 14 of Plaintiff's Complaint.

15.    Defendant admits that to the best of its knowledge the allegations set forth in paragraph 15 of Plaintiff's Complaint are correct.

16.    With respect to the allegations set forth in paragraph 16 of Plaintiff's Complaint, Defendant states that an already existing Tesoro branded station located in the vicinity of the Plaintiff's station was remodeled and re-imaged by the station owner and operator.    Defendant denies the remaining allegations set forth in paragraph 16 of Plaintiff's Complaint.

17.    With respect to the allegations set forth in paragraph 17 of Plaintiff's Complaint, Defendant admits that the re-imaged station did feature signs with the Tesoro treasure burst image and that the treasure burst image was different than the signage that existed at Plaintiff's station.    Defendant denies the remaining allegations set forth in paragraph 17 of Plaintiff's Complaint.    Without limiting the foregoing, Defendant denies

HUGHES BAUMAN PFIFFNER
GORSKI & SEEDORF, LLC
ATTORNEYS AT LAW
3900 C STREET
SUITE 1001
ANCHORAGE, ALASKA 99503
(907) 274-7522
(907) 263-8320 FAX

that Defendant's advertising materials at the time did not include the Tesoro Alaska image located on Plaintiff's station; those advertising materials did include the Tesoro Alaska image.

18.    With respect to the allegations set forth in paragraph 18 of Plaintiff's Complaint, Defendant asserts that Plaintiff did not request an opportunity to upgrade its current location with any new signage or convenience store format and that Plaintiff was neither offered nor denied an opportunity to upgrade its station.  Defendant denies the remaining allegations set forth in paragraph 18 of Plaintiff's Complaint.

19.    With respect to the allegations set forth in the first sentence of paragraph 19 of Plaintiff's Complaint, Defendant asserts that the terms of the Settlement Documents speak for themselves.  Defendant denies the remaining allegations set forth in paragraph 19 of Plaintiff's Complaint.

20.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20 of Plaintiff's Complaint, and, accordingly, denies them.

21.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21 of Plaintiff's Complaint, and, accordingly, denies them.

HUGHES BAUMAN PFIFFNER
GORSKI & SEEDORF, LLC
ATTORNEYS AT LAW
3900 C STREET
SUITE 1001
ANCHORAGE, ALASKA 99503
(907) 274-7522
(907) 263-8320 FAX

22.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22 of Plaintiff's Complaint, and, accordingly denies them.

23.    With respect to the allegations set forth in paragraph 23 of Plaintiff's Complaint, Defendant states that Plaintiff remained substantially current with respect to the terms of the relevant Promissory Note until February, 2004. Defendant denies the remaining allegations set forth in paragraph 23 of Plaintiff's Complaint.

24.    With respect to the allegations set forth in paragraph 24 of Plaintiff's Complaint, Defendant admits that a Notice of Default and Sale commencing a non-judicial deed of trust foreclosure sale was recorded on July 7, 2004.

25.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the assertions set forth in paragraph 25 of Plaintiff's Complaint, and, accordingly, denies them.

26.    With respect to the allegations set forth in paragraph 26 of Plaintiff's Complaint, Defendant states as follows: Defendant states that Mr. Ben Olds requested a copy of the latest environmental reports pertaining to the property on or about February 2, 2004. The most recent ground water sampling results of studies done in January, 2004 were not available at the time of Mr. Old's call because the results and report were not completed by then. The most recent and final such report was provided Mr. Olds in a timely manner in the circumstances. Insofar as a 2004 work plan with

HUGHES BAUMAN PFIFFNER
GORSKI & SEEDORF, LLC
ATTORNEYS AT LAW
3900 C STREET
SUITE 1001
ANCHORAGE, ALASKA 99503
(907) 274-7522
(907) 263-8320 FAX

Answer and Counterclaims
Manumitted Companies, Inc. v. Tesoro Alaska Company
Page 8 of 25

regard to the property is concerned, it was submitted to the Department of Environmental Conservation on or about May 17, 2004, but not approved until September 7, 2004. Environmental reports filed with the State of Alaska DEC prior to May 17, 2004 were available to Plaintiff as public records. Defendant is either without information sufficient to answer or otherwise denies the remaining allegations set forth in paragraph 26 of Plaintiff's Complaint.

