FORM AK/DST
Rev. 11/85

## TESORO ALASKA PETROLEUM COMPANY
### DISTRIBUTOR AGREEMENT

AGREEMENT made this **26th** day of **February** _____, 19 **86**, between Tesoro Alaska Petroleum Company, a Delaware corporation, with offices at 3380 "C" Street, P.O. Box 190272, Anchorage, Alaska 99519-0272 hereafter referred to as "Tesoro" and **Harbor Fuel Company, Inc.**_____, a **n Alaskan Corporation**_____ with an address at _____ **Valdez, Alaska**hereafter referred to as "Distributor".

1. **Purpose:**

        Tesoro is an independent refiner of a wide variety of high quality petroleum products at its refining facilities located in the State of Alaska. As an in-state refiner Tesoro is uniquely qualified to provide the citizens of Alaska with a dependable supply of quality products. Tesoro has successfully sought to market its products under its brand name. As a result of Tesoro's successful marketing of branded products, Alaskan consumers have grown to trust and respect Tesoro as a dependable supplier of quality petroleum products. Tesoro is continuously engaged in the effort to maintain, strengthen, and extend its good business reputation.

        Distributor desires to become a distributor of Tesoro branded refined petroleum products. Distributor understands and fully appreciates the difficulty associated with distributing refined petroleum products in Alaska and the trust, respect, recognition and goodwill that Tesoro has enjoyed as a result of its successful efforts in distributing and marketing Tesoro branded products. With such understanding and appreciation, Distributor desires to distribute Tesoro branded products in order to avail itself of the prestige enjoyed by Tesoro. To protect, maintain and improve its very valuable public image, Tesoro imposes herein certain requirements and standards for compliance by Distributor. Distributor recognizes the need for Distributor's compliance with such standards and requirements to prevent detriment and injury to the public and Tesoro, Tesoro branded dealers, other Tesoro branded distributors, as well as to Distributor itself. Pursuant thereto, Distributor hereby accepts and agrees to comply with such standards and requirements.

2. **Definitions:**

        a. "Barrel" means 42 U.S. gallons."Gallon" means a gallon of 231 cubic inches.

        b. "Tesoro brand" means the right to use Tesoro's trademark, trade name, brand, logo, or any other Tesoro-approved sign or symbol in association with the receipt, storage, or disposition of any petroleum products or in association with the offering or providing of any automotive services, regardless of whether such branding may or may not constitute the granting of a "franchise", "distributorship" or "dealership" pursuant to any applicable law or regulation. "Tesoro branding" means the act of granting the Tesoro brand.

        c. "Tesoro branded operation" shall include Tesoro and any Tesoro branded distributor or dealer or other person which is authorized or permitted by Tesoro to use the Tesoro trademark in association with its business operation.

        d. "Tesoro branded products" shall include those products which are authorized by Tesoro for sale under the Tesoro brand.

        e. "Tesoro-approved products" shall include those products which are not Tesoro branded products, but which products are specifically approved by Tesoro for sale in conjunction with Tesoro branded operations.

        f. "Tesoro products" shall include both Tesoro branded products and Tesoro-approved products.

        g. "Tesoro symbol" shall include any sign, drawing, diagram, painting, model or object depicting the Tesoro logo, trademark, trade name, or brand or any facsimile thereof.

3. **Tesoro Branding:**

        Subject to Distributor's compliance with the standards and

Exhibit **B**
Page **1** of **12**

TAC - 100048

DATE **12-20-06**    EX. **11**
WITNESS **Old 4**
METRO COURT REPORTING
(907) 276-3876

FORM AK/DST
Rev. 11/85

requirements established by Tesoro, Tesoro hereby brands Distributor. Tesoro further grants Distributor the limited right to grant the Tesoro brand to dealers and other distributors in accordance with Tesoro's terms, conditions, standards and requirements for Tesoro branding.

a. Distributor shall neither cause nor attempt to cause the establishment or the continuance of any Tesoro branded operation without the prior written consent of Tesoro and any attempted Tesoro branding by Distributor in the absence of Tesoro's prior written consent shall be void. Where both the proposed Tesoro branded operation and the terms and conditions of the proposed Tesoro branding are in compliance with Tesoro's standards and requirements, Tesoro's consent shall not be unreasonably withheld.

b. If, with Tesoro's prior written consent, Distributor should establish any Tesoro branded operation through the granting by Distributor of the Tesoro brand, Distributor shall be fully responsible for the compliance with Tesoro's standards and requirements at said Tesoro branded operation. Attached hereto as Exhibit A, Branding Requirements, and by this reference made a part hereof is a set of provisions containing the standards which Tesoro currently requires in the conduct of any Tesoro branded operation. Tesoro hereby prohibits Distributor from establishing any Tesoro branded operation other than by written contract. Tesoro does not require that Distributor incorporate the provisions contained in Exhibit A, Branding Requirements, in the written contract whereby Distributor establishes the Tesoro branded operation, however, Distributor shall be fully responsible for any failure at said Tesoro branded operation in the performance of any of the standards or requirements contained in the Branding Requirements.

