99-00174

BOOK 139 PAGE 130
Valdez Recording District

# DEED OF TRUST
## AND ASSIGNMENT OF RENTS

This Deed of Trust ("Deed of Trust"), made this 23rd day of April, 1999, between and among Harbor Fuel Co., Inc., an Alaska corporation ("Trustor"), whose address is P.O. Box 336, Valdez, Alaska 99686, First American Title of Alaska ("Trustee"), whose address is 3035 C Street, Anchorage, Alaska 99503, and Tesoro Alaska Company, a Delaware corporation ("Beneficiary"), whose address is 3230 C Street, Anchorage, Alaska 99503.

RECITALS: Trustor is the fee owner of certain real property described in Exhibit "A". Beneficiary has agreed to loan Trustor the sum of Five Hundred Seventy Thousand Nine Hundred Fourteen and 92/100 Dollars ($570,914.92), said loan to be evidenced by a promissory note of even date herewith. Trustor has also entered into that certain Dealer Agreement with Beneficiary dated April 23, 1999. The above referenced promissory note and the Dealer Agreement are sometimes hereinafter collectively referred to as the "Note" or the "Promissory Note

NOW, THEREFORE, in order to secure the payment of the principal and interest and premium, if any, on the Note as the same shall become due and payable according to its tenor, and to secure the performance and observance of all the provisions therein and herein contained, and for and in consideration of the debt above described, Trustor by these presents does irrevocably grant, transfer and assign in trust, with power of sale, unto First American Title of Alaska as Trustee, and unto its successors in the trust hereby created, and unto its assigns forever all of the following contained in Granting Clauses I to VIII inclusive (all of which are hereinafter collectively called the "Property").

## GRANTING CLAUSE I

<u>Real Property Owned in Fee</u>. All that certain real property situated in the Valdez Recording District, Third Judicial District, State of Alaska, more particularly described in Exhibit A attached hereto and made a part hereof.

## GRANTING CLAUSE II

<u>Buildings, Improvements and Building Equipment</u>. All right, title and interest of Trustor in and to (a) the buildings, structures and improvements now or at any time hereafter erected, constructed and situated upon the real property described in Granting Clause I or any part thereof; (b) all apparatus, appliances, furnaces, boilers, machinery, engines, motors, compressors, dynamos, elevators, fittings, tanks, pumps, piping, connections, conduits, ducts, equipment and other like personal property of every kind and description now or hereafter affixed or attached to any such buildings, structures or improvements as shall be now or hereafter used or procured for use in

Deed of Trust and Assignment of Rents    1



Exhibit H
Page 1 of 25

TAC - 101991

BOOK 139 PAGE 131
Valdez Recording District

connection with the heating, cooling, lighting, plumbing, ventilating, air conditioning, refrigeration, cleaning or general operation and which are structural components of any such buildings, structures or improvements (all of which other than such buildings, structures or improvements are hereinafter called the "Building Equipment") and (c) any and all alterations, replacements and additions to any such buildings, structures or improvements or Building Equipment, whether made by Trustor or any successor in interest (all of the foregoing including the Building Equipment being hereinafter collectively called the "Buildings").

## GRANTING CLAUSE III

Assignment of Rents and Other Rights and Interests of Trustor in or Appurtenant to the Buildings. All right, title and interest of Trustor now owned or hereafter acquired in and to all and singular the tenements, hereditaments, privileges, easements, franchises, leases, licenses, and appurtenances belonging or in any wise appertaining to the property described in the preceding Granting Clauses and the reversions, remainders, rents, issues and profits thereof, including all interest of Trustor as landlord in and to all present and future licenses, leases, tenancies and occupancies of space in the Buildings and all the estate, rights, title and interest, claim and demand whatsoever in law or in equity, which Trustor now has or may hereafter acquire in and to such property, including, without intending to limit the generality of the foregoing, any proceeds of insurance or awards in condemnation.

