BOOK 139 PAGE 142
Valdez Recording District

financial information as may reasonably be required by other institutional investors in connection with their purchase of the Promissory Note secured by this Deed of Trust in part or in its entirety. In default thereof Beneficiary may, in addition to all other remedies, at its option, declare all obligations secured by this Deed of Trust immediately due and payable.

26. <u>Foreclosure Subject to the Rights of Tenants</u>. Beneficiary shall have the right at its option to foreclose this Deed of Trust subject to the rights of any tenant or tenants of the Property and the failure to make any such tenant or tenants a party defendant to any such suit or action or to foreclose their rights will not be asserted by Trustor as a defense in any action or suit instituted to collect the obligations secured by this Deed of Trust, or any part thereof, or any deficiency remaining unpaid after foreclosure and sale of the Property, any statute or rule of law at any time existing to the contrary notwithstanding.

27. <u>No Prepayment Penalty</u>. The Promissory Note may be prepaid in whole or in part at any time without penalty.

28. <u>Execution of Further Instruments</u>. Trustor, from time to time, within fifteen (15) days after request by Beneficiary, shall execute, acknowledge, and deliver to Beneficiary, such security agreements or other security instruments, in form and substance satisfactory to Beneficiary, covering all property of any kind that is reasonably related to the operation of the Property. Trustor shall further, from time to time, within fifteen (15) days after request by Beneficiary, execute, acknowledge and deliver any financing statement, renewal, affidavit, certificate, continuation statement or other document as Beneficiary may request in order to perfect, preserve, continue, extend or maintain the security interest under, or the priority of, this Deed of Trust and the priority of such security agreement or other security instrument as a first lien. Trustor further agrees to pay to Beneficiary on demand all costs and expenses incurred by Beneficiary in connection with the preparation, execution, recording, filing and refiling of any such instrument or document. However, neither a request so made by Beneficiary nor the failure of Beneficiary to make such request shall be construed as a release of the Property, or any part thereof, from the conveyance of title by this Deed of Trust, it being understood and agreed that this covenant and any such security agreement or other security instrument; delivered to Beneficiary, are cumulative and given as additional security.

29. <u>Cumulative Rights</u>. All of Beneficiary's rights and remedies herein specified are intended to be cumulative and not in substitution for any right or remedy otherwise available and no requirement whatsoever may be waived at any time except by a writing signed by Beneficiary, nor shall any waiver be operative upon other than a single occasion. The term "Beneficiary" shall mean the holder and owner, including pledgees, of the Promissory Note secured hereby, whether or not named as Beneficiary herein.

Deed of Trust and Assignment of Rents          13

TAC - 102003

Exhibit H
Page 13 of 25

BOOK 139 PAGE 143
Valdez Recording District

30. **Right to Release Collateral, Etc.** Without affecting the liability of any other person for the payment of any obligation herein mentioned (including Trustor should Trustor convey the Property) and without affecting the lien hereof upon any property not released, Beneficiary may, without notice, release any person so liable, extend the maturity or modify the terms of any such obligation, or grant other indulgences, release or reconvey or cause to be released or reconveyed at any time all or part of the Property, take or release any other security or make compositions or other arrangements with debtors. Beneficiary may also accept additional security, either concurrently herewith or thereafter, and sell same or otherwise realize thereon, either before, concurrently with, or after sale hereunder.

31. **Sale, Transfer or Encumbrance of the Property.** Beneficiary would not make the loan secured by this Deed of Trust at the interest rate set forth in the Promissory Note secured hereby were it not for the financial strength and development and management capabilities of Trustor. In the event that Trustor shall sell, convey, transfer, lease (except as provided in this Deed of Trust), assign, further encumber or alienate the Property, or any part thereof, or any interest therein, or be divested of title or any interest therein, (all of the foregoing being hereinafter called "transfer"), in any manner whatsoever, whether voluntarily or involuntarily, without prior written approval from Beneficiary, Beneficiary may, in addition to any other rights or remedies, at its option, declare all obligations secured by this Deed of Trust immediately due and payable. Beneficiary's option to declare all obligations secured by this Deed of Trust immediately due and payable may be exercised at any time after transfer is made and acceptance of one (1) or more monthly payments made by transferee shall not constitute a waiver of Beneficiary's option and shall not be construed as a waiver of the provisions hereof regarding any subsequent purchaser or transferee. Consent by Beneficiary to one such transaction shall not be deemed to waive the right to require such consent to future transactions, and any consent given may be conditional. Trustor shall not be released from liability under the Promissory Note by virtue of any such transfer or consent by Beneficiary to such transfer. Trustor agrees to be governed solely by the provisions of this paragraph and to be bound by the judgment of Beneficiary and waives any and all rights under the laws of the State of Alaska which limit the power and authority of Beneficiary to approve or disapprove any such transfer. The sale, transfer or conveyance of more than forty-nine percent (49%) of the common stock of Harbor Fuel Co., Inc. by Benjamin J. Olds to any other person or entity (other than a trust created and controlled by Mr. Olds for estate planning purposes) without prior written approval from Beneficiary shall constitute a sale of the Property for purposes of this Deed of Trust.

32. **Late Charge.** In the event that the amount Trustor is required to pay each designated period is not paid within ten (10) days of a notice of default given pursuant to the Promissory Note, a late charge of five cents ($.05) for each dollar so overdue may be charged by Beneficiary for the purpose of defraying the expense incident to

Deed of Trust and Assignment of Rents    14

TAC - 102004

Exhibit H
Page 14 of 25

BOOK 139 PAGE 144
Valdez Recording District

handling such delinquent payments. Such late charge represents the reasonable estimate of Beneficiary and Trustor of a fair average compensation for the loss that may be sustained by Beneficiary due to the failure of Trustor to make timely payments. Such late charge shall be paid without prejudice to the right of Beneficiary to collect any other amounts provided to be paid or declare a default under this Deed of Trust or under any other agreement, document or instrument securing the Promissory Note.

33. **No Default Interest Rate.** The Promissory Note does not contain provisions for a default rate of interest.

34. **Duties of Trustee.** Trustee accepts this trust when this Deed of Trust, duly executed and acknowledged, is made a public record as provided by law. Trustee is not obligated to notify any party hereto of any pending sale under any other Deed of Trust or of any action or proceeding in which Trustor, Beneficiary or Trustee shall be a party, unless brought by Trustee.

35. **Substitution of Trustee.** Beneficiary may, from time to time, as provided by statute, appoint another Trustee in place and stead of Trustee herein named, and thereupon, Trustee herein named shall be discharged and the Trustee so appointed shall be substituted as Trustee hereunder with the same effect as if originally named Trustee herein.

36. **Powers of Trustee.** If two or more persons be designated as Trustee herein, any, or all, powers granted herein to Trustee may be exercised by any of such persons, if the other person or persons is unable, for any reason, to act, and any recital of such inability in any instrument executed by any of such persons shall be conclusive against Trustor, its successors and assigns.

37. **Subordinate Lienholder.** No subordinate lienholder shall terminate or in any manner affect any tenant lease by the foreclosure of its lien or other action to enforce its lien without the prior written consent of Beneficiary.

38. **Notice of Default and Notice of Sale.** The undersigned Trustor requests that a copy of any Notice of Default and of any Notice of Sale hereunder be mailed to it at its address hereinabove set forth.

39. **Period of Deed of Trust.** For the purposes of A.S. Section 34.20.150 the period of this Deed of Trust and the date when this Deed of Trust matures is six years after the due date of the Note as stated in this Deed of Trust, and, in the event that no such due date is stated, then the date when this Deed of Trust matures shall be forty (40) years after the date of execution of this Deed of Trust.

Deed of Trust and Assignment of Rents     15

TAC - 102005

Exhibit H
Page 15 of 25

BOOK 139 PAGE 145
Valdez Recording District

40. **Miscellaneous Provisions.**

40.1 This Deed of Trust sets forth the entire agreement of the parties as to the subject matter hereof and supersedes all prior discussions and understandings between them. This Deed of Trust may not be amended or rescinded in any manner except by an instrument in writing signed by a duly authorized officer or representative of each party hereto.

40.2 This Deed of Trust shall be governed by, and construed and enforced in accordance with, the laws of the State of Alaska.

40.3 Should any of the provisions of this Deed of Trust be found to be invalid, illegal or unenforceable by any court of competent jurisdiction, such provision shall be stricken and the remainder of this Deed of Trust shall nonetheless remain in full force and effect unless striking such provision shall materially alter the intention of the parties.

40.4 In the event any action is brought to enforce this Deed of Trust, the parties agree to be subject to exclusive *in personam* jurisdiction in the Superior Court for the State of Alaska or in the United States District Court for the District of Alaska and agree that in any such action venue shall lie exclusively at Anchorage, Alaska in the Third Judicial District, State of Alaska.

40.5 Paragraph headings contained in this Deed of Trust are included for convenience only and form no part of the agreement between the parties.

40.6 All notices or requests required or permitted under this Deed of Trust shall be in writing; shall be personally delivered or sent by certified mail, return receipt requested, postage prepaid; shall be deemed given when so delivered or mailed, irrespective of whether such notice or request is actually received by the addressee, and shall be sent to the parties at the addresses set forth in the introductory paragraph of this Deed of Trust. Either party may change the address to which notices shall be sent by notice to the other party.

40.7 This Deed of Trust shall be binding upon, and inure to the benefit of, the parties hereto and their respective successors and assigns.

40.8 Beneficiary, in its sole discretion, may sell, transfer and convey this Deed of Trust and the Promissory Note secured hereby, and all other documents evidencing the loan or securing the loan or the Promissory Note, and may sell or assign participations or other interests in all or part of the loan all without notice to or the consent of Trustor.

Deed of Trust and Assignment of Rents       16

Exhibit H
Page 16 of 25

TAC - 102006

BOOK 139 PAGE 146
Valdez Recording District

40.9 As used in this Deed of Trust, the masculine shall include the feminine and neuter, the feminine shall include the masculine and neuter, the neuter shall include the masculine and feminine, the singular shall include the plural and the plural shall include the singular, as the context may require.

41. Security Agreement. The Promissory Note secured hereby is also secured by a certain Security Agreement of even date upon the property therein described. This Deed of Trust may, in the event of default hereunder, be realized upon separately from, in connection with, or as part of any sale under the Security Agreement.

Harbor Fuel Co., Inc.

By: _____
Title: President

STATE OF ALASKA )
                ) ss.
THIRD JUDICIAL DISTRICT )

THIS IS TO CERTIFY that on this __23rd__ day of __April__, 1999, before me, the undersigned, a Notary Public in and for the State of Alaska, personally appeared __Benjamin H. Olds__, known to me and to me known to be the individual named in and who executed the foregoing document, and he/she acknowledged to me that he/she was authorized to execute the foregoing document as __President__ of HARBOR FUEL CO., INC., by authority granted him/her in the Bylaws or by resolution of the Board of Directors of said corporation for the uses and purposes therein set forth.

WITNESS my hand and notarial seal the day and year first hereinabove written.

OFFICIAL SEAL
STATE OF ALASKA
D.J. WEBB
NOTARY PUBLIC

NOTARY PUBLIC in and for the State of Alaska
My Commission Expires: __1/22/2001__

94642.03

Deed of Trust and Assignment of Rents   17

Exhibit H
Page 17 of 25

TAC - 102007

BOOK 139 PAGE 147
Valdez Recording District

### EXHIBIT "A"

**LEGAL DESCRIPTION:**

Lot 1A, Block 33, MINERAL CREEK SUBDIVISION, SOUTH PORTION, according to the official plat thereof, filed under Plat Number 93-10, Records of the Valdez Recording District, Third Judicial District, State of Alaska.

**STREET ADDRESS:**

FOR RECORDATION IN THE VALDEZ RECORDING DISTRICT

After recording, please return to:

Tesoro Alaska Company
3230 C Street
Anchorage, Alaska 99503

Deed of Trust and Assignment of Rents    18

CONFORMED COPY

418
RECORDED - FILED #66-
VALDEZ REC. DIST.    CC
DATE 4/27    19 99
TIME 11:14    A M
Requested by EATCO
Address

TAC - 102008

Exhibit H
Page 18 of 75

BOOK 139 PAGE 148
Valdez Recording District

| Uniform Commercial Code | Financing Statement | Form UCC - 1 | STATE OF ALASKA |

INSTRUCTIONS:
1) Please TYPE this form.  99 00174 Ow
2) Enclose fee for each debtor/trade name shown.
3) Make secured party and debtor copies and send three attached copies to filing officer.
4) If the space for any item(s) on this form is inadequate, the item(s) should be continued on additional sheets. Only one copy of such additional sheets need be presented to the filing officer with the set of three financing statements.
5) At the time of the original filing, the filing officer will return the acknowledgement copy to the secured party or assignee if noted on form.
6) If collateral is crops or timber or goods which are or to become fixtures, describe generally the real estate and give name of the record owner.

This FINANCING STATEMENT is presented to filing officer for filing pursuant to the Uniform Commercial Code.    UCC-1

| 1A. Debtor(s): | 2A. Secured Party(ies): Tesoro (?) | FOR FILING OFFICER ONLY |
| Harbor Fuel Co., Inc. | Tesoro Alaska Company | (Date, time, number and filing officer) |

| 1B. Mailing Address(es): | 2B. Address of secured party from which security information obtainable: |
| P.O. Box 336 | 3230 C Street |
| Valdez, AK 99686 | Anchorage, AK 99503 |

3. This Financing Statement covers the following types (or items) of property:

All of the collateral described in Exhibit A attached hereto. The fixtures described in Exhibit A are affixed to or located upon the real property described in Exhibit A. Debtor is the owner of record of the real property where the fixtures are or will be located.

4A. Assignee of Secured Party(ies) if any:

4B. Address of Assignee from which security information obtainable:

No. of additional sheets presented:

CHECK (X) IF COVERED:   [X] Proceeds of collateral are also covered   [X] Products of collateral are also covered

MATURITY DATE (if any) _____

[ ] The collateral described herein is brought into this state already to a security interest in the state of _____

HARBOR FUEL CO., INC.                    TESORO ALASKA COMPANY

By: _____              By: _____
    Signature(s) of Debtor(s)              Signature of Secured Party or Assignee of Record (Not valid until signed)
Made in Alaska                                            (c) Alaska Legal Forms

TAC - 102009

Exhibit H
Page 9 of 25

BOOK __139__ PAGE __149__
Valdez Recording District

## EXHIBIT "A" TO FINANCING STATEMENT

DEBTOR:   Harbor Fuel Co., Inc.
          Benjamin H. Olds

SECURED PARTY:   Tesoro Alaska Company

This Financing Statement covers all of the following described property of the Debtor now owned or hereafter acquired and the rents, revenues, issues, profits, proceeds and products thereof ("collateral"):

(a) All right, title and interest of the Debtor, whether as lessor, lessee, assignor, assignee, sublessee or otherwise, in and to any and all leases, partial assignments, subleases and other contracts of conveyance covering all or any portion of the other items of collateral described herein, including any and all modifications and extensions thereof (the "Leases") or pertaining to the following described real property and all improvements thereupon:

> Lot 1A, Block 33, MINERAL CREEK SUBDIVISION, SOUTH PORTION, according to the official plat thereof, filed under Plat Number 93-10, Records of the Valdez Recording District, Third Judicial District, State of Alaska (the "Real Property").

Together with all of the Debtor's rights and remedies thereunder, and the benefit of all covenants therein, including, without limitation thereto, the right to receive all monies, rents or payments of every other kind due or to become due to the Debtor under the Leases;

(b) All right, title and interest of the Debtor in and to any and all binders or policies of insurance of any kind covering all or any portion of the other items of collateral described herein; and any and all riders, amendments, extensions, renewals, supplements or revisions thereof,

Together with all of the Debtor's rights and remedies thereunder, the benefit of all covenants therein and all proceeds therefrom;

Exhibit "A" to Financing Statement - 1

TAC - 102010

Exhibit H
Page 20 of 25

BOOK 139 PAGE 150
Valdez Recording District

(c)   All right, title and interest of the Debtor in and to all personal property of any kind, including, without limitation, all machinery, equipment and building materials, furniture, fixtures, furnishings, fittings, attachments, appliances, tanks, pumps, and piping including devices and appurtenances of every kind and description, electrical equipment, elevators, heating and lighting equipment and fixtures, air conditioning equipment, fire prevention equipment or extinguishing equipment, together with all additions to, substitutions for, changes in, accessions and improvements of, replacements or renewals of, the whole or any part of such property now or hereafter pertaining to, located upon, installed upon, or otherwise used in connection with the Real Property or any improvements thereon;

(d)   All right, title and interest of the Debtor in and to any and all awards or payments, including interest thereon, and the right to receive the same, which may be made with respect to the Real Property or any improvement thereupon, or all or any portion of the other items of collateral described herein by any public or quasi-public authority or corporation as a result of (a) the exercise of the right of eminent domain, (b) the alteration of the grade of any street, or (c) any other injury to or decrease in the value of all or any portion of the other items of collateral described herein, the Debtor agreeing to execute and deliver, from time to time, such further instruments as may be requested by the Secured Party to confirm such assignment to the Secured Party of any such award or payment;

(e)   All right, title and interest of the Debtor in and to any general intangibles (as those terms are respectively defined in AS 45.09.106, as amended) with respect to, or which may in any way pertain to, the Real Property or any improvements thereupon, all or any portion of the other items of collateral described herein or any business of the Debtor, including, without limitation (i) any and all trade names, trademarks, prints, labels, advertising concepts and literature, (ii) all refunds, rebates, security deposits or other expectancy under or from any account or contract, and (iii) all building permits, other permits, licenses, soils tests, appraisal and engineering architectural plans and specifications;

(f)   All accounts and contract rights; and

(g)   All rents, revenues, issues, profits, proceeds and products of all of the above-described collateral.

This Financing Statement is to be recorded in the Books and Records of the VALDEZ RECORDING DISTRICT.

Exhibit "A" to Financing Statement - 2

TAC - 102011

Exhibit H
Page 21 of 25

BOOK 139 PAGE 151
Valdez Recording District

After recordation, please return to:

Tesoro Alaska Company
3230 C Street
Anchorage, Alaska 99503

94644.03

Exhibit "A" to Financing Statement - 3

RECORDED - FILED
VALDEZ REC. DIST.
DATE 4/27  19 99
TIME 11:18  A M
Requested by PATCO
Address

419

CONFORMED COPY

TAC - 102012

**Uniform Commercial Code** — **Financing Statement** — UCC-1 — **STATE OF ALASKA**

9900174DW

INSTRUCTIONS:
1) Please TYPE this form.
2) Enclose fee for each debtor/trade name shown.
3) Make secured party and debtor copies and send three attached copies to filing officer.
4) If the space for any item(s) on this form is inadequate, the item(s) should be continued on additional sheets. Only one copy of such additional sheets need be presented to the filing officer with the set of three financing statements.
5) At the time of the original filing, the filing officer will return the acknowledgement copy to the secured party or assignee if noted on form.
6) If collateral is crops or timber or goods which are or are to become fixtures, describe generally the real estate and give name of the record owner.

This FINANCING STATEMENT is presented to filing officer for filing pursuant to the Uniform Commercial Code.   [X] UCC-1

| 1A. Debtor(s): | 2A. Secured Party(ies): | FOR FILING OFFICER ONLY (Date, time, number and filing officer) |
|---|---|---|
| Harbor Fuel Co., Inc. | Tesoro Alaska Company | |
| 1B. Mailing Address(es): P.O. Box 336 Valdez, AK 99686 | 2B. Address of secured Party from which security information obtainable: 3230 C Street Anchorage, AK 99503 | ALASKA U.C.C.  99 APR 27 AM 8:03  RECEIVED |

3. This Financing Statement covers the following types (or items) of property:

All of the collateral described in Exhibit A attached hereto.

4A. Assignee of Secured Party(ies) if any:

4B. Address of Assignee from which security information obtainable:

No. of additional sheets presented:

CHECK [X] IF COVERED:  [X] Proceeds of collateral are also covered    [X] Products of collateral are also covered

MATURITY DATE (IF any) _____

[ ] The collateral described herein is brought into this state already to a security interest in the state of _____

HARBOR FUEL CO., INC.                                TESORO ALASKA COMPANY

By: _____                         By: _____
    Signature(s) of Debtor(s)                           Signature of Secured Party or Assignee of Record (Not valid until signed)
Made in Alaska                                                                    (c) Alaska Legal Forms

TAC - 102013

Exhibit H
Page 23 of 25

### EXHIBIT "A" TO FINANCING STATEMENT

DEBTOR:         Harbor Fuel Co., Inc.

SECURED PARTY:  Tesoro Alaska Company.

This Financing Statement covers all of the following described property of the Debtor now owned or hereafter acquired and the rents, revenues, issues, profits, proceeds and products thereof ("collateral"):

(a) All right, title and interest of the Debtor, whether as lessor, lessee, assignor, assignee, sublessee or otherwise, in and to any and all leases, partial assignments, subleases and other contracts of conveyance covering all or any portion of the other items of collateral described herein, including any and all modifications and extensions thereof (the "Leases") or pertaining to the following described real property and all improvements thereupon:

> Lot 1A, Block 33, MINERAL CREEK SUBDIVISION, SOUTH PORTION, according to the official plat thereof, filed under Plat Number 93-10, Records of the Valdez Recording District, Third Judicial District, State of Alaska (the "Real Property").

Together with all of the Debtor's rights and remedies thereunder, and the benefit of all covenants therein, including, without limitation thereto, the right to receive all monies, rents or payments of every other kind due or to become due to the Debtor under the Leases;

(b) All right, title and interest of the Debtor in and to any and all binders or policies of insurance of any kind covering all or any portion of the other items of collateral described herein; and any and all riders, amendments, extensions, renewals, supplements or revisions thereof,

Together with all of the Debtor's rights and remedies thereunder, the benefit of all covenants therein and all proceeds therefrom;

(c) All right, title and interest of the Debtor in and to all personal property of any kind, including, without limitation, all machinery, equipment and building materials, furniture, fixtures, furnishings, fittings, attachments, appliances, tanks, pumps, and piping including devices and appurtenances of

Exhibit "A" to Financing Statement - 1

TAC - 102014

Exhibit H
Page 24 of 25

every kind and description, electrical equipment, elevators, heating and lighting equipment and fixtures, air conditioning equipment, fire prevention equipment or extinguishing equipment, together with all additions to, substitutions for, changes in, accessions and improvements of, replacements or renewals of, the whole or any part of such property now or hereafter pertaining to, located upon, installed upon, or otherwise used in connection with the Real Property or any improvements thereon;

(d)  All right, title and interest of the Debtor in and to any and all awards or payments, including interest thereon, and the right to receive the same, which may be made with respect to the Real Property or any improvement thereupon, or all or any portion of the other items of collateral described herein by any public or quasi-public authority or corporation as a result of (a) the exercise of the right of eminent domain, (b) the alteration of the grade of any street, or (c) any other injury to or decrease in the value of all or any portion of the other items of collateral described herein, the Debtor agreeing to execute and deliver, from time to time, such further instruments as may be requested by the Secured Party to confirm such assignment to the Secured Party of any such award or payment;

(e)  All right, title and interest of the Debtor in and to any general intangibles (as those terms are respectively defined in AS 45.09.106, as amended) with respect to, or which may in any way pertain to, the Real Property or any improvements thereupon, all or any portion of the other items of collateral described herein or any business of the Debtor, including, without limitation (i) any and all trade names, trademarks, prints, labels, advertising concepts and literature, (ii) all refunds, rebates, security deposits or other expectancy under or from any account or contract, and (iii) all building permits, other permits, licenses, soils tests, appraisal and engineering architectural plans and specifications;

(f)  All accounts and contract rights; and

(g)  All rents, revenues, issues, profits, proceeds and products of all of the above-described collateral.

94644.03

Exhibit "A" to Financing Statement - 2

TAC - 102015

Exhibit H
Page 15 of 25