*7-14-97*
*copy by pouch*
*? Shirley*
*Jensen (SAT)*

# AGREEMENT FOR PURCHASE AND SALE OF REAL PROPERTY

TES 0000043233

THIS AGREEMENT is made this ___ day of _____, 1995, by and between Newtown Chevron, Inc., an Alaska corporation; Howard L. Chaffin, Nancy L. Chaffin, Rhonda L. Chaffin, and Robin L. Chaffin [hereinafter referred to as Sellers]; and Tesoro Alaska Petroleum Company, a Delaware corporation, [hereinafter referred to as Buyer].

WHEREAS, Sellers are the owners of certain real property, located at the corner of Meals Avenue and Egan Drive, Valdez, Alaska, more particularly described as :

Lot One "A" (L.A). Block thirty-three (33) on Mineral Creek Subdivision, South Portion, According to Plat 93-10 filed in the Valdez Recording District, Third Judicial District, State of Alaska [hereinafter the Property].

WHEREAS, Sellers hereby agree to sell and Buyer hereby agrees to purchase from Sellers the Property;

NOW THEREFORE, in consideration of the conditions and mutual promises here made, the agreements to be performed, and other valuable consideration, receipt of which is hereby acknowledged, the parties agree as follows:

1. **Purchase and Sale of Real Property.** Sellers agree to sell to Buyer and Buyer agrees to purchase from Sellers, subject to the conditions and upon the terms and for the consideration hereinafter set forth, the Property together with all improvements on the property and appurtenances to it.

2. **Purchase Price.** Total purchase price for the Property sold herein is FIVE HUNDRED FIFTY THOUSAND DOLLARS ($550,000.00).

3. **Payment of Purchase Price.** The purchase price specified in Paragraph 2. shall be paid as follows:

   (a) An earnest money deposit in the amount of TEN THOUSAND DOLLARS ($10,000.00), receipt of which is hereby acknowledged, and which shall be applied to the purchase price;

   (b) The balance of the purchase price shall be paid in cash at closing.

Agreement for Purchase and
Sale of Real Property
Newtown Chevron, Page 1 of 11

TES 0000043235

Exhibit K
Page 1 of 17

4. <u>Status of Title</u>.   Sellers warrant that, at closing, they will have good and marketable title to the Property (other than patent reservations, easements of record, the usual printed exceptions and stipulations referred to in a Preliminary Commitment for Title Insurance, and building or use restrictions, if any).

5. <u>Acceptance of Condition of Property</u>.   Buyer has examined and agrees to accept the Property in its present condition. Buyer has been provided with the opportunity to have an engineer examine the Property for defects and of having a site assessment performed to determine whether there are any hazardous materials or environmental contamination present on the Property or in or around the building where the Property is located. By closing on this purchase, Buyer shall be deemed to have accepted the property as is, notwithstanding the fact that the parties recognize hydrocarbon contamination is present in the Property.

6. <u>Lease to Harbor Fuels, Inc.</u>.   Concurrent with closing, Buyer agrees to lease the Property for a 10-year term to Harbor Fuels, Inc., with an option to purchase.

7. <u>Apportionments and Adjustments</u>.   Taxes on the Property shall be prorated to closing. Sellers' existing insurance policies are not being transferred to or assumed by Buyer and shall not be prorated. Any refunds on such insurance policies shall belong to Sellers.

8. <u>Representations and Warranties of Buyer</u>.   Buyer represents and warrants to Sellers as follows:

   (a) Buyer is an Alaska corporation doing business within the Third Judicial District, State of Alaska.

   (b) Neither the execution and delivery of this Agreement, nor the transactions contemplated hereby require the consent of any non-governmental entity nor conflict with, result in the breach of, or accelerate the performance provided by the terms of any contract or agreement or other agreement to which Buyer is a party or by which it may be bound, or constitute a default thereunder,

   (c) The execution, delivery and performance of this Agreement by the Buyer and the consummation of the transactions provided for herein do not require on the part of Buyer any consent, approval or authorization of, or declaration, filing or registration with any government or regulator, or any other third party;

Agreement for Purchase and
Sale of Real Property
Newtown Chevron, Page 2 of 11

TES 0000043237

Exhibit K
Page 2 of 17

(d) Buyer warrants that it has the legal power to enter into this Agreement and to perform the obligations hereunder without the necessity of any consent by others, except as has been disclosed herein.

9. <u>Representations and Warranties of Sellers</u>.   Sellers make the following representations and warranties to Buyer, all of which shall exist at and survive the closing:

(a) Sellers are the vested owners of and have good and marketable title to the Property. At the date of Closing, Sellers shall own the Property free of liens, assessments, debts, encumbrances, except as otherwise described in Paragraph 4. above;

(b) Sellers have entered into no contracts relating to the property here transferred, except as specifically referred to in this Agreement;

(c) There are, or at the time of closing will be no judgment liens, actions, litigation, or proceedings pending or threatened against Sellers which would affect the Property.

10. <u>Defaults and Remedies</u>.

(a) In the event Sellers fail to perform their agreements hereunder and convey the Property to Buyer upon Buyer's tender of full performance hereunder, Buyer shall have the right to sue sellers for damages or for specific performance, or Buyer may elect to terminate this Agreement, in which event Buyer and Sellers shall have no further obligations hereunder.

(b) Should Buyer fail to consummate the Agreement for any reason, Sellers shall have right to retain the earnest money deposit paid by Buyer. These sums are to be retained as liquidated damages for Sellers' loss of bargain and not as a penalty. Said amounts shall remain the property of Sellers, and Sellers shall have no right to sue Buyer for damages or for specific performance, but Sellers may elect to terminate this Agreement, in which event Buyer and Sellers shall have no further obligations hereunder.

11. <u>Indemnification</u>.

(a) Sellers shall, at all times after the date of this Agreement, indemnify, hold harmless and defend Buyer against and in respect of:

Agreement for Purchase and
Sale of Real Property
Newtown Chevron, Page 3 of 11

TBS 0000043238

Exhibit K
Page 3 of 17

(1) Except for claims arising out of conditions accepted by Buyer as set forth in Paragraph 5. above, any obligation, including, but not limited to, liens (including tax liens), encumbrances, or any other charge against the Property, arising from acts, events, occurrences or conditions existing before closing. This indemnity shall survive closing, the documents executed at closing, and it shall be a continuing indemnity not merging into the documents.

(2) Except for claims arising out of conditions accepted by Buyer as set forth in Paragraph 5. above, any claims, suits, actions, proceedings, demands, assessments, judgments, costs, or expenses arising from acts, events, conditions or occurrences existing at or before closing including costs and attorney's fees expended by Buyer in defending against such.

(3) All acts of Sellers prior to closing, except for acts which contributed to or caused the conditions accepted by Buyer in Paragraph 5. above. Sellers shall reimburse Buyer, on demand, for any payment required to be made by Buyer at any time after the date of closing in respect to any amount which the foregoing indemnities relate. To the extent of any amount for which Sellers shall become obligated to indemnify or any other amount becoming due by sellers to Buyer, Buyer shall notify Sellers in writing of the amount and basis of the claim. Sellers shall, within ten (10) days of date of mailing of the notice, either pay such amount or undertake defense of the matter as to any third parties, shall defend such in a manner that will prevent any liability to Buyer and that will not otherwise interfere with Buyer's credit and operations and shall hold Buyer harmless from such. In the event that Sellers fail to do so within ten (10) days from mailing of the notice, Buyer may offset such amount against any obligation to pay money to Sellers, or require Sellers to immediately pay such amount to Buyer.

(b) Buyer shall indemnify, hold harmless and defend Sellers at all times after the date of this Agreement for:

Agreement for Purchase and
Sale of Real Property
Newtown Chevron, Page 4 of 11

TES 0000043239

Exhibit K
Page 4 of 17

(1) Any obligation including, but not limited to, liens (including tax liens), assessments, encumbrances, or any other charge against the Property arising from acts, events, occurrences, or conditions coming due or existing after closing, or conditions accepted by Buyer in Paragraph 5. above.

(2) Any act of Buyer in the operation or use of the Property or any claims, suits, actions, proceedings, demand, assessments, judgments, costs and expenses, litigation, alleged violations or any other matters arising from acts of Buyer or events, conditions or occurrences permitted by Buyer before or after closing, or accepted by Buyer in Paragragh 5. above, including costs and attorney's fees expended by Sellers in defending such.

Buyer shall reimburse Sellers, on demand, for any payment required to be made by Sellers at any time after the date of closing, in respect to any amount to which the foregoing indemnities relate. To the extent of any amount for which Buyer shall become obligated to indemnify, or any other amount becoming due by Buyer to sellers, Sellers shall notify Buyer, in writing of the amount and the basis of the claim. Buyer shall, within (10) days of the date of mailing the notice, either pay such amount or undertake defense of the matter as to any third parties; shall defend such in a manner that will not otherwise interfere with Sellers' credit and operations; and shall hold Sellers harmless from such.

These obligations of indemnification shall survive closing and shall be continuing warranties, not merging into the documents.

12. Closing.

(a) closing shall occur at such time as Buyer and Sellers agree, but in no event later than the close of business on June 2, 1995, at the Stewart Title Company of Alaska, Inc., 3230 Arctic Blvd., #101, Anchorage, Alaska 99503, or at such other time and place as the parties designate.

(b) At the time of closing, the parties shall execute all documents reasonably required. Sellers shall deliver or cause to be delivered to Buyer a warranty deed properly executed and acknowledged, conforming to and conveying the agreed state of the title.

Agreement for Purchase and
Sale of Real Property
Newtown Chevron, Page 5 of 11

TES 0000043240

Exhibit K
Page 5 of 17

(c) Sellers, at any time before or after closing, will execute, acknowledge and delivery any further deeds, assignments, conveyances and other assurances, documents, and instruments of transfer, reasonably requested by Buyer, and will take any other action consistent with the terms of this Agreement that may reasonably be requested by Buyer for the purpose of assigning, transferring, granting, conveying, and confirming to Buyer, or reducing to possession, any or all property to be conveyed and transferred by this Agreement.

(d) If requested by Buyer, Sellers further agree to prosecute or otherwise enforce, in their own name and for the benefit of Buyer, any claims, rights, or benefits that are transferred to Buyer by this Agreement and that require prosecution or enforcement in Sellers' name, provided that such efforts will be at Buyer's sole expense.

(e) If requested by Sellers, Buyer further agrees to prosecute or otherwise enforce, in its own name and for the benefit of Sellers, any claims, rights or benefits that are transferred or retained by Buyer and that require prosecution or enforcement in Buyer's name, provided that such efforts will be at Sellers' sole expense.

13. **Costs.** Costs, including title insurance (owner's) and recording fees, as well as any other closing costs, shall be paid one-half (1/2) by each party. Each party shall be responsible for its own attorney's fees.

14. **Commission.** Sellers have not utilized any Broker in connection with this transaction, and will indemnify and hold Buyer harmless from and against any claim by any broker, agent, finder or other person for a commission or fee based upon alleged dealing with Sellers or any party acting on their behalf with respect to this Agreement or the transactions contemplated thereby.

Buyer will indemnify and hold Sellers harmless from and against any claim by any broker, agent, finder or other person for a commission or fee based upon alleged dealings with Buyer or any parties acting on its behalf with respect to this Agreement or the transaction contemplated thereby.

15. **Risk of Loss.** Sellers assume all risk of loss due to fire or other casualty up to the time of closing. In the event that any such loss occurs prior to the date of closing, Buyer shall have the right to terminate this Agreement on written notice to Sellers, and upon such termination there shall be no further liability on the part of Sellers or Buyer herein.

Agreement for Purchase and
Sale of Real Property
Newtown Chevron, Page 6 of 11

TES 0000043241

Exhibit K
Page 6 of 17

Buyer shall assume all risk of loss after closing and Buyer shall indemnify and hold Sellers harmless from all loss sustained after the date of closing.

16. <u>Notices</u>.

(a) Any notice under this Agreement must be in writing and will be effective when mailed by first class mail or hand delivered to the last known address of the party to whom the notice is to be given, as designated by such party.

(b) The addresses to be included on documents and for any notices or other communications with either party shall, unless changed in writing, be as follows:

SELLERS:      c/o Howard L. and Nancy L. Chaffin
P.O. Box 547
Valdez, Alaska 99686

BUYER:      Tesoro Alaska Petroleum Company
P.O. Box 196272
Anchorage, Alaska 99519

17. <u>Construction</u>. This Agreement shall be construed in accordance with and governed by the laws of the State of Alaska.

18. <u>Headings</u>. The subject headings of the paragraphs and subparagraphs are included for the purposes of convenience only, and shall not effect the construction or interpretation of any of the provisions herein.

19. <u>Counterparts</u>. This Agreement may be executed simultaneously in one or more counterparts, each of which shall be deemed an original, and all of which together shall constitute one instrument.

20. <u>Severability</u>. In the event any provision hereof is determined by a court of competent jurisdiction to be unenforceable, the remainder of this Agreement shall be deemed to remain enforceable, unless to do so would be materially contrary tot he parties' purpose in entering into the Agreement.

21. <u>Entire Agreement; Modification; Waiver, Form</u>. This Agreement constitutes the entire agreement between the parties pertaining to the

Agreement for Purchase and
Sale of Real Property
Newtown Chevron, Page 7 of 11

TES 0000043242

Exhibit K
Page 7 of 17

property referred to herein, and supersedes all prior and contemporaneous agreements, representations, and understandings of the parties.

No supplement, modification or amendment of this Agreement shall be binding unless executed in writing by all the parties. No waiver of any of the provisions of this Agreement shall be deemed or shall constitute a waiver of any other provision, whether or not similar, nor shall any waiver be binding unless executed in writing by the party making the waiver.

22. **Prohibition Against Assignment.** Buyer will not assign this Agreement without the prior written consent of the Sellers. Any such Assignment will be void without such prior written consent.

23. **Successors.** This Agreement shall be binding upon and inure to the benefit of the respective successors, assigns, heirs and personal representative of the parties.

24. **Interpretations.** Buyer and Sellers have each had legal advice available in the drafting of this Agreement. The rule of construction that an agreement is more strictly construed against the draftsman shall not apply in interpreting this Agreement.

SELLERS

By: _____
Howard L. Chaffin

Date: 5-25-95

By: _____
Nancy L. Chaffin

Date: 5-25-95

By: _____
Rhonda L. Chaffin

Date: 5-25-95

Tesoro Alaska Petroleum Company

By: _____
Louis R. Thomason, Vice President

Date: May 23 1995

Agreement for Purchase and
Sale of Real Property
Newtown Chevron, Page 8 of 11

TES 0000043243

Exhibit K
Page 8 of 17

property referred to herein, and supersedes all prior and contemporaneous agreements, representations, and understandings of the parties.

No supplement, modification or amendment of this Agreement shall be binding unless executed in writing by all the parties. No waiver of any of the provisions of this Agreement shall be deemed or shall constitute a waiver of any other provision, whether or not similar, nor shall any waiver be binding unless executed in writing by the party making the waiver.

22. <u>Prohibition Against Assignment</u>.   Buyer will not assign this Agreement without the prior written consent of the Sellers. Any such Assignment will be void without such prior written consent.

23. <u>Successors</u>.   This Agreement shall be binding upon and inure to the benefit of the respective successors, assigns, heirs and personal representative of the parties.

24. <u>Interpretations</u>.   Buyer and Sellers have each had legal advice available in the drafting of this Agreement. The rule of construction that an agreement is more strictly construed against the draftsman shall not apply in interpreting this Agreement.

SELLERS                                                                 Tesoro Alaska Petroleum Company

By:_____        By:_____
   Howard L. Chaffin                                                       Louis R. Thomason, Vice President

Date:_____         Date: May 23 (99)


By:_____
   Nancy L. Chaffin

Date:_____



By:_____
   Rhonda L. Chaffin

Date:_____

Agreement for Purchase and
Sale of Real Property
Newtown Chevron, Page 8 of 11

TBS 0000043244               Exhibit K
                             Page 9 of 17

By: _____
Robin L. Chaffin

Date: 5-25-95

NEWTOWN CHEVRON, INC.

By _____
Its _____

STATE OF ALASKA       )
                      ) ss.
Third Judicial District )

I, the undersigned, a Notary Public in and for the State of ALASKA, hereby certify that on the 23RD day of MAY, 1995, personally appeared before me Louis R Thomason, to me known to be the individual described in and who executed the foregoing instrument and acknowledged that he/she signed the same as his free and voluntary act and deed, for the uses and purposes therein mentioned.

GIVEN under my hand the day and year last above-written.

_____
Notary
Commission Expires: 9-13-98

STATE OF ALASKA       )
                      ) ss.
THIRD JUDICIAL DISTRICT )

The foregoing document was acknowledged to before me this 2nd day of June, 1995, by Nancy Chaffin the Sec/Treas of Newtown Chevron, Inc., an Alaska corporation.

SARAH A. GREEN
NOTARY PUBLIC
STATE OF ALASKA

_____
NOTARY PUBLIC in and for Alaska
My Commission Expires: 5-15-97

Agreement for Purchase and
Sale of Real Property
Newtown Chevron, Page 9 of 11

TES 0000043245            Exhibit K
                          Page 10 of 17

By: _____
     Robin L. Chaffin

Date: _____

STATE OF ALASKA        )
                       )  ss.
Third Judicial District )

  I, the undersigned, a Notary Public in and for the State of  ALASKA , hereby certify that on the  23RD  day of  MAY , 199 5 , personally appeared before me Louis R Thomason , to me known to be the individual described in and who executed the foregoing instrument and acknowledged that he/she signed the same as his free and voluntary act and deed, for the uses and purposes therein mentioned.

  GIVEN under my hand the day and year last above-written.

_____
Notary
Commission Expires:  9-12-98

Agreement for Purchase and
Sale of Real Property
Newtown Chevron, Page 9 of 11

TES 0000043246

Exhibit K
Page 11 of 17

STATE OF ALASKA          )
                         ) ss.
_____ )


     I, the undersigned, a Notary Public in and for the State of _____, hereby certify that on the _____ day of _____, 19\_\_, personally appeared before me _____, to me known to be the individual described in and who executed the foregoing instrument and acknowledged that he/she signed the same as his free and voluntary act and deed, for the uses and purposes therein mentioned.

     GIVEN under my hand the day and year last above-written.


                                                   _____
                                                 Notary
                                                 Commission Expires:_____


---

STATE OF ALASKA          )
                         ) ss.
_____ )


     I, the undersigned, a Notary Public in and for the State of _____, hereby certify that on the _____ day of _____, 19\_\_, personally appeared before me _____, to me known to be the individual described in and who executed the foregoing instrument and acknowledged that he/she signed the same as his free and voluntary act and deed, for the uses and purposes therein mentioned.

     GIVEN under my hand the day and year last above-written.


                                               _____
                                             Notary
                                         Commission Expires:_____

TBS 0000043247

STATE OF ALASKA        )
                       ) ss.
_____ )

    I, the undersigned, a Notary Public in and for the State of _____, hereby certify that on the _____ day of _____, 19\_\_, personally appeared before me _____, to me known to be the individual described in and who executed the foregoing instrument and acknowledged that he/she signed the same as his free and voluntary act and deed, for the uses and purposes therein mentioned.

    GIVEN under my hand the day and year last above-written.

                                      Notary
                                      Commission Expires: _____

STATE OF ALASKA        )
                       ) ss.
_____ )

    I, the undersigned, a Notary Public in and for the State of _____, hereby certify that on the _____ day of _____, 19\_\_, personally appeared before me _____, to me known to be the individual described in and who executed the foregoing instrument and acknowledged that he/she signed the same as his free and voluntary act and deed, for the uses and purposes therein mentioned.

    GIVEN under my hand the day and year last above-written.

                                      Notary
                                      Commission Expires: _____

Agreement for Purchase and
Sale of Real Property
Newtown Chevron, Page 11 of 11

Exhibit K
Page 13 of 17

TES 0000043248

*Newt Dog Chemmy*

BOOK 116 PAGE 359
Valdez Recording District

Return to: CVEA, P.O. Box 45, Glennallen, AK 99588

## AGREEMENT

THIS AGREEMENT, made and entered into by and between COPPER VALLEY ELECTRIC ASSOCIATION, INC., hereinafter referred to as "Copper Valley", and HOWARD CHAFFIN & NANCY CHAFFIN OF P.O. BOX 547 VALDEZ, AK 99686, its successors and assigns, hereinafter referred to as the customer.

WITNESSETH:

The parties agree as follows:

1. Copper Valley will build, from its existing facilities to the customer property located LOT1 BLOCK 23, MINERAL CREEK SUBDIVISION.

2. **Method of Payment**

    A. The customer agrees, for a period of 60 months from the date of energizing the line, to guarantee a minimum monthly revenue which shall be the lesser of (1) 1.5% of the actual cost of construction, if that cost is $2,500 or less; (2) 2% of the actual cost of construction, if that construction is more than $2,500; or (3) $7.00. Billings shall be submitted to the customer monthly by Copper Valley and shall be due and payable 30 days after the bill is submitted. The first billing period shall begin on the date that the line extension is energized by Copper Valley, regardless of whether the customer is ready to receive service.

    B. The customer recognizes that the service provided under the terms of this agreement is for permanent consumers and should the consumer not remain a consumer at the location described throughout the duration of this contract, then Copper Valley has the right to receive full payment of this contract less any payments made. The customer also recognizes that a filing will be made to encumber the property in the amount of $450.00 until this agreement is terminated.

3. **Easements**

    The customer agrees that when requested by Copper Valley, he will allow Copper Valley to have easements so as to have access to its line and to all potential or possible places that will have occasion to use electrical services. The grant of any easement, right, license under this agreement shall be irrevocable, even though either of the parties may default in performance under this agreement.

    The customer further agrees that in the event there is any prior mortgage or encumbrance that would in any way affect the easement granted to Copper Valley, he will obtain a release and relinquishment of the claim from the holder of the encumbrance or mortgage. Copper Valley may, in its sole discretion, delay construction pending the obtaining of a release and relinquishment under this paragraph.

4. **Completion**

    HOWARD CHAFFIN agrees to have the site prepared and ready for the installation of electrical wires, poles or other apparatus for the furnishing of electrical energy on or before commencement of construction. Copper Valley agrees to have said line constructed within a reasonable length of time.

5. **Extension**

    In the event there is an act of God or other circumstances over which Copper Valley has no control, such as the unavailability of materials and labor, it may extend the time for completion by letter in writing to the customer, without penalty.

6. **Effective Date**

    This agreement takes effect upon its execution.

4-14-92

6

TES 0000043249

Exhibit K
Page 14 of 17

BOOK 116 PAGE 360
Valdez Recording District

7. **Termination.**

This agreement is terminated upon payment in full of the provisions herein; furthermore, this contract may be assigned provided all parties are in agreement. Upon sale or transfer of the property encumbered by this contract, this contract will be released provided a new contract is executed with the new owners, or if the contract is paid in full.

8. **Amendments.**

This agreement is made pursuant to the rules and regulations of Copper Valley Electric Association, Inc. In the event Copper Valley is required, by any regulatory body having jurisdiction, to modify this agreement or its rules and regulations, such rulings by such lending agency or regulatory body may supersede the provisions of this agreement.

DATED: 11-13-90

COPPER VALLEY ELECTRIC ASSOCIATION, INC.

BY _____
Ronald D. Hursey, General Manager

STATE OF ALASKA  )
                 ) ss.
THIRD DISTRICT   )

Before me, the undersigned Notary Public, on this _____ day of _____, 1990, personally appeared Ronald D. Hursey, known to me to be the General Manager of COPPER VALLEY ELECTRIC ASSOCIATION, INC., and acknowledged to me that he signed the same on behalf of said corporation by authority of its Board of Directors or its Bylaws, as the voluntary act and deed of said corporation for the uses therein set forth.

WITNESS my hand and official seal.

_____
Notary Public
My Commission Expires: 6-7-94

DATED: 11/13/90

BY _____
HOWARD CHAFFIN

BY _____
NANCY CHAFFIN

STATE OF ALASKA  )
                 ) ss.
THIRD DISTRICT   )

Before me, the undersigned Notary Public, on this 13 day of November, 1990, personally appeared HOWARD & NANCY CHAFFIN, known to me and to me known to be the person(s) named in and who executed the foregoing instrument, and acknowledged to me that he signed the same freely and voluntarily, for the uses therein set forth.

WITNESS my hand and official seal.

_____
Notary Public
My Commission Expires: 11-12-92

6A

TES 0000043250

Exhibit K
Page 15 of 17

BOOK 116 PAGE 361
Valdez Recording District

92-0287

RECORDED-FILED
VALDEZ RECORDING
DISTRICT

Apr 14  9 10 AM '92

REQUESTED BY CKSC
ADDRESS _____

6B

TES 0000043251

Exhibit K
Page 16 of 17

TES 0000043252

Exhibit K
Page 17 of 17