UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

| | |
|---|---|
| MANUMITTED COMPANIES, INC., | ) No. A05-185CV (JKS) |
| Plaintiff, | ) |
| vs. | ) |
| TESORO ALASKA COMPANY, | ) |
| Defendant. | ) |

**DECLARATION OF JEFF EVANS**

I, Jeff Evans, declare as follows:

1. I have been employed by Tesoro Alaska since 2001. From the date I first worked with Tesoro until approximately December, 2004, I was a Marketing Representative. From December, 2004, to approximately June, 2005, I was Area Marketing Manager. My job was to be the point person, or principal contact, between Tesoro and its branded dealers in Alaska, including Manumitted. I am currently Marketing Manager for Tesoro.

2. I am familiar with the Captain Joe's site, and with Manumitted's site. I have communicated with Mr. Olds several times, and visited his Valdez site several times. While I have met and communicated with Mr. Olds, I cannot say that communication with him was easy. It was not unusual for him to refuse to return my calls, and when I visited his site, he often was

DECLARATION OF JEFF EVANS -- 1
No. A05-185CV (JKS)

m35414-814577.doc

not there. I generally heard from Mr. Olds only when he wanted something. I say this only because at no time did Mr. Olds ever call or communicate with me to complain about the installation of Tesoro's non-traditional trade dress at Captain Joe's in 2003, to request the installation of the non-traditional trade dress at his site, to complain about gasoline pricing by Captain Joe's, or even the subject of competition with Captain Joe's.

3. As I mentioned, I am familiar with the Captain Joe's site and the improvements made to the site in 2003. Though I did personally take the before 2003 picture but not the after 2003 picture, the following photographs accurately depict Captain Joe's gasoline dispensing facilities before the improvements (before April 2003) and after the improvements were completed:



Captain Joe's Before 2003

DECLARATION OF JEFF EVANS -- 2
No. A05-185CV (JKS)

m35414-814577.doc


Captain Joe's After April 2003

4. It is my understanding that Manumitted has claimed in this case that Tesoro required Manumitted to use Tesoro's traditional Tesoro Alaska trade dress and allowed Service Oil & Gas to obtain Tesoro's non-traditional trade dress so as hinder Manumitted from competing. That is not true.

5. With respect to the Captain Joe's project, the owner's desired to make improvements to their facility. These improvements ultimately included a new convenience store, new gasoline pumps and tanks, a new canopy over the new gasoline island, and other improvements to the RV park facilities that was part of their development. Tesoro had no involvement with this project. It did not encourage the owners (or Service Oil & Gas) to make these improvements, it was not involved in the financing for the project, and it was not involved in the planning of the project. We only were informed that the project would take place. Because the project involved changes to the gasoline islands and dispensers, however, it required the installation of Tesoro trade dress – that is if the facility was to remain a Tesoro branded outlet.

6. Tesoro's sole involvement with this project was to sell trade dress to Service Oil & Gas. Indeed, the fact that we required Service Oil & Gas to purchase the trade dress was a

DECLARATION OF JEFF EVANS -- 3
No. A05-185CV (JKS)

m35414-814577.doc

bone of contention with Service Oil & Gas, which wanted us to provide this and install the trade dress without charge.

7. The trade dress sold to Service Oil & Gas was not the traditional Tesoro Alaska trade dress. This is not because this was the trade dress that was requested by Service Oil & Gas or the owners of Captain Joe's, and it certainly was not because we thought the non-traditional trade dress would impact Manumitted in a way that usage of the traditional Tesoro Alaska trade dress (or branding from another company) would not. We probably would have provided the traditional trade dress if it had been available, but we did not have the required equipment in stock, and did not want to have to pay for the manufacture of non-traditional trade dress items. As a result, we supplied trade dress left over from a project in California, and sold this trade dress to Service Oil & Gas.

8. As I mentioned, I know of no request from Manumitted for the modified trade dress and no complaints while Manumitted was a dealer regarding Captain Joe's use of the modified trade dress. Certainly, had Manumitted wanted the non-traditional trade dress, we would have sold it to him, likely on the same terms as provided to Service Oil & Gas.

9. I am aware that by the late summer and early fall of 2003, it was obvious that Manumitted was again having significant financial difficulties. His hours of operation were irregular, his purchases from us were irregular, and eventually, after Manumitted was placed on COD, Mr. Olds stopped buying fuel from Tesoro altogether. Not long after, I discovered that Manumitted was buying fuel from Petro Star (who apparently was willing to sell on credit), and was selling this fuel at his station as Tesoro gasoline.

DECLARATION OF JEFF EVANS -- 4
No. A05-185CV (JKS)

m35414-814577.doc

1 | Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and
2 | correct.
3 | Executed on this 9TH day of January, 2007.

*Jeff Evans*

26 | DECLARATION OF JEFF EVANS -- 5

No. A05-185CV (JKS)

m35414-814577.doc

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing DECLARATION OF JEFF EVANS was filed and served via the Court's ECF system on the 19th day of January, 2007 to:

Michael R. Mills
Wendy Leukuma
Dorsey & Whitney LLP
1031 W. 4th Avenue, Suite 600
Anchorage, AK 99501
mills.mike@dorsey.com
leukuma.wendy@dorsey.com

Dated this 19th day of January, 2007.

    /s/ Douglas C. Berry
    Douglas C. Berry

DECLARATION OF JEFF EVANS -- 6

No. A05-185CV (JKS)

M35414-814577