**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| **MANUMITTED COMPANIES, INC.,**<br>    **Plaintiff,**<br>  vs.<br>**TESORO ALASKA COMPANY,**<br>    **Defendants.** | Case No. 3:05-cv-185  TMB<br><br>**O R D E R** |

Two matters are pending before this Court.

On August 16, 2006, this Court entered an order at Docket 59 granting Plaintiff's Motion to Compel, and concluding that Tesoro's withholding of the proprietary documents was not substantially justified in light of the existing protective order in this matter. Accordingly, this Court ordered Tesoro to pay the reasonable costs and expenses incurred by Manumitted in bringing the Motion to Compel, and ordered Manumitted to file a detailed accounting of the costs and fees incurred in bringing the Motion to Compel. Tesoro was given time to respond to the accounting. The parties complied with the Court's order at Docket Nos. 60, 66 and 67.

The pleadings subsequently filed were filed as "Notices" rather than as Motions, and "Notices" are not tracked in ECF to determine when they are ripe. In addition, this Court experienced a turnover in staff shortly after the order at Docket 59 was posted. Accordingly, the pleadings at Docket Nos. 60, 66 and 67 were inadvertently overlooked by the Court until recently. The Court apologizes to the parties for the delay.

Manumitted seeks in excess of $12,847.23 related to its first Motion to Compel.[1] Tesoro objects to both the hourly rate charged by counsel, as well as the number of hours billed, and further requests that any amount awarded against Tesoro be paid via an offset against the amount owed to

---

[1] Docket 60. See also Affidavits at Docket Nos.63 & 64.

Tesoro by Manumitted under a $570,914.92 promissory note executed by Manumitted.[2] Manumitted objects that the offset argument violates the automatic stay entered in the bankruptcy proceeding, and defeats the purpose of remedying and preventing these types of discovery violations.[3] Manumitted suggests that under Rule 37(a)(4)(A), attorney's fees and costs are considered expenses, not sanctions, and Tesoro should compensate Manumitted for all expenses it was needlessly forced to incur in bringing its Motion to Compel.[4]

It appears from the briefing that the rate charged by Manumitted's counsel is reasonable. Indeed, it is a rate that has been approved by the bankruptcy court for work done by Manumitted's counsel in that matter. Furthermore, based upon the extensive briefing in connection with the Motion to Compel, the amount of time billed also appears reasonable.

**IT IS HEREBY ORDERED** that Plaintiffs are awarded $12,847.23 in fees and costs incurred in connection with its first motion to compel. This matter shall be paid by Defendants within 10 days, and shall *not* be offset against the referenced promissory note.

**IT IS FURTHER ORDERED THAT** Plaintiff's Motion to Amend/Correct its Complaint at Docket 95 is **GRANTED** as unopposed. Plaintiff shall promptly file its Amended Complaint via ECF.

ENTERED this 22nd day of January, 2007, at Anchorage, Alaska.

s/ Timothy M. Burgess  
TIMOTHY M. BURGESS  
United States District Court Judge

---

[2] Docket 66.

[3] Docket 67

[4] Id.