27.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the assertions set forth in paragraph 27 of Plaintiff's Complaint, and, accordingly, denies them.

28.    Defendant admits the allegations set forth in paragraph 28 of Plaintiff's Complaint.

29.    Defendant admits receiving a letter dated September 3, 2004 that appears to come within the scope of the assertions set forth in paragraph 29 of Plaintiff's Complaint, and Defendant asserts that the terms of the letter speak for themselves.

30.    Defendant admits that it advised Plaintiff that by the terms of the Mutual Hazardous Materials Indemnification Agreement, it was expressly not assignable and that Defendant was not prepared to consent to such an assignment. Defendant denies the other allegations set forth in paragraph 30 of Plaintiff's Complaint.

HUGHES BAUMAN PFIFFNER
GORSKI & SEEDORF, LLC
ATTORNEYS AT LAW
3900 C STREET
SUITE 1001
ANCHORAGE, ALASKA 99503
(907) 274-7522
(907) 263-8320 FAX

31.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the assertions set forth in paragraph 31 of Plaintiff's Complaint, and, accordingly, denies them.

32.     Defendant admits that it has discussed possible means of resolving disputes with Plaintiff, but that no settlement agreement has been achieved.

33.     Defendant admits the allegations set forth in paragraph 33 of Plaintiff's Complaint.

34.     Defendant denies the allegations set forth in paragraph 34 of Plaintiff's Complaint.

35.     Defendant denies the allegations set forth in paragraph 35 of Plaintiff's Complaint.

### FIRST CAUSE OF ACTION
### (Breach of Contract – Distributor Agreement)

36.     With respect to the allegations set forth in paragraph 36 of Plaintiff's Complaint, Defendant avers to its previous responses set forth above.

37.     To the extent that the allegations set forth in paragraph 37 of Plaintiff's Complaint refer to the Dealer Agreement, that document speaks for itself.

38.     Defendant denies the allegations set forth in paragraph 38 of Plaintiff's Complaint.

HUGHES BAUMAN PFIFFNER
GORSKI & SEEDORF, LLC
ATTORNEYS AT LAW
3900 C STREET
SUITE 1001
ANCHORAGE, ALASKA 99503
(907) 274-7522
(907) 263-8320 FAX

39.    Defendant denies the allegations set forth in the first sentence in paragraph 39 of Plaintiff's Complaint.  Defendant either denies or is without knowledge or information sufficient to form a belief as to the truth of the assertions set forth in the second sentence of paragraph 39 of Plaintiff's Complaint, and, accordingly, denies them.

40.    The allegations set forth in paragraph 40 of Plaintiff's Complaint constitute legal conclusions to which no responsive pleading is required.  To the extent the allegations comprise assertions of fact, they are denied by the Defendant.

41.    The allegations set forth in paragraph 41 of Plaintiff's Complaint constitute legal conclusions to which no responsive pleading is required.  To the extent the allegations comprise assertions of fact, they are denied by the Defendant.

42.    The allegations set forth in paragraph 42 of Plaintiff's Complaint constitute legal conclusions to which no responsive pleading is required.  To the extent the allegations comprise assertions of fact, they are denied by the Defendant.

## SECOND CAUSE OF ACTION
### (Breach of Implied Covenant of Good Faith and Fair Dealing)

43.    With respect to the allegations set forth in paragraph 43 of Plaintiff's Complaint, Defendant avers to its previous responses set forth above.

44.    The allegations set forth in paragraph 44 of Plaintiff's Complaint constitute legal conclusions to which no responsive pleading is required.  To the extent the allegations comprise assertions of fact, they are denied by the Defendant.

HUGHES BAUMAN PFEFFNER
GORSKI & SEEDORF, LLC
ATTORNEYS AT LAW
SUITE 1001
3900 C STREET
ANCHORAGE, ALASKA 99503
(907) 274-7522
(907) 263-8320 FAX

45.    The allegations set forth in paragraph 45 of Plaintiff's Complaint constitute legal conclusions to which no responsive pleading is required. To the extent the allegations comprise assertions of fact, they are denied by the Defendant.

46.    The allegations set forth in paragraph 46 of Plaintiff's Complaint constitute legal conclusions to which no responsive pleading is required. To the extent the allegations comprise assertions of fact, they are denied by the Defendant.

47.    The allegations set forth in paragraph 47 of Plaintiff's Complaint constitute legal conclusions to which no responsive pleading is required. To the extent the allegations comprise assertions of fact, they are denied by the Defendant.

48.    Defendant denies the allegations set forth in paragraph 48 of Plaintiff's Complaint.

49.    With respect to the first sentence in paragraph 49 of Plaintiff's Complaint, the allegations set forth therein constitute legal conclusions to which no responsive pleading is required. To the extent the allegations comprise assertions of fact, they are denied by the Defendant. With regard to the assertions set forth in the second sentence of paragraph 49 of Plaintiff's Complaint, Defendant asserts that the terms of the Mutual Hazardous Materials Indemnification Agreement speak for themselves. The allegation that the relevant Property has not been fully remediated constitutes a legal conclusion to which no responsive pleading is required; and to the extent that it constitutes a factual assertion it is denied. Defendant denies any implication that it has

HUGHES BAUMAN PFEFFNER
GORSKI & SEEDORF, LLC
ATTORNEYS AT LAW
3900 C STREET
SUITE 1001
ANCHORAGE, ALASKA 99503
(907) 274-7522
(907) 263-8320 FAX

breached the Mutual Hazardous Materials Indemnification Agreement and denies any other allegations set forth in paragraph 49.

50.　　The allegations set forth in paragraph 50 of Plaintiff's Complaint constitute legal conclusions to which no responsive pleading is required. To the extent the allegations comprise assertions of fact, they are denied by the Defendant.

51.　　The allegations set forth in paragraph 51 of Plaintiff's Complaint constitute legal conclusions to which no responsive pleading is required. To the extent the allegations comprise assertions of fact, they are denied by the Defendant.

## THIRD CAUSE OF ACTION
### (Intentional Interference with Business Opportunity)

52.　　With respect to the allegations set forth in paragraph 52 of Plaintiff's Complaint, Defendant avers to its previous responses set forth above.

53.　　The allegations set forth in paragraph 53 of Plaintiff's Complaint constitute legal conclusions to which no responsive pleading is required. To the extent the allegations comprise assertions of fact, they are denied by the Defendant.

54.　　The allegations set forth in paragraph 54 of Plaintiff's Complaint constitute legal conclusions to which no responsive pleading is required. To the extent the allegations comprise assertions of fact, they are denied by the Defendant.

HUGHES BAUMAN PFIFFNER
GORSKI & SEEDORF, LLC
ATTORNEYS AT LAW
3900 C STREET
SUITE 1001
ANCHORAGE, ALASKA 99503
(907) 274-7522
(907) 263-8320 FAX

55.    The allegations set forth in paragraph 55 of Plaintiff's Complaint constitute legal conclusions to which no responsive pleading is required.  To the extent the allegations comprise assertions of fact, they are denied by the Defendant.

56.    The allegations set forth in paragraph 56 of Plaintiff's Complaint constitute legal conclusions to which no responsive pleading is required.  To the extent the allegations comprise assertions of fact, they are denied by the Defendant, or, alternatively, Defendant is without knowledge or information sufficient to form a form as to the truth of any such assertions and they are therefore denied.

### FOURTH CAUSE OF ACTION
### (Breach of Contract – Indemnification Agreement)

57.    With respect to the allegations set forth in paragraph 57 of Plaintiff's Complaint, Defendant avers to its previous responses set forth above.

58.    The allegations set forth in paragraph 58 of Plaintiff's Complaint constitute legal conclusions to which no responsive pleading is required.  To the extent the allegations refer to the terms of the Mutual Hazardous Materials Indemnification Agreement, those terms speak for themselves.  To the extent the allegations comprise assertions of fact, they are denied by the Defendant.

59.    The allegations set forth in paragraph 59 of Plaintiff's Complaint constitute legal conclusions to which no responsive pleading is required.  To the extent the allegations comprise assertions of fact, they are denied by the Defendant.

HUGHES BAUMAN PFEFFNER
GORSKI & SEEDORF, LLC
ATTORNEYS AT LAW
3900 C STREET
SUITE 1001
ANCHORAGE, ALASKA 99503
(907) 274-7522
(907) 263-8320 FAX

60.    Defendant denies the allegations set forth in paragraph 60 of Plaintiff's Complaint.

61.    The allegations set forth in paragraph 61 of Plaintiff's Complaint constitute legal conclusions to which no responsive pleading is required.  To the extent the allegations comprise assertions of fact, they are denied by the Defendant.

62.    The allegations set forth in paragraph 62 of Plaintiff's Complaint constitute legal conclusions to which no responsive pleading is required.  To the extent the allegations comprise assertions of fact, they are denied by the Defendant.

## FIFTH CAUSE OF ACTION
### (Violations of Unfair Trade Practices and Consumer Protection Act)

63.    With respect to the allegations set forth in paragraph 63 of Plaintiff's Complaint, Defendant avers to its previous responses set forth above.

64.    The allegations set forth in paragraph 64 of Plaintiff's Complaint constitute legal conclusions to which no responsive pleading is required.  To the extent the allegations comprise assertions of fact, they are denied by the Defendant.

65.    The allegations set forth in paragraph 65 of Plaintiff's Complaint constitute legal conclusions to which no responsive pleading is required.  To the extent the allegations comprise assertions of fact, they are denied by the Defendant.

HUGHES BAUMAN PFIFFNER
GORSKI & SEEDORF, LLC
ATTORNEYS AT LAW
3900 C STREET
SUITE 1001
ANCHORAGE, ALASKA 99503
(907) 274-7522
(907) 263-8320 FAX

66.     The allegations set forth in paragraph 66 of Plaintiff's Complaint constitute legal conclusions to which no responsive pleading is required.  To the extent the allegations comprise assertions of fact, they are denied by the Defendant.

67.     The allegations set forth in paragraph 67 of Plaintiff's Complaint constitute legal conclusions to which no responsive pleading is required.  To the extent the allegations comprise assertions of fact, they are denied by the Defendant.

## SIXTH CAUSE OF ACTION
### (Price Discrimination – Violation of Robinson-Patman Act)

68.     With respect to the allegations set forth in paragraph 68 of Plaintiff's Complaint, Defendant avers to its previous responses set forth above.

69.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 69 of Plaintiff's Complaint, and, accordingly, denies all of them.

70.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 70 of Plaintiff's Complaint, and, accordingly, denies all of them.  Without limiting the foregoing, Defendant denies that any unfair price discrimination has occurred.  To the extent paragraph 70 of Plaintiff's Complaint constitutes an assertion of a legal conclusion, no responsive pleading is required.

HUGHES BAUMAN PFIFFNER
GORSKI & SEEDORF, LLC
ATTORNEYS AT LAW
3900 C STREET
SUITE 1001
ANCHORAGE, ALASKA 99503
(907) 274-7522
(907) 263-8320 FAX

71.     Defendant admits Plaintiff purchased gasoline from Defendant. To the extent the allegations set forth in paragraph 71 of Plaintiff's Complaint constitute legal conclusions, no responsive pleading is required. All other allegations are denied.

72.     Defendant denies the allegations set forth in paragraph 72 of Plaintiff's Complaint. To the extent paragraph 72 of Plaintiff's Complaint constitutes an assertion of a legal conclusion, no responsive pleading is required.

73.     The allegations set forth in paragraph 73 of Plaintiff's Complaint constitute legal conclusions to which no responsive pleading is required. To the extent the allegations comprise assertions of fact, they are denied by the Defendant.

74.     Defendant denies the allegations set forth in paragraph 74 of Plaintiff's Complaint. To the extent paragraph 74 of Plaintiff's Complaint constitutes an assertion of a legal conclusion, no responsive pleading is required.

## SEVENTH CAUSE OF ACTION
### (Wrongful Foreclosure)

75.     With respect to the allegations set forth in paragraph 75 of Plaintiff's Complaint, Defendant avers to its previous responses set forth above.

76.     Defendant denies the allegations set forth in paragraph 76 of Plaintiff's Complaint. To the extent paragraph 76 of Plaintiff's Complaint constitutes an assertion of a legal conclusion, no responsive pleading is required.

HUGHES BAUMAN PFIFFNER
GORSKI & SEEDORF, LLC
ATTORNEYS AT LAW
3900 C STREET
SUITE 1001
ANCHORAGE, ALASKA 99503
(907) 274-7522
(907) 263-8320 FAX

77.    Defendant denies the allegations set forth in paragraph 77 of Plaintiff's Complaint.

78.    Defendant states its caused a nonjudicial foreclosure to be commenced with respect to Plaintiff's service station based on Plaintiff's default in its obligations to Defendant.    All remaining allegations set forth in paragraph 78 of Plaintiff's Complaint are denied.

79.    The allegations set forth in paragraph 79 of Plaintiff's Complaint constitute legal conclusions to which no responsive pleading is required.  To the extent the allegations comprise assertions of fact, they are denied by the Defendant.

### EIGHTH CAUSE OF ACTION
### (Recoupment)

80.    With respect to the allegations set forth in paragraph 80 of Plaintiff's Complaint, Defendant avers to its previous responses set forth above.

81.    Defendant admits the allegations set forth in paragraph 81 of Plaintiff's Complaint.

82.    The allegations set forth in paragraph 82 of Plaintiff's Complaint constitute legal conclusions to which no responsive pleading is required.  To the extent the allegations comprise assertions of fact, they are denied by the Defendant.

HUGHES BAUMAN PFIFFNER
GORSKI & SEEDORF, LLC
ATTORNEYS AT LAW
3900 C STREET
SUITE 1001
ANCHORAGE, ALASKA 99503
(907) 274-7522
(907) 263-8320 FAX

83.     The allegations set forth in paragraph 83 of Plaintiff's Complaint constitute legal conclusions to which no responsive pleading is required.  To the extent the allegations comprise assertions of fact, they are denied by the Defendant.

## NINTH CAUSE OF ACTION
### (Offset)

84.     With respect to the allegations set forth in paragraph 84 of Plaintiff's Complaint, Defendant avers to its previous responses set forth above.

85.     Defendant admits the allegations set forth in paragraph 85 of Plaintiff's Complaint.

86.     The allegations set forth in paragraph 86 of Plaintiff's Complaint constitute legal conclusions to which no responsive pleading is required.  To the extent the allegations comprise assertions of fact, they are denied by the Defendant.

87.     The allegations set forth in paragraph 87 of Plaintiff's Complaint constitute legal conclusions to which no responsive pleading is required.  To the extent the allegations comprise assertions of fact, they are denied by the Defendant.

## AFFIRMATIVE DEFENSES

1.     Plaintiff's Complaint fails to state a valid cause of action or claim for relief.

2.     Plaintiff's claims are barred by the doctrine of unclean hands and Plaintiff's inequitable and improper conduct.

Hughes Bauman Pfiffner
Gorski & Seedorf, LLC
ATTORNEYS AT LAW
3900 C STREET
SUITE 1001
ANCHORAGE, ALASKA 99503
(907) 274-7522
(907) 263-8320 FAX

3.    Plaintiff's claims are barred by the doctrine of laches.

4.    Plaintiff lacks standing to bring any claims.

5.    Plaintiff has released some or all of the claims asserted in Plaintiff's Complaint.

6.    Plaintiff's claims are barred by the applicable statute of limitations.

7.    Plaintiff has waived, or is estopped to pursue some or all of the claims asserted in Plaintiff's Complaint.

8.    Defendant is entitled to an offset against Plaintiff's claims in an amount to be proven at trial.

9.    Defendant is entitled to recoupment as against Plaintiff's claims in an amount to be proven at trial.

10.    Plaintiff has substantially breached its contractual obligations to Defendant and its claims are accordingly barred.

11.    Plaintiff has breached the implied covenant of good faith and fair dealing contained in its contractual agreements with Defendant and Plaintiff's claims are accordingly barred.

12.    Defendant has failed to mitigate its damages.

13.    Defendant reserves the right to assert such other affirmative defenses that may become known through discovery.

HUGHES BAUMAN PFIFFNER
GORSKI & SEEDORF, LLC
ATTORNEYS AT LAW
3900 C STREET
SUITE 1001
ANCHORAGE, ALASKA 99503
(907) 274-7522
(907) 263-8320 FAX

## COUNTERCLAIMS

### First Claim for Relief
### (Breach of Dealer Agreement)

1.     Defendant is a Delaware corporation authorized to do business in the State of Alaska.

2.     On or about April 23, 1999, Plaintiff and Defendant executed a certain Dealer Agreement (the "Dealer Agreement").

3.     Plaintiff has breached its obligations to Defendant under the Dealer Agreement in a number of respects, including but not limited to violating paragraph 22 of the Dealer Agreement by selling non-Tesoro branded products as Tesoro branded products, adulterating Tesoro branded products and non-Tesoro branded products, mixing Tesoro branded products and non-Tesoro branded products, not operating in accordance with Tesoro's requirements and selling non-Tesoro branded products as Tesoro branded products.

4.     As a result of such breaches and others Defendant properly terminated the Dealer Agreement and has been damaged in an amount to be proven at trial.

5.     Defendant is also entitled to equitable and injunctive relief prohibiting Plaintiff from breaching the Dealer Agreement and requiring the return of Tesoro signs, and trademarks and marks.

HUGHES BAUMAN PFIFFNER
GORSKI & SEEDORF, LLC
ATTORNEYS AT LAW
3900 C STREET
SUITE 1001
ANCHORAGE, ALASKA 99503
(907) 274-7522
(907) 263-8320 FAX

## Second Claim for Relief
### (Offset and Recoupment)

6.    Defendant incorporates by reference the allegations set forth in paragraphs 1 through 5 above.

7.    In addition to damages owed Defendant based on Plaintiff's breach of the Dealer Agreement, Plaintiff is obligated to Defendant under the Promissory Note referred to in the Complaint in the principal sum of $446,108.60, interest on the principal sum from and after February 4, 2004 at the rate of 8% per year, advances, costs and attorney's fees in an amount to be proven at trial.

8.    Defendant is entitled to offset against and to recoup against any and all amounts determined to be owed to Plaintiff (the validity of which are denied), all amounts owed by Plaintiff to Defendant including but not limited to all amounts owed under the Promissory Note and Deed of Trust hereby secured, the Dealer Agreement or otherwise.

## Third Claim for Relief
### (Declaration Foreclosure Is Valid Foreclosure)

9.    Defendant incorporates by reference the allegations set forth in paragraphs 1 through 8 above.

10.    Plaintiff has breach its obligations to Defendant under that certain Promissory Note dated April 23, 1999 in the stated principal amount of $570,914.92 and under the Deed of Trust thereby secured covering the property described in paragraph 4

HUGHES BAUMAN PFIFFNER
GORSKI & SEEDORF, LLC
ATTORNEYS AT LAW
3900 C STREET
SUITE 1001
ANCHORAGE, ALASKA 99503
(907) 274-7522
(907) 263-8320 FAX

of Plaintiff's Complaint, which Deed of Trust was recorded on April 27, 1999 in Book 139 at Page 30 of the Books and Records of the Valdez Recording District, Third Judicial District, State of Alaska (the "Deed of Trust").

11.     As a result, Defendant properly caused a nonjudicial foreclosure to be commenced and is entitled to complete the nonjudicial foreclosure. The nonjudicial foreclosure is currently being postponed on a periodic basis pursuant to A.S. 34.20.080. The foreclosure was properly commenced and Defendant is entitled to complete it.

12.     Defendant reserves the right prior to any completion of the nonjudicial foreclosure to commence a judicial foreclosure of the Deed of Trust.

13.     The amount due and payable under the Promissory Note and Deed of Trust is the principal sum of $446,108.60, together with interest on the principal sum from and after February 4, 2004 at the rate of 8% per year, advances, and costs of foreclosure.

## Fourth Claim for Relief
### (Breach of Mutual Hazardous Materials Indemnity Agreement)

14.     Defendant incorporates by reference the allegations set forth in paragraphs 1 through 13 above.

15.     Plaintiff has breached its obligation to Defendant under the Mutual Hazardous Materials Indemnification Agreement referred to in paragraph 6 of Plaintiff's Complaint in a number of respects, including without limitation failing to observe, satisfy

HUGHES BAUMAN PFIFFNER
GORSKI & SEEDORF, LLC
ATTORNEYS AT LAW
3900 C STREET
SUITE 1001
ANCHORAGE, ALASKA 99503
(907) 274-7522
(907) 263-8320 FAX

the requirements of, and maintain the property in strict compliance with applicable laws, including applicable environmental laws.

16.     Without limiting the foregoing, Defendant has (a) failed to provide proof of insurance required by state and federal law, including without limitation, 18 AAC 78.910, AS 46.03.405(a) and 40 C.F.R. 280.90-115 for its underground storage tank systems, (b) failed to comply with applicable tank inspection requirements including those set forth in 18 AAC 78.017; (c) failed to pay the annual registration fees required by AS 46.03.385, and (d) failed to notify the State of Alaska Department of Environmental Conservation that its tanks have been taken out of service as required by 18 AAC 78 and thereafter to comply with the tank closure requirements of those regulations.

WHEREFORE, having answered Plaintiff's Complaint and asserted its counterclaims, Defendant requests the following relief:

1.     That Plaintiff's Complaint be dismissed with prejudice;

2.     For damages against Plaintiff and equitable relief based upon Plaintiff's breach of the Dealer Agreement in an amount to be proved at trial when and if the assertion of the counterclaims is authorized by the Bankruptcy Court, together with costs, interest and attorney's fees;

3.     For attorney's fees and costs incurred in defending this action; and

4.     For such other relief as the court finds is just and equitable.

HUGHES BAUMAN PFIFFNER
GORSKI & SEEDORF, LLC
ATTORNEYS AT LAW
3900 C STREET
SUITE 1001
ANCHORAGE, ALASKA 99503
(907) 274-7522
(907) 263-8320 FAX

DATED at Anchorage, Alaska, this 28th day of September, 2006.

HUGHES BAUMAN PFIFFNER
GORSKI & SEEDORF, LLC
Attorney for Defendant,
Tesoro Alaska Company

By: ___s/Frederick J. Odsen_____
Frederick J. Odsen
ABA No. 7906043
3900 C Street, Suite 1001
Anchorage, AK 99503
Telephone Number: (907) 274-7522
Facsimile Number: (907) 263-8320
Email: FJO@hbplaw.net

251767

I hereby certify that a true and correct copy of
the foregoing was served via the court's ECF
system on the 28th day of September, 2006 to:

Michael R. Mills / Wendy E. Leukuma
Dorsey & Whitney LLP
1031 W. 4th Avenue, Suite 600
Anchorage, AK 99501

___s/Frederick J. Odsen_____

HUGHES BAUMAN PFIFFNER
GORSKI & SEEDORF, LLC
ATTORNEYS AT LAW
3900 C STREET
SUITE 1001
ANCHORAGE, ALASKA 99503
(907) 274-7522
(907) 263-8320 FAX

Answer and Counterclaims
Manumitted Companies, Inc. v. Tesoro Alaska Company
Page 25 of 25