c. In addition to the terms and conditions of this Agreement, Distributor agrees that in the establishment, operation, continuation, renewal, termination, or cancellation of any Tesoro branded operation by Distributor, Distributor shall abide by all Federal, State and local laws, rules, regulations and ordinances pertaining to the conduct of such branded operation, including, but not limited to the Petroleum Marketing Practices Act (15 U.S.C. §2801 et seq.), the Alaska Gasoline Products Leasing Act (A.S. 45.50.800-45.50.850), antitrust laws, environmental regulations, the Uniform Commercial Code, and any applicable franchising laws. Any failure or refusal by Distributor to comply with the foregoing shall constitute sufficient grounds for termination under Section 24.

d. Distributor hereby agrees that it shall neither require nor accept the payment of any franchise, branding, or license fee or any other monetary consideration in exchange for the granting of the right to use the Tesoro brand. Distributor's failure to abide by the terms of this paragraph shall be deemed to be a condition of default under this Agreement.

4. **Product Purchases From Tesoro:**

Subject to the terms and conditions of this Agreement, Tesoro agrees to sell and deliver and Distributor agrees to purchase, receive and pay for the petroleum products in accordance with this Agreement and in accordance with the more specific provisions of Exhibit B, Additional Conditions of Sale, attached hereto and by this reference made a part hereof.

5. **Non-Exclusive; Prior Agreements:**

Nothing in this Agreement shall be construed as a grant to Distributor of an exclusive territory for the marketing of any Tesoro product, or as a prohibition or limitation upon the right of Tesoro to market its products to any Purchasers in any area.

This Agreement supersedes and replaces any prior agreement(s) between Tesoro and Distributor covering the sale of Tesoro branded products. Upon the execution of this Agreement any such prior agreement(s), except as specifically incorporated into this Agreement, shall be void, save and except those obligations which survive the prior agreement(s) either by law or by provision stated in the prior agreement(s).

6. **Term:**

Unless sooner terminated as provided elsewhere herein, this Agreement shall be in full force and effect for a primary term of __one__ (1)

Exhibit B
Page 2 of 12

TAC - 100049

FORM AK/DST
Rev. 11/85

year(s) beginning on the June 5, 1986 and ending on the June 4, 1987.

At the end of the primary term or any renewal thereof, this Agreement shall be automatically renewed for a term of equal duration (renewal term) UNLESS:

At least ninety (90) days before the end of the primary term (or any renewal term);

a. Either party gives the other party written notice of termination, which shall operate to terminate the Agreement at the end of the primary term (or renewal term), or

b. Tesoro gives Distributor a written notice of termination combined with an offer of a new agreement on different terms and conditions. If such notice is given, this Agreement shall remain in effect beyond its normal termination date;

(i) until the parties are able to execute a new agreement, which shall terminate this Agreement, as extended, or

(ii) until either party gives the other party written notice of termination of this Agreement, as extended, in which event this Agreement shall terminate on the date specified in the notice which must be at least ninety (90) days after said written notice is given.

7. **Delivery Provisions:**

a. **Title and Risk of Loss.** Title to, risk of loss, and liability for all products delivered hereunder passes to Distributor at the time and place of delivery.

b. **Measurements.** Unless otherwise specified, quantities delivered: (i) into or from transport trucks shall be measured at Tesoro's source of supply for delivery hereunder by calibrated meters or calibration tables; (ii) into or from tank cars shall be measured at Tesoro's source of supply for delivery hereunder by calibrated meters or standard tank car tables; and (iii) into or from pipelines shall be measured by terminal tank gauges or calibrated meters. Unless otherwise specified, volumetric measurements shall not be temperature corrected.

c. In the event Tesoro agrees to make delivery directly into any of Distributor's storage facility, unless otherwise agreed, it shall be within Tesoro's sole discretion to select the method or combination of methods of transportation and the route by which said deliveries are to be made. Distributor shall permit the prompt unloading of any products so delivered by Tesoro and shall reimburse Tesoro for any sums which Tesoro may have to pay for delay in unloading any vessel, transport truck or transport car at Distributor's facility. Distributor specifically agrees to pay the charges mentioned in this paragraph. Tesoro shall give Distributor reasonable advance notice of each delivery.

d. In the event delivery is made at Tesoro's terminal, such deliveries shall be made within the terminal's normal business hours.

8. **Quality:**

Each product shall be Tesoro's regular grade thereof, at the time and place of shipment.

9. **Taxes, Fees and Other Charges:**

a. All prices determined pursuant to this Agreement are exclusive of taxes, duties, fees and other charges referred to in Section 9(b) hereinafter.

b. Distributor shall pay to Tesoro in addition to the price provided for herein any foreign or domestic duty, tax, sales tax, excise tax, Federal and State motor vehicle fuel tax, fee or other charge, whether or not of the same class or kind, now in effect or hereafter imposed or assessed, together with any interest, penalties or other costs levied thereon, which Tesoro or Tesoro's supplier, direct or indirect, may be required by any

Exhibit B
Page 3 of 12

- 3 -                    TAC - 100050

FORM AK/DST
Rev. 11/85

municipal, State, Federal or foreign government law, rule, regulation or order, to collect or pay with respect to the production, manufacture, sale, transportation, storage, delivery, or use of products sold hereunder.

    c.  If the price to Distributor hereunder includes a charge for transportation, set forth separately or included as part of the delivered price, said price shall increase or decrease by an amount equal to any increase or decrease in the applicable charge for transportation in effect on the date of delivery.

10.  **Payment:**

    a.  Invoices rendered by Tesoro shall be paid by Distributor in accordance with the provisions of Exhibit B, Additional Conditions of Sale, such payment to be made in U.S. Dollars without discount or deduction. Time of payment is of the essence. Failure to make timely and full payment for Product delivered hereunder shall give Tesoro, without prejudice to other legal remedies, the right to suspend further deliveries, even though nominations have been accepted.

    b.  If, in Tesoro's judgment there is any doubt of the Distributor's financial responsibility, advance cash payment or security satisfactory to Tesoro shall be given by Distributor upon demand by Tesoro, and shipments may be withheld until such payment or security is received, even though nominations have been accepted.

    c.  **Late Payment Charge.**  In the event Distributor should default in making any payment due and payable hereunder, Distributor agrees to pay a late payment charge on the amount of said payment from and after the date of default at one and one-half percent (1-1/2%) per month or the legal maximum rate of interest, whichever shall be the lesser.

11.  **Express Warranties; Disclaimer of Other Warranties:**

    Tesoro warrants that it will convey good title to the product(s) supplied hereunder, free of all liens, and that the product(s) supplied hereunder meet such specifications as have been expressly made a part of this Agreement. THE FOREGOING WARRANTIES ARE EXCLUSIVE AND ARE IN LIEU OF ALL OTHER WARRANTIES, WHETHER WRITTEN OR ORAL, EXPRESSED OR IMPLIED. THE WARRANTY OF MERCHANTABILITY, IN OTHER RESPECTS THAN EXPRESSLY SET FORTH HEREIN, AND WARRANTY OF FITNESS FOR PARTICULAR PURPOSE, IN OTHER RESPECTS THAN EXPRESSLY SET FORTH HEREIN, ARE HEREBY EXPRESSLY EXCLUDED AND DISCLAIMED.

12.  **Claims:**

    Any claim for defect or variance in quality or shortage in quantity shall be made, and Tesoro shall be notified and given an opportunity to inspect, within two (2) days after Distributor discovers, or through the exercise of reasonable diligence, Distributor should have discovered, said defect, variance, or shortage. Failure of Distributor to observe this provision or the commingling of the product(s) complained of with dissimilar product(s) or product(s) obtained from other suppliers shall operate as a waiver of Distributor's rights to make any such claim. NO CLAIM OF ANY KIND, WHETHER AS TO GOODS DELIVERED OR FOR NONDELIVERY OF GOODS, AND WHETHER OR NOT BASED ON NEGLIGENCE, SHALL RENDER TESORO LIABLE FOR ANY SPECIAL, INCIDENTAL, CONSEQUENTIAL OR EXEMPLARY DAMAGES.

13.  **New or Changed Regulations:**

    It is understood by and between the parties that Tesoro is entering into this Agreement in reliance on the laws, rules, or regulations (hereinafter called "regulations") in effect on the date the price hereunder was offered, insofar as said "regulations" affect Tesoro or Tesoro's suppliers. If, during the term of this Agreement any of said regulations are changed or new regulations become effective, and the effect of such changed or new regulation (1) is not covered by any other provision of this Agreement, and (2) in Tesoro's judgment the regulation, either (a) has an adverse effect upon Tesoro, or Tesoro's suppliers, or (b) increases the risk to Tesoro of performance under this Agreement, Tesoro shall have the option to request renegotiation of the terms (including without limitation, price) of this Agreement. Said option may be exercised by Tesoro at any time after such changed or new regulation is Promulgated by written notice of desire to renegotiate, such notice to contain the new terms desired by Tesoro.

Exhibit B
Page 4 of 12

TAC - 100051

- 4 -

FORM AK/DST
Rev. 11/85

### 14.  Compliance with Laws and Regulations:

Distributor agrees that in receiving, storing, handling, offering for sale, selling, delivering for use, or using itself product(s) purchased from Tesoro under this Agreement, Distributor will comply with Tesoro's applicable safety regulations and all applicable Federal, state, and local laws, ordinances, regulations, rules, and orders, including, but not limited to, those governing dispensing equipment, pollution, the maximum lead content of motor fuel, and the use and labeling of pump stands and dispensers of motor fuel, and the use and labeling of product containers.  DISTRIBUTOR HEREBY AGREES THAT IT SHALL INDEMNIFY AND HOLD TESORO, ITS SUCCESSORS AND ASSIGNS HARMLESS AGAINST ALL LOSSES, CLAIMS, CAUSES OF ACTION, PENALTIES AND LIABILITIES ARISING OUT OF DISTRIBUTOR'S OR ANY OF DISTRIBUTOR'S DEALERS' FAILURE TO COMPLY WITH THE PRECEDING SENTENCE AND SUCH FAILURE BY DISTRIBUTOR TO COMPLY SHALL ALSO ENTITLE TESORO TO TERMINATE THIS AGREEMENT.

### 15.  Marketing Standards:

This Agreement entitles Distributor to purchase from Tesoro certain products in accordance with the provision of this Agreement, including the terms of Exhibit B, Additional Conditions of Sale.  This Agreement does not require Distributor to transport, handle, store, maintain, offer for sale or sell any or all of said products under the Tesoro brand name, nor does this Agreement restrict Distributor's free choice of the manner in which it may receive, store, handle, dispose of or use any product which Distributor either receives hereunder or acquires from any source.  Insofar as Distributor does handle, transport, store, offer for sale, sell, or otherwise dispose of or cause or provide for the disposition of any products either under the Tesoro brand or in any manner which would cause a reasonable person to believe that the products are Tesoro Products, Distributor agrees to abide by Tesoro's standards of performance for its distributors, as amended from time to time by Tesoro.  Said standards of performance shall include, but shall not be limited to the following:

a.   Accord with Purpose.  Except, and only to the extent as specifically provided in this Agreement, Tesoro shall establish no requirements or restrictions upon Distributor's operation of its business pursuant to the rights and privileges granted hereunder; however, in accord with the Purpose of this Agreement, Tesoro shall encourage all of its distributors to actively seek to provide a dependable supply of Tesoro Products to as great a number of Alaskan consumers as said distributors can reasonably and effectively supply.  In addition to the methods of encouragement stated herein, Tesoro shall from time to time make available to its distributors certain promotional or incentive programs intended to increase the quality of service offered or volume of Tesoro Products sold to the Alaskan consumer.  Tesoro agrees that it will make all such promotional or incentive programs reasonably available to all of its distributors including Distributor.  Distributor agrees that it shall endeavor to avail itself of all such promotional or incentive programs unless doing so would be unreasonable in Distributor's business judgment.

b.   Merchandising.  Distributor shall use its best efforts and shall devote all time and energies as shall be reasonably required to effectively and efficiently merchandise, promote the sale of, and to actually sell Tesoro Products in a manner so as to maintain the good reputation thereof and public confidence therein.

c.   Maintenance of Adequate Supplies.  Insofar as Distributor incurs the obligation to supply Tesoro Products to any Tesoro branded operation, Distributor shall, at Distributor's sole cost, maintain adequate supplies of Tesoro Products to promptly satisfy all of Distributor's obligations.

d.   Distributor's Tesoro Branded Operations.  Tesoro encourages Distributor to establish as many Tesoro branded operations as Distributor, in the the sole exercise of good business judgment, can effectively manage. Distributor's own Tesoro branded operation and any other Tesoro branded operations which are either established or supplied by Distributor shall be deemed by Tesoro to be one Tesoro branded operation for which Distributor shall be fully responsible.  Any failure to comply with Tesoro's requirements and standards as contained in this Agreement occurring within Distributor's Tesoro branded operation shall be deemed to be a default under this Agreement by Distributor.

Exhibit B
Page 5 of 12

TAC - 100052

FORM AK/DST
Rev. 11/85

e.   **Supervision/Inspection by Distributor.**   Distributor shall regularly inspect each facility included in its Tesoro branded operation and shall take all supervisory actions necessary to ensure compliance with Tesoro's requirements and standards.

f.   **Maintenance of Vehicles, Vessels and Facilities.**   All vehicles, vessels, and facilities used to transport, maintain or store Tesoro branded products must at all times be maintained in a good, attractive, and safe condition and must comply with all applicable laws, ordinances, and regulations.

g.   **Identification Symbols.**   Insofar as Distributor posts or causes or permits to be posted any Tesoro symbol upon any vehicle, vessel or facility operated by or on behalf of Distributor, Distributor shall also conspicuously Post a sign or notice to adequately inform the public that Distributor is an "Independent Distributor".   Further, if Distributor is a corporation or partnership, or if Distributor does business under an assumed or fictitious name, the word "Tesoro" shall not appear in Distributor's corporation, partnership or assumed name.

16.   **Inspection:**

To the extent reasonably necessary to observe and verify Distributor's compliance with the terms of this Agreement, Tesoro shall have the right, at all reasonable times, to inspect any vehicle, vessel, or facility, displaying any Tesoro symbol.

17.   **Unleaded Gasoline:**

Any failure by Distributor to comply with any provision of the agreement entitled "Unleaded Gasoline Compliance Agreement (Distributor)" entered into between Tesoro and Distributor heretofore, concurrently herewith, or subsequent hereto, shall also be deemed to constitute a default under and a breach of this Agreement.

18.   **Specification Changes; Product Discontinuance:**

Tesoro may in its discretion either (a) change or alter the quality or specifications of any of the products covered by this Agreement, or (b) discontinue the manufacture of any such products.   If such change or alteration materially affects the performance of the product(s) for the purpose intended by Distributor, Distributor may terminate this Agreement as to any product so affected by giving sixty (60) days' written notice to Tesoro.   Tesoro shall endeavor to give Distributor at least sixty (60) days' written notice of discontinuance of the manufacture of any product covered by this Agreement.

19.   **Indemnity; Insurance:**

a.   **Indemnity.**   Distributor hereby agrees to indemnify, defend, and hold Tesoro harmless from and against all liability, actions, causes of action, claims, demands, damages, suits, costs, losses or expenses of any kind or character, including attorney's fees, arising out of or in any way related to the existence of this Agreement or to any of the rights and privileges granted hereunder, including that liability arising out of the actions of Distributor's Tesoro branded dealers.

b.   **Insurance.**   Distributor shall obtain and furnish to Tesoro certificates of insurance reflecting that Distributor has in force and effect:

(i)   Worker's Compensation Insurance to cover statutory limits of the Worker's Compensation Laws of the state where Distributor's operations are conducted.   This policy should include coverage for U.S. Longshoremen, Harbor Workers Compensation, as well as Outer Continental Shelf Lands Act coverage with voluntary compensation for marine operations to include transportation, wages, maintenance and cure, and Jones Act coverage where required, along with Coverage B Employer's Liability coverage in limits not less than $100,000;

(ii)   Employer's Liability Insurance with minimum limits of $100,000 per accident covering injury or death of an employee which may be outside the scope of the worker's compensation statute of the jurisdiction in which the worker's service is performed; and

Exhibit B
Page 1 of 12

FORM AK/DST
Rev. 11/85

$1,000,000 Other

(iii) _Comprehensive General Liability Insurance with minimum limits of [$3,000,000] combined single limit per occurrence for bodily injury and property damage liability, or in such amounts as may be required by Tesoro from time to time and with companies satisfactory to Tesoro. This policy shall include broad form contractual insurance coverage which shall specifically apply to the obligations assumed in this Agreement by Distributor; and

(iv) Automobile Liability Insurance covering owned, non-owned, and hired vehicles with minimum limits of $1,000,000 combined single limit per occurrence for bodily injury and property damage as may be required by Tesoro from time to time with companies satisfactory to Tesoro.

c. Marine Insurance: If, in the performance of this Agreement, Distributor should use or cause the use of any vessel or other watercraft, Distributor shall furnish to Tesoro, certificates of insurance reflecting that Distributor has in force and effect:

(i) Hull and Machinery Insurance, including collision liability equal to the full value of the vessel naming Tesoro as additional Insured and providing adequate navigation limits to perform all work to be peformed; and

(ii) Protection and Indemnity Insurance in an amount not less than the value of the vessel or $1,000,000, whichever is greater, naming Tesoro as additional Insured and providing adequate navigation limits to perform all work to be performed.

All insurance policies must be endorsed with a Waiver of Subrogation Endorsement, effectively waiving Distributor's insurer's right of subrogation with respect to Tesoro, and with Master and Servant Endorsement. All certificates furnished pursuant to the provisions of this Section shall reflect that they are for the benefit of Tesoro and shall provide that there will be no material change in or cancellation of the policies without providing Tesoro at least thirty (30) days' prior written notice. The insurance coverage for which Provision is made herein shall be maintained by Distributor at its sole expense at all times during the term of this Agreement. The insurance requirements imposed hereby do not in any way limit Distributor s responsibility under any other Section hereof.

20. Force Majeure; Allocation:

a. Except for the prompt payment of all sums due hereunder, delays in or failure of performance by either party hereto shall not constitute default hereunder or give rise to any claims for damages if and to the extent that such delay or failure is caused by occurrences beyond the reasonable control of the party affected. A party whose performance is affected by any cause beyond its reasonable control shall give prompt written notice thereof to the other party.

b. If Tesoro's supplies of products of the kind deliverable under this Agreement are curtailed or cut off or are inadequate to meet Tesoro's obligations to its customers, the obligation of Tesoro under this Agreement shall, at Tesoro's option, be reduced as Tesoro may determine to allocate fairly among its customers, whether under contract or not. If there is a reduction of transportation capacity in those facilities through which Tesoro normally makes deliveries under this Agreement, the obligation of Tesoro under this Agreement to make deliveries hereunder shall, at Tesoro's option, be reduced in proportion to such loss or reduction in transportation capacity. Tesoro shall give Distributor prompt written notice of any reduction in Tesoro's obligations pursuant to the provisions of this Section 20(b). Distributor's obligations under this Agreement shall be reduced to the same extent as Tesoro's obligations are reduced pursuant to the provisions of this Section.

c. Tesoro shall be under no obligation to make deliveries hereunder at any time when in Tesoro's sole judgment it has reason to believe that the making of such delivery would be likely to cause strikes to be called against it or cause its properties to be picketed.

d. Nothing in this Section shall excuse Distributor from making Payment when due for deliveries made under this Agreement.

TAC - 100054

FORM AK/DST
Rev. 11/85

21. <u>Trademark</u>:

a.    Distributor agrees that petroleum products of others will not be received, stored, offered for sale or sold by Distributor under any of Tesoro's brands or trademarks. Distributor shall not sell or offer for sale any petroleum products under any brand or trademark confusingly similar to a brand or trademark of Tesoro. Distributor shall not sell petroleum products supplied by others under circumstances which would lead either Tesoro, its distributors, and dealers, or the public to believe such products are the products of Tesoro. With respect to the petroleum products stored or sold under any of Tesoro's brands or trademarks, Distributor shall not: (1) adulterate any of such products, in any way; (2) mix any of such products with any other of such Products; or (3) sell any such product as or hold any such product out as being another of such products.

b.    Tesoro shall have the right at any time during the term of this Agreement to change any of the trademarks or brands under which product covered by this Agreement are now or may hereafter be sold. If Tesoro shall at any time during the term of this Agreement discontinue the marketing of any or all of the trademarks or brands of product covered by this Agreement, Tesoro shall be relieved of all obligation to sell or deliver such discontinued trademarked or branded product to Distributor, and if Tesoro shall market any other trademarked or brand(s) or product in lieu of the discontinued trademark(s) or brand(s) this Agreement shall cover such new trademark or brand of product.

c.    Upon the expiration or termination of this Agreement, Distributor will immediately discontinue the use of all trademarks, brands, signs, advertising, and any other Tesoro symbol and will make or cause to be made such changes in signs, buildings, vehicles, vessels, facilities and structures as Tesoro shall reasonably require to effectively distinguish them from their former appearance.

d.    <u>Trademark Signs</u>. Upon the Tesoro branding of any location or facility included in Distributor's Tesoro branded operation, Tesoro shall install or erect all initial Tesoro symbols thereon. The size, position, and location of these symbols shall be within Tesoro's discretion.

(i)    <u>Repairs</u>. Tesoro and Distributor shall work together to keep all Tesoro symbols in good repair, however, maintaining these symbols shall be primarily the responsibility of Distributor. Where, in Tesoro's judgment, Distributor has failed to discharge this responsibility, Tesoro reserves the right, but not the duty, to maintain such Tesoro symbols, and Distributor agrees to reimburse Tesoro for the actual cost which Tesoro incurs as a result of Distributor's failure to properly maintain any Tesoro symbol,.

(ii)    <u>Permits</u>. Distributor shall, at Distributor's expense, obtain all necessary permits for the installation and erection of said sign(s), including any bond or other undertaking which may be required by municipal or other governmental authority;

(iii)    <u>Electricity</u>. Distributor agrees to provide and install adequate wiring and any other equipment necessary to furnish current to the base of any sign(s) requiring electric current. Current for sign(s)' operation shall be provided by Distributor at Distributor's expense;

(iv)    <u>Removal.</u>   Tesoro shall upon any termination of this Agreement by lapse of time or otherwise, have the right to enter any location containing said sign(s) any time and remove said sign(s);

(v)    <u>Taxes</u>:  Distributor shall pay all license fees, taxes, and other charges assessed upon said sign(s) and/or the installation, use or maintenance thereof;

(vi)    <u>General</u>:  Distributor agrees not to alter, deface or in any way add to or subtract from the sign(s) or install or permit the installation of any other sign upon any Tesoro operation without the prior written consent of Tesoro.

22. <u>Other Tesoro Branded Franchises; Credit Card</u>:

Insofar as Distributor does agree to sell, consign, or otherwise convey Tesoro branded product to any Tesoro branded operation, Tesoro shall

- 8 -

Exhibit B
Page 8 of 12

FORM AK/DST
Rev. 11/85

take no part in directing or controlling Distributor's relationship with said other entity, save and except the requirements imposed upon Distributor by this Agreement. In all other respects all decisions of whether and how it desires to contract with said other entity shall be within the sole discretion of Distributor.

If and so long as Tesoro elects to issue or authorize credit cards or other credit purchasing procedures by the ultimate consumer, and Distributor elects to honor said cards or to permit other Tesoro branded distributors and dealer to pay for Tesoro branded products purchased from Distributor with such credit card vouchers, Distributor agrees to abide by the terms and conditions imposed by Tesoro for its Credit Card Acceptance Plan including the requirements contained in Tesoro's "Distributor's Guide to Credit Card Use" furnished to Distributor (receipt of which Distributor acknowledges by executing this Agreement), or in any revisions thereof made by Tesoro and furnished to Distributor.

23. **Relationship of Parties:**

This Agreement is intended to establish and authorize Distributor to be a branded distributor of Tesoro products. This Agreement is not intended and shall not be construed to create any agency, partnership, joint venture or other form of joint enterprise, and it is understood that Distributor shall conduct its business at its own risk and expense and for its own account.

Except, and only to the extent as herein specifically granted, Distributor shall have no right or authority to bind or obligate Tesoro in any manner and Distributor shall not act as or represent itself to be an agent or representative of Tesoro.

24. **Termination, Nonrenewal and Cancellation:**

a. Tesoro has the right under certain circumstances to terminate this Agreement or to fail to renew the relationship between Tesoro and Distributor for any one or more of the following reasons:

(i) A failure by Distributor to comply with any provision of this Agreement, which provision is both reasonable and of material significance;

(ii) A failure by Distributor to exert good faith efforts to carry out the provisions of this Agreement;

(iii) The occurrence of an event which is relevant to the relationship between Tesoro and Distributor and as a result of which, such termination or nonrenewal is reasonable;

(iv) An agreement in writing between Tesoro and Distributor to terminate this Agreement or to fail to renew the relationship between Tesoro and Distributor;

(v) A determination made by Tesoro in good faith and in the normal course of business to withdraw from the marketing of motor fuel in the manner in which Tesoro markets to Distributor and in the relevant geographical market area in which Tesoro markets to Distributor;

(vi) Any circumstance under which termination of a franchise or nonrenewal of a franchise relationship is permitted under the provisions of the Petroleum Marketing Practices Act (15 U.S.C. §2801 et seq.);

(vii) An attempted assignment of this Agreement by Distributor contrary to Section 30 hereof; or

(viii) Any circumstance described as a condition of default or cause for termination by Tesoro under this Agreement.

b. Tesoro has the right under certain circumstances to fail to renew the relationship between Tesoro and Distributor for any one or more of the following reasons:

(i) The failure of Tesoro and Distributor to agree to changes or additions to the provisions governing the relationship between Tesoro and Distributor;

- 9 -                    TAC - 100056

Exhibit B
Page 9 of 12

FORM AK/DST
Rev. 11/85

       (ii) The receipt by Tesoro of numerous bona fide customer complaints concerning the conduct of Distributor's Tesoro branded operation;

       (iii) The failure by Distributor to conduct its Tesoro branded operation in a clean, safe and healthful manner; or

       (iv) A determination made by Tesoro in good faith and in the normal course of business that the renewal of the relationship is likely to be uneconomical for Tesoro despite any reasonable changes or reasonable additions to the provisions governing the relationship which may be acceptable to Distributor.

       c.   If Tesoro has cause to believe that Distributor has engaged in fraudulent, unscrupulous or unethical business practices (which shall include but not be limited to practices forbidden by Federal, state or local laws or regulations), Tesoro shall give Distributor written notice of its belief and shall state the specific grounds therefor. Following the receipt of such notice, Distributor shall be given reasonable opportunity to discuss the matter with Tesoro's representatives. If, following such discussions (or reasonable opportunity therefore) and after such investigation of the matter as is reasonable under the circumstances, Tesoro reaches a good faith conclusion that Distributor has engaged in one or more such practices, Tesoro shall have the right to terminate this Agreement.

       d.   Any termination of this Agreement shall be preceded by such notice from Tesoro as may be required by law.

       e.   Upon the expiration of the term hereof or upon termination hereof, Tesoro shall have the right, at its option, to enter any of Distributor's locations containing Tesoro symbols and to remove, paint out, or obliterate any signs, symbols or colors on such Tesoro symbols or on the buildings or equipment thereof which in Tesoro s opinion would lead the public to believe that Tesoro's products are being received, stored, sold or offered for sale from said location.

       f.   Termination of this Agreement by either party for any reason shall not relieve the parties of any obligation theretofore accrued under this Agreement.

       g.   <u>Cancellation by Distributor</u>.  Distributor may cancel this Agreement at any time by giving Tesoro sixty (60) days advance written notice.

   25.  <u>Accord</u>:

       The parties to this Agreement have reviewed the provisions hereof and find them fair and mutually satisfactory; and agree that in all respects the provisions are reasonable and of material significance to the relationship of the parties hereunder, and that any breach of a provision by either party hereto or a failure to carry out said provisions in good faith shall conclusively be deemed to be substantial.

   26.  <u>Compliance with Laws; Severability of Provisions</u>:

       Both parties expressly agree that it is the intention of neither party to violate statutory or common law and that if any section, sentence, paragraph, clause of combination of same is in violation of any law, such sentences, paragraphs, clauses or combinations of same shall be inoperative and the remainder of this Agreement shall remain binding upon the parties hereto unless in the judgment of either party hereto, the remaining portions hereof are inadequate to Properly define the rights and obligations of the parties, in which event such Party shall have the right, upon making such determination, to thereafter terminate this Agreement upon due notice to the other.

       In the event of any conflict between the terms contained in this Agreement and any term contained in any of the exhibits incorporated herein, the terms of this Agreement shall control.

   27.  <u>Entirety</u>:

       This Agreement, including all exhibits incorporated herein, constitutes the entire understanding of the parties relating to the sale and

Exhibit B
Page 10 of 12

TAC - 100057

FORM AK/DST
Rev. 11/85

delivery to Distributor of the product(s) under Tesoro brand name. There shall be no modification or amendment of this Agreement except by a writing, signed by the Distributor and Tesoro, the parties to this Agreement. This Agreement shall not be modified by any purchase order, acknowledgement, or other printed form.

28. Waiver:

Waiver by either party of default by the other hereunder shall not operate as a waiver of any future default whether of a like or a different character.

29. Notices:

All notices given under this Agreement shall be in writing and shall be delivered personally or sent by certified mail, postage prepaid, to the parties at their respective addresses set forth herein or to such other address as the party may designate in writing.

30. Binding Effect, Assignability:

This Agreement shall not be binding upon Tesoro or Distributor until executed by Distributor and an officer of Tesoro and no modifications or amendments of the Agreement shall be effective until reduced to writing and executed by Distributor and an officer of Tesoro. When duly executed, this Agreement is binding upon and shall inure to the benefit of the parties hereto, their respective heirs, executors, administrators, successors and assigns; provided, however, any assignment of any rights or duties under this Agreement, in whole or in part, by Distributor without Tesoro's written consent is void. The prohibition against assigning shall be construed to include a prohibition against any assignment whether voluntary, by operation of law, merger, consolidation, dissolution or otherwise. It shall be deemed that a transfer of a majority of the interest in Distributor shall be construed as an assignment for the purposes of this Agreement.

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the date first above written.

DISTRIBUTOR:                    TESORO ALASKA PETROLEUM COMPANY

                                Edward R. Bardgett
HARBOR FUEL COMPANY, INC.

By: _____    By: _____
Title: President               Title: Senior Vice President and
                                      General Manager

/2382g/

Exhibit B
Page 11 of 12

TAC - 100058

FORM AK/ACS/DST
03/15/85

EXHIBIT B

### TESORO ALASKA PETROLEUM COMPANY
### ADDITIONAL CONDITIONS OF SALE

1. __Products and Quantities:__  (Annual Gallonage)

| Products | Minimum | Maximum |
|---|---|---|
| Regular | 100,000 | 500,000 |
| Unleaded | 100,000 | 400,000 |
| DFA | 100,000 | 300,000 |
| #2DF | 300,000 | 2,000,000 |
| *Propane | 20,000 | 200,000 |

*Tesoro will sell propane to Distributor on a first come,
first serve basis and only when Tesoro has a surplus amount.

2. __Methods and Place of Delivery:__

Subject to the other provisions hereof, said products shall be delivered by
Tesoro to Distributor

Buyer will purchase product at Seller's Valdez Terminal into
Buyer's truck at Seller's established reseller price at time
of delivery.

3. __Price:__

Distributor agrees to pay Tesoro for Tesoro products Tesoro's established
Distributor's Price at the time and place of delivery for the particular
product(s) involved.

Distributor agrees to pay cash (or at Tesoro's option, certified or cashier's
check, money order or other means approved by Tesoro) for all goods delivered to
Distributor by Tesoro, except deliveries for which credit has been previously
arranged in writing with Tesoro. Purchases made and not paid for on delivery
shall be paid at

4. __Other Conditions:__

Exhibit B
Page 2 of 12

TAC - 100059

END OF ADDITIONAL CONDITIONS OF SALE