## GRANTING CLAUSE IV

Further Property of Trustor. All right, title and interest of Trustor in and to all property and rights, if any, which are, by the express provisions of this Deed of Trust, required to be subjected to the lien hereof, by Trustor or by anyone in its behalf.

## GRANTING CLAUSE V

Architectural Plans, Soil Tests, Etc. All architectural drawings, plans, specifications, soil tests, feasibility studies, appraisals, and similar materials, documents or studies relating to the Property.

## GRANTING CLAUSE VI

Governmental Permissions All governmental permissions, environmental clearances, authority to subdivide or combine the Property and such rights, licenses and permits as are necessary for the commencement, continuation, completion, occupancy, use and disposition of any or all of the Property.

BOOK 139 PAGE 132
Valdez Recording District

### GRANTING CLAUSE VII

**Intangibles.** All general intangibles relating to the development or use of the Property, including without limitation, all names under which or by which the Property or any improvements on the Property may at any time be operated or known, all rights to carry on the business under any such names or any variant thereof, and all trademarks and goodwill in any way relating to the Property.

### GRANTING CLAUSE VIII

**Reserves, Deferred Payments, Etc.** All reserves, deferred payments, deposits, refunds of any kind relating to the construction, operation, occupancy, use and disposition of any or all of the Property.

TO HAVE AND TO HOLD the Property together with all buildings, improvements and building equipment thereon and all the rights, hereditaments and appurtenances in anywise appertaining or belonging thereto, and all reversions, remainders, rents, issues and profits thereof, and all of the estate, right, title, claim or demands whatsoever of Trustor, either in law or in equity, of, in and to the Property, unto Trustee and its successors and assigns forever, SUBJECT, HOWEVER, to the right, power and authority hereinafter given to and conferred upon Beneficiary to collect and apply such rents, issues and profits.

FOR THE PURPOSE OF SECURING: (a) Payment of the sum of Five Hundred Seventy Thousand Nine Hundred Fourteen and 92/100 Dollars ($570,914.92), and interest thereon, according to the terms of the Promissory Note of even date herewith made by Trustor, payable to Beneficiary or order, and all modifications, extensions or renewals thereof, which if not sooner paid, is due and payable in full on or before the 1st day of May, 2009; (b) payment and performance of the Dealer Agreement and all modifications, extensions or renewals thereof, (c) Payment of such additional sums with interest thereon as herein provided as may be paid out or advanced by Beneficiary to protect its security in the Property or the lien of this Deed of Trust, or may otherwise be due to Trustee or Beneficiary, under any provision of this Deed of Trust and all modifications, extensions or renewals thereof; and (d) Performance of each agreement of Trustor contained herein and in all other security documents and agreements executed by Trustor securing the Promissory Note and the Dealer Agreement.

This conveyance is made in Trust, and these presents are upon the express condition, that if Trustor, or its successors or assigns, pays the sum of money and the interest thereon stated in the Promissory Note secured by this Deed of Trust, and otherwise performs all of its obligations under this Deed of Trust and the Promissory Note, and other documents evidencing the loan or securing the loan or the Promissory Note, then this Deed of Trust and the estate hereby granted, shall cease, determine

Deed of Trust and Assignment of Rents      3

TAC - 101993

BOOK 139 PAGE 133
Valdez Recording District

and be void and Trustee shall reconvey without warranty the Property then held hereunder.

Trustor warrants that (a) it is lawfully possessed and is the fee owner of the real property described in Granting Clause I; (b) it is well and truly seized of the property described in Granting Clauses II through VIII hereof, free and clear of any liens and encumbrances except as expressly set forth in this Deed of Trust; (c) it has not heretofore assigned the rents and payments mentioned under Granting Clause III hereof; (d) it will maintain and preserve the lien of this Deed of Trust until the indebtedness secured hereby has been paid in full; (e) it has good right and lawful authority to mortgage and pledge the Property, as provided in and by this Deed of Trust; (f) that it will forever warrant and defend the same against any and all claims and demands whatever, except as are specifically set forth in this Deed of Trust; and (g) Trustor Harbor Fuel Co., Inc. is an Alaska corporation.

THE TRUSTOR HEREBY COVENANTS AND AGREES AS FOLLOWS:

1. **Payment of Indebtedness.** To pay all debts and monies secured by this Deed of Trust, when from any cause the same shall become due. To keep the Property free from statutory and governmental liens of any kind and to forever warrant and defend the Property against every person whomsoever lawfully claiming the same or any part thereof. Trustor upon request by mail will furnish a written statement duly acknowledged of the amount due on the indebtedness secured by this Deed of Trust and specifying whether any offsets or defenses exist against the debt secured by this Deed of Trust.

2. **Maintenance, Repair and Use of the Property.** To maintain the buildings and other improvements on the Property in good condition and state of repair, to neither commit nor suffer any waste, to promptly comply with all requirements of the Federal, State and Municipal authorities and all other laws, ordinances, regulations, covenants, conditions and restrictions respecting the Property or the use thereof, and pay all fees or charges of any kind in connection therewith. Beneficiary may recover as damages for any breach of this covenant the amount it would cost to put the Property in the condition called for herein. Trustor shall permit Beneficiary or its agents the opportunity to inspect the Property, including the interior of any structures, at reasonable times and after reasonable notice.

3. **Completion and Restoration of Improvements.** To complete or restore promptly and in good workmanlike manner any building or improvement which may be constructed, damaged or destroyed on the Property, and pay when due all costs incurred therefor.

4. **Alterations.** No building or other improvement on the Property shall be removed or demolished, without Beneficiary's prior written consent.

Deed of Trust and Assignment of Rents       4

TAC - 101994

Exhibit H
Page 4 of 25

BOOK *139* PAGE *134*
Valdez Recording District

5. <u>Insurance.</u>

    5.1    To provide and to deliver to Beneficiary, at least thirty (30) days prior to the expiration date of existing insurance, and maintain unceasingly, with premiums prepaid, fire and extended coverage, and such other insurance on the Property, and all property which shall hereafter become part of the Property, as Beneficiary may reasonably require from time to time all in an amount not less than the full insurable replacement value of the Property.

    5.2    All insurance shall be carried in companies approved by Beneficiary, shall be for such period of time as shall be acceptable to Beneficiary, with loss payable clauses (without contribution) in favor of, and in form reasonably satisfactory to, Beneficiary and shall provide that it may not be canceled without thirty (30) days prior written notice to Beneficiary. To deliver all insurance policies to Beneficiary, which delivery upon the occurrence of any event of default under this Deed of Trust shall constitute an assignment to Beneficiary of all return premiums. In the event of foreclosure of this Deed of Trust or other transfer of title of the Property in extinguishment of some or all of the obligations secured by this Deed of Trust, all interest of Trustor in any insurance policies in force shall pass to the purchaser or the Trustee. Trustor will reimburse Beneficiary for any premiums paid for such insurance by Beneficiary upon Trustor's default in so insuring the Property or default in assigning and delivering such insurance policies to Beneficiary so endorsed. In the event Trustor shall at any time fail to maintain any such insurance, Beneficiary may, in addition to any other rights or remedies, at any time thereafter declare all obligations secured by this Deed of Trust immediately due and payable.

6.    <u>Defense of Security and Attorney Fees.</u> To appear in and defend any suit, action or proceeding that might affect the value of this Deed of Trust or the security itself or the rights and powers of Beneficiary or Trustee, and should Beneficiary or Trustee elect also to appear in or defend any such suit, action or proceeding, including any bankruptcy or reorganization of Trustor, be made a party to such action by reason of this Deed of Trust, or elect to prosecute such action as appears necessary to preserve said value, security or powers, Trustor will, at all times, indemnify and save Beneficiary or Trustee harmless from, and, on demand, reimburse Beneficiary or Trustee for, any and all loss, damage, expense or cost, including costs of evidence of title and attorney's fees, arising out of or incurred in connection with any such suit, action or proceeding, or incurred in connection with any bankruptcy or reorganization of Trustor, and the sum of such expenditures shall be secured by this Deed of Trust with interest at the rate provided for in the Promissory Note secured hereby and shall be due and payable on demand. To pay costs of suit, cost of evidence of title and a reasonable attorney's fee in any proceeding or suit brought by Beneficiary to foreclose this Deed of Trust.

Deed of Trust and Assignment of Rents    5

TAC - 101995

Exhibit *H*
Page *5* of *25*

```
```

BOOK 139 PAGE 135
Valdez Recording District

7. **Payment of Taxes, Etc.** To pay in full before delinquent all taxes, assessments and encumbrances, charges or liens with interest, that may now or hereafter be levied, assessed or claimed upon the Property or any part thereof, which at any time appear to be prior or superior hereto for which provision has not been made heretofore, and upon request to exhibit to Beneficiary official receipts therefor, and to pay all taxes imposed upon, reasonable costs, fees and expenses of this Trust, provided, however, that the Trustor shall not be required to discharge any such tax, assessment, encumbrance, charge or lien so long as the Trustor shall in good faith diligently contest such tax, assessment, encumbrance, charge or lien or defend enforcement thereof in legal proceedings which operate to prevent its enforcement or forfeiture of the property or any part thereof, and provided further that funds equal to 150% of the amount in dispute shall be escrowed with the Beneficiary for that purpose, on such terms and conditions as Beneficiary may reasonably require.

8. **Repayment of Beneficiary's Expenditures.** To repay immediately after written notice to Trustor all sums expended or advanced hereunder by or on behalf of Beneficiary or Trustee, with interest from the date of such expenditure or advance at the rate provided for in the Promissory Note secured hereby until paid, and the repayment thereof shall be secured by this Deed of Trust. Failure to repay such expenditure or advance and interest thereon within ten (10) days of the mailing of such notice will, at Beneficiary's option, constitute an event of default hereunder, or, Beneficiary may, at its option, commence an action against Trustor for the recovery of such expenditure or advance and interest thereon, and in such event Trustor agrees to pay, in addition to the amount of such expenditure or advance, all costs and expenses incurred in such action, together with a reasonable attorney's fee.

9. **Beneficiary's Right to Protect Security.** Should Trustor fail to make any payment or to do any act as herein provided, then Beneficiary or Trustee, but without obligation so to do, after reasonable notice to Trustor and without releasing Trustor from any obligation hereof, may (a) make or do the same in such manner and to such extent as either may deem necessary to protect the security hereof, Beneficiary or Trustee being authorized to enter upon the Property for such purposes; (b) commence, appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; (c) pay, purchase, contest, or compromise any encumbrance, charge or lien which in the judgment of either appears to be prior or superior hereto, and (d) in exercising any such powers, incur any liability, expend whatever amounts in its absolute discretion it may deem necessary therefor, including cost of evidence of title, employ counsel and pay reasonable attorney's fees. Trustor covenants and agrees to pay immediately and without demand all sums so expended by Beneficiary or Trustee, with interest from the date of such expenditure at the rate provided for in the Promissory Note secured hereby until paid, and the repayment thereof shall be secured by this Deed of Trust.

Deed of Trust and Assignment of Rents     6

TAC - 101996

Exhibit H
Page 6 of 25

BOOK 139 PAGE 136
Valdez Recording District

10. <u>Covenants Concerning Leases</u>. With respect to all leases on the Property, Trustor covenants and agrees as follows:

10.1 To fully comply with all of the terms, conditions and provisions of all leases on the Property so that the same shall not become in default and to do all that is needful to preserve all said leases in force.

10.3 That save and except for taxes and assessments provided to be paid by Trustor as specified in paragraph 7 hereof, Trustor will not create or suffer or permit to be created, subsequent to the date of the execution and delivery of this Deed of Trust, any lien or encumbrance which may be or become superior to any lease affecting the Property.

11. <u>Condemnation or Casualty</u>. Should the Property, or any part or appurtenance thereof, or right or interest therein, be taken or damaged by reason of any public or private improvement, condemnation proceeding (including change of grade), fire, earthquake or other casualty, or in any other manner, Beneficiary may, at its option, commence, appear in and prosecute, in its own name, any action or proceeding, or make any compromise or settlement, in connection with such taking or damage, and obtain all compensation, awards or other relief therefor. All such compensation, awards, damages, rights of action and proceeds, including the proceeds of any policies of insurance affecting the Property, are hereby assigned to Beneficiary, which may, after deducting therefrom all its expenses, including attorney's fees, release any monies so received by it, or apply the same on any obligations secured by this Deed of Trust or apply the same to the repair or restoration of the Property, as it may elect. Trustor further assigns to Beneficiary any return premiums or other repayments upon any insurance at any time provided for the benefit of Beneficiary, refunds or rebates made of taxes or assessments on the Property, and Beneficiary may at any time collect such return premiums, repayments, refunds and rebates, notwithstanding that no sum secured by this Deed of Trust be overdue when such right to collection be asserted. Trustor also agrees to execute such further assignments of any such compensation, award, damages, rebates, return of premiums, repayments, rights of action and proceeds as Beneficiary or Trustee may require.

12. <u>Waiver</u>. Time is of the essence hereof in connection with all obligations of the Trustor under this Deed of Trust and the Note. By accepting payment of any obligation secured by this Deed of Trust after its due date, Beneficiary does not waive its right either to require prompt payment when due of all other obligations so secured or to declare default for failure so to pay.

13. <u>Platting, Reconveyance, Etc</u>. Trustee may, at any time upon written request of Beneficiary, and upon payment of its fees and presentation of this Deed of Trust and the Note for endorsement (in case of full reconveyance, for cancellation and retention), without affecting the liability of any person for the payment of any obligations

Deed of Trust and Assignment of Rents       7

TAC - 101997

Exhibit H
Page 7 of 25

BOOK 139 PAGE 137
Valdez Recording District

secured by this Deed of Trust: (a) consent to the making of any map or plat of the Property; (b) join in granting any easement or creating any restriction thereon; (c) join in any subordination or other agreement affecting this Deed of Trust or the lien or charge thereof; (d) reconvey, without warranty, all or any part of the Property. The grantee in any reconveyance may be described as the "person or persons legally entitled thereto," and the recitals therein of any matters or facts shall be conclusive proof of the truthfulness thereof. Trustor agrees to pay a reasonable Trustee's fee for full or partial reconveyance, together with a recording fee if Trustee, at its option, elects to record said reconveyance.

14. **Order of Sale.** In case of a sale under this Deed of Trust, the Property, real, personal and mixed, may be sold in one parcel or in separate parcels and in such order as Trustee shall determine.

15. **Impairment of Security.** The Trustor shall not, without first obtaining Beneficiary's written consent, change the general nature of the occupancy or initiate or acquiesce in any zoning reclassification, or do or suffer any act or thing which would impair the security for said debt or Beneficiary's lien upon the Property or the assignment to Beneficiary of the rents, issues and profits thereof. In the event of breach of any of the requirements of this paragraph, Beneficiary may, in addition to any other rights or remedies, at any time thereafter declare all obligations secured by this Deed of Trust immediately due and payable.

16. **Receiver.** The holder of this Deed of Trust, in any action to foreclose it, shall be entitled (without notice and without regard to the adequacy of any security for said debt) to the appointment of a receiver of the rents, issues and profits of the Property and such receiver shall have, in addition to all the rights and powers customarily given to and exercised by such receiver, all the rights and powers granted to Beneficiary by the covenants contained in paragraph 20 hereof.

17. **Assignment of Rents.**

17.1 As additional security for the payment of all obligations secured by this Deed of Trust, all Trustor's rents, issues and profits of the Property and the right, title and interest of the Trustor in and under all leases now or hereafter affecting the Property, are hereby assigned and transferred to Beneficiary, and Trustor hereby gives to and confers upon Beneficiary the right, power and authority, during the continuance of these Trusts, to collect and receive the rents, issues and profits of the Property, reserving unto Trustor the right, prior to the occurrence of an event of default under this Deed of Trust, to collect and receive the rents, issues and profits of the Property as they may become due and payable. All rents, issues or profits of Trustor receivable from or in respect to the Property which it shall be permitted to collect hereunder shall be received by it in trust to pay the usual and reasonable operating expenses of, and the taxes upon, the Property and the sums owing to Beneficiary as they may become

Deed of Trust and Assignment of Rents    8

TAC - 101998

Exhibit H
Page 8 of 25

BOOK 139 PAGE 138
Valdez Recording District

due and payable as provided in this Deed of Trust or the Note or in any modification of either. The balance of such rents, issues and profits after payment of such operating expenses, taxes and sums due to Beneficiary, and after the setting aside of accruals to date of such expenses, taxes and sums, including amortization, shall be Trustor's absolute property.

17.2 Trustor covenants and agrees that it will promptly perform and observe all the terms, covenants and conditions required to be performed and observed by it, as landlord under the leases and will do all things necessary to preserve and keep unimpaired its rights thereunder and will maintain the leases in full force and effect and will enforce the same.

17.3 Trustor covenants and agrees that it will not, without the written consent of the Beneficiary, collect or permit the collection of any rental payment under any of the leases for a period of more than two (2) months in advance of the date on which such payment is due.

17.4 All leases of the whole or any part of the Property entered into before the date of this Deed of Trust shall be superior to the lien of this Deed of Trust. All leases of the whole or any part of the Property entered into after the date of this Deed of Trust shall be subject and subordinate to the lien of this Deed of Trust unless Beneficiary, in its sole discretion, shall otherwise specify. Beneficiary may, at its option, require that specific leases be made superior to the lien of this Deed of Trust, provided, however, that so long as the tenant is not in default under the terms of the lease, and agrees to attorn to the Beneficiary or the purchaser at any sale, no foreclosure of the lien of this Deed of Trust, or any other proceeding in respect thereof, shall disturb the rights of the tenant, which rights shall continue in full force and effect so long as tenant is not in default under the terms of the lease. This provision shall be self-operative and no further instrument of subordination or attornment shall be necessary. In confirmation of such subordination and attornment tenant shall execute promptly any certificate or agreement that landlord or Beneficiary or the purchaser at any sale may request. Trustor shall pay all costs incident to making such leases superior to such lien, including attorney's fees. In the event of any default hereunder and the exercise by Beneficiary of its rights hereby granted, Trustor agrees that payments made by tenants or occupants to Beneficiary shall, as to such tenants, be considered as though made to Trustor and in discharge of tenant's obligations as such to Trustor. Nothing herein contained shall be construed as obliging Beneficiary to perform any of Trustor's covenants under any lease or rental arrangement. Trustor shall execute and deliver to Beneficiary upon demand any further or supplemental assignments necessary to effectuate the intentions of this paragraph and upon failure of the Trustor so to comply, Beneficiary may, in addition to any other rights or remedies, at its option, declare all obligations secured by this Deed of Trust immediately due and payable.

Deed of Trust and Assignment of Rents        9

TAC - 101999

Exhibit H
Page 9 of 25

BOOK _139_ PAGE _139_
Valdez Recording District

18. **Collection of Rent by Beneficiary after an Event of Default.** Upon the occurrence of any event of default under this Deed of Trust, Beneficiary may, at its option, without demand or notice and at any time, either in person, by agent, or by a receiver to be appointed by a court, and without regard for the adequacy of any security for the obligations secured by this Deed of Trust, enter upon and take possession of the Property, or any part thereof, making thereto such alterations as are reasonably necessary, in its own name sue for or otherwise collect such rents, issues and profits including those past due and unpaid and apply the same, less costs and expenses of operation and collection, including reasonable attorney's fees, upon any obligations secured by this Deed of Trust in such order as Beneficiary may determine, and terminate in any lawful manner any tenancy or occupancy of the Property, or any part thereof, exercising with respect thereto any right or option available to Trustor.

19. **No Cure or Waiver.** The entering upon and taking possession of the Property, the collection of such rents, issues and profits, or the proceeds of fire and other insurance policies or compensation or awards for any taking or damage of the Property, and the application or release thereof as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

20. **Default and Foreclosure.**

20.1 All obligations secured by this Deed of Trust shall become immediately due and payable, at the option of Beneficiary, without demand or notice except as specifically required by the terms hereof or the Promissory Note, after any of the following occur, each of which shall be an event of default: (a) Default by Trustor in the payment of any obligation secured by this Deed of Trust or in the performance or observance of any material agreement contained herein (any default under either the Promissory Note or any material default under the terms of the Dealer Agreement, or both shall be an event of default hereunder); or (b) Any assignment made by Trustor or the then owner of the Property for the benefit of creditors; or (c) Any of the following shall occur, with respect to the Property, Trustor or the then owner of the Property: (i) the appointment of a receiver, liquidator, or trustee who is not discharged within thirty (30) days after such appointment; (ii) the entry of an order for relief under the Bankruptcy Code; (iii) the filing of any Petition for Bankruptcy, reorganization or arrangement under the Bankruptcy Code which is not dismissed within thirty (30) days of such filing; (iv) the institution of any proceeding for dissolution or liquidation which is not dismissed or abandoned within thirty (30) days of such institution; (v) If Trustor be unable, or admit in writing an inability, to pay its debts as they mature; (vi) a material default in any provision of any other instrument which may be held by Beneficiary as security for the Promissory Note, the terms and conditions of which are incorporated herein by reference as though fully set forth herein. No waiver by Beneficiary of any default on the part of Trustor shall be construed as a waiver of any subsequent default hereunder.

Deed of Trust and Assignment of Rents    10

TAC - 102000

Exhibit H
Page 10 of 25

BOOK **139** PAGE **140**
Valdez Recording District

20.2   In the event of such default Beneficiary may, at its option, execute or cause Trustee to execute a written notice of such default and of its election to cause the Property to be sold to satisfy the obligations secured by this Deed of Trust, and shall cause such notice to be recorded in the office of the recorder of each recording district in which the Property or some part thereof is situated. Notice of sale having been given as then required by law and not less than the time then required by law having elapsed after recordation of such notice of default, Trustee, without demand or notice, shall sell the Property in accordance with the Deeds of Trust Act of the State of Alaska, A.S. Section 34.20.070-135 as now enacted, or hereafter amended, and the Uniform Commercial Code of the State of Alaska where applicable, at the time and place of sale fixed by it in such notice of sale, at public auction to the highest and best bidder for cash in lawful money of the United States, payable at time of sale. In the event no time period is provided by law for such notice, then Beneficiary shall cause notice of sale to be given thirty (30) days prior to said sale. Trustee may postpone sale of all or any portion of the Property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement. Any person except Trustee, but including Trustor or Beneficiary, may bid at such sale. Trustee shall deliver to the purchaser at such sale its deed without any covenant or warranty expressed or implied, which deed shall convey to such purchaser the interest in the Property which Trustor had or had the power to convey at the time of its execution of this Deed of Trust, and such as it may have acquired thereafter. The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof. Trustee shall apply the proceeds of sale as follows: (a) to the expenses of sale, including all costs, fees and expenses of Trustee and of this trust, costs of evidence of title, and actual attorney's fees reasonably incurred in connection with such sale; (b) to the obligations secured by this Deed of Trust, and (c) the surplus, if any, to the person or persons legally entitled thereto pursuant to such Deeds of Trust Act.

21.   **Right to Foreclose this Deed of Trust as a Mortgage; to a Deficiency Judgment and to a Personal Judgment.** The Power of Sale conferred by this Deed of Trust and by such Deeds of Trust Act is not an exclusive remedy, and when not exercised, Beneficiary may foreclose this Deed of Trust as a mortgage. If Beneficiary elects to judicially foreclose this Deed of Trust as a mortgage, Beneficiary shall be entitled to a deficiency judgment against the maker, surety or guarantor of the Note. If Beneficiary elects to commence an action on the Note, Beneficiary shall be entitled to a personal judgment against the maker, surety or guarantor of such Note. The Trustor acknowledges the following in accordance with AS 34.20.160(b): The mortgagor or trustor (borrower) is personally obligated and fully liable for the amount due under the note. The mortgagee or beneficiary (lender) has the right to sue on the note and obtain a personal judgment against the mortgagor or trustor for satisfaction of the amount due under the note either before or after a judicial foreclosure of the mortgage or deed of trust under AS 09.45.170 - 09.45.220.

Deed of Trust and Assignment of Rents          11

TAC - 102001

Exhibit H
Page 11 of 25

BOOK 139 PAGE 141
Valdez Recording District

22. <u>Taxation</u>. In the event of the passage after the date of this Deed of Trust of any Federal, State or Municipal law, ordinance or regulation deducting from the value of real property for the purpose of taxation any lien thereon, or changing in any way the laws now in force for the taxation of mortgages, deeds of trust, or debts secured thereby for Federal, State or Municipal purposes, or the manner of the collection of any such taxes so as to affect the interest of Beneficiary, then and in such event, Trustor shall bear and pay the full amount of such taxes.

23. <u>Maximum Interest Rate</u>. If from any circumstances whatever fulfillment of any provision of this Deed of Trust or the Promissory Note secured hereby at the time performance of such provisions shall be due shall constitute usury, then the obligation to be fulfilled shall be reduced so as not to constitute usury, so that in no event shall any exaction be possible under this Deed of Trust or under such Promissory Note secured hereby that would constitute usury, but such obligation shall be fulfilled to the maximum lawful extent. The provisions of this paragraph shall control every other provision of this Deed of Trust and the Promissory Note secured hereby.

24. <u>Repairs and Alterations During Redemption Period</u>. In the event that this Deed of Trust is foreclosed as a mortgage and the Property sold at a foreclosure sale, the purchaser may, during any redemption period allowed, make such repairs or alterations on the Property as may be reasonably necessary for the proper operation, care, preservation, protection and insuring thereof. Any sums so paid together with interest thereon from the time of such expenditure at the rate provided for in the Promissory Note secured hereby shall be added to, and become a part of, the amount required to be paid for redemption from such sale.

25. <u>Annual Statement and Additional Financial Information</u>. Trustor shall deliver to Beneficiary within sixty (60) days after the end of each and every calendar year of Trustor during the term of the Promissory Note secured by this Deed of Trust, and any modifications, extensions or renewals thereof, a copy of Trustor's current financial statement in such detail as Beneficiary may require in its sole discretion and Trustor's current annual operating statement setting forth in such detail as Beneficiary may require in its sole discretion, the income and expense derived from and attributable to the Property, including, without limitation, tenant gross sales figures, if applicable, certified by Trustor or to the extent applicable, a duly authorized corporate officer or general partner of Trustor as having been prepared in accordance with generally accepted accounting principles consistently applied. Further, Trustor shall deliver to Beneficiary upon request, at any time, other financial statements and information pertaining to the Property (including but not limited to income and expense statements, rent rolls, leases, and copies of bills, invoices and contracts) as may be requested by Beneficiary from time to time in its sole discretion. Trustor shall permit Beneficiary or its representative to examine all books and records pertaining to the Property, upon prior written demand of not less than ten (10) days. Trustor shall furnish to Beneficiary such

Deed of Trust and Assignment of Rents        12

TAC - 102002

Exhibit H
Page 12 of 25