Douglas C. Berry
*Admitted Pro Hac Vice*
K. Michael Fandel
*Admitted Pro Hac Vice*
Graham & Dunn PC
Pier 70, Suite 300
2801 Alaskan Way
Seattle, WA 98121
Tel: 206.624.8300
Fax: 206. 340-9599
*Attorneys for Tesoro Alaska Co.*

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

| | | |
|---|---|---|
| MANUMITTED COMPANIES, INC., | ) | No. A05-185CV (TMB) |
| Plaintiff, | ) | |
| vs. | ) | |
| TESORO ALASKA COMPANY, | ) | |
| Defendant. | ) | |

**DEFENDANT TESORO ALASKA'S AMENDED ANSWER AND COUNTERCLAIM**

AMENDED ANSWER & COUNTERCLAIM

1.      Tesoro Alaska Company ("Tesoro") admits the allegations contained in Paragraph 1 of the Amended Complaint.

2.      Tesoro admits the allegations contained in Paragraph 2 of the Amended Complaint.

3.      Tesoro admits the allegations contained in Paragraph 3 of the Amended Complaint.

TESORO ALASKA'S AMENDED ANSWER
AND COUNTERCLAIM -- 1

No. A05-185CV (TMB)

**GRAHAM & DUNN** PC
Pier 70, 2801 Alaskan Way ~ Suite 300
Seattle, Washington 98121-1128
(206) 624-8300/Fax: (206) 340-9599

m35414-827914.doc

4.    Tesoro admits that it sells petroleum products used by consumers in Alaska, that it sells gasoline through independent distributors, and that it sold gasoline to SOG and to Plaintiff.  Tesoro otherwise denies the allegations contained in Paragraph 4 of the Amended Complaint.

5.    Tesoro admits that Captain Joe's and Tesoro both operated a retail service station in Valdez, and admits that until April 2003, there was no canopy over the gasoline dispensers at the Captain Joe's facility, but Tesoro otherwise denies the allegations contained in Paragraph 5 of the Amended Complaint for want of information or knowledge sufficient to form a belief as to their truth.

6.    Tesoro admits it purchased the Valdez Chevron upon Plaintiff's request, and that Plaintiff closed down the station it had previously operated, but otherwise denies the allegations contained in Paragraph 6 of the Amended Complaint.

7.    Tesoro denies that their exists a distinct "downtown" Valdez market for retail fuel sales (however the phrase "downtown Valdez" is defined), and denies the remaining allegations contained in Paragraph 7 of the Amended Complaint for want of information and knowledge sufficient to form a belief as to their truth.

8.    Tesoro admits that there is a card lock facility that sells motor fuels near the Valdez airport, and also admits that there exists another retail facility located near the airport that sells gasoline, but otherwise denies the allegations contained in Paragraph 8 of the Amended Complaint for want of information and knowledge sufficient to form a belief as to their truth.

9.    Tesoro admits that Plaintiff leased the former Chevron station from Tesoro under a Distributor Lease Agreement at the described location, and further admits that Plaintiff ceased at some point to sell gasoline from its other facility, but Tesoro otherwise denies the allegations

TESORO ALASKA'S AMENDED ANSWER
AND COUNTERCLAIM -- 2

No. A05-185CV (TMB)

m35414-827914.doc

**GRAHAM & DUNN** PC
Pier 70, 2801 Alaskan Way ~ Suite 300
Seattle, Washington  98121-1128
(206) 624-8300/Fax: (206) 340-9599

1    contained in Paragraph 9 of the Amended Complaint for want of information and knowledge

2    sufficient to form a belief as to their truth.

3        10.    Tesoro admits that the Chevron facility ceased to be a competitor of Plaintiff's

4    following the acquisition of the property by Tesoro, and, indeed, this is precisely one of the

5    reasons Plaintiff urged Tesoro to acquire the facility, but Tesoro otherwise denies the allegations

6    contained in Paragraph 10 of the Amended Complaint.

7        11.    Tesoro admits that, among other things, Plaintiff operated the Property under a

8    lease with Tesoro, and that it also operated a Fuel Distribution Business from May 31, 1995 until

9    approximately April 23, 1999, but otherwise denies the allegations contained in Paragraph 11 of

10   the Amended Complaint for want of information and knowledge sufficient to form a belief as to

11   their truth.

12       12.    Tesoro admits that it declared Plaintiff in default under its obligations under a

13   promissory note, but otherwise denies the allegations contained in Paragraph 12 of the Amended

14   Complaint.

15       13.    Tesoro admits that it proposed a resolution of Plaintiff's indebtedness to Tesoro,

16   and that its proposal would, among other things, allow Plaintiff to retain the ability to operate

17   from its service station in Valdez, and would allow Plaintiff to satisfy the remainder of its

18   outstanding debt to Tesoro by transferring ownership of certain of Plaintiff's Fuel Distribution

19   Business assets and forgiving Plaintiff of some of its debt.  Tesoro otherwise denies the

20   allegations contained in Paragraph 13 of the Amended Complaint, and in particular denies that

21   the value of the Fuel Distribution Business assets transferred exceeded the amount of Plaintiff's

22   debt to Tesoro.

23       14.    Tesoro denies the allegations contained in Paragraph 14 of the Amended

24   Complaint.

25

26   TESORO ALASKA'S AMENDED ANSWER
     AND COUNTERCLAIM -- 3

     No. A05-185CV (TMB)

**GRAHAM & DUNN** PC
Pier 70, 2801 Alaskan Way ~ Suite 300
Seattle, Washington  98121-1128
(206) 624-8300/Fax: (206) 340-9599

15.     Tesoro admits that Plaintiff acquired the service station property, but otherwise denies the allegations contained in Paragraph 15 of the Amended Complaint.

16.     Tesoro admits that after a lengthy period of negotiations between the parties and their counsel, the parties entered into a number of agreements dated April 23, 1999, that the Settlement Documents (as defined by the Amended Complaint) were some of the contracts between the parties, but Tesoro otherwise denies the allegations contained in Paragraph 16 of the Amended Complaint.

17.     Tesoro admits that some of Plaintiff's Fuel Distribution Assets were acquired by SOG, but it otherwise denies the allegations contained in Paragraph 17 of the Amended Complaint.

18.     Tesoro admits that under the Settlement Documents, Plaintiff was allowed to operate the service station under the Dealer Agreement, and that Plaintiff and Tesoro each had certain obligations and rights under the other Settlement Documents, but Tesoro otherwise denies the allegations contained in Paragraph 18 of the Amended Complaint.

19.     Tesoro admits that the Dealer Agreement specified a delivered price for gasoline to Plaintiff, that Plaintiff was supposed to purchase gasoline only from Tesoro, and that Tesoro paid SOG to haul and deliver gasoline to Plaintiffs station, but Tesoro otherwise denies the allegations contained in Paragraph 19 of the Complaint.

20.     Tesoro admits that SOG distributed gasoline to Captain Joe's, and Tesoro presumes that SOG charged Captain Joe's more than it paid for the fuel sold to Captain Joe's, but Tesoro otherwise denies the allegations contained in Paragraph 20 of the Amended Complaint for want of information and knowledge sufficient to form a belief as to their truth.

21.     Tesoro admits that it entered into an amendment of its distributor agreement with SOG in 1999, and that the terms of that agreement speak for themselves.  Tesoro denies the

TESORO ALASKA'S AMENDED ANSWER
AND COUNTERCLAIM -- 4

No. A05-185CV (TMB)

**GRAHAM & DUNN** PC
Pier 70, 2801 Alaskan Way ~ Suite 300
Seattle, Washington  98121-1128
(206) 624-8300/Fax: (206) 340-9599

m35414-827914.doc

remaining allegations contained in Paragraph 21 of the Amended Complaint, except that Tesoro denies all allegations relating to SOG's pricing to Captain Joe's for want of information or knowledge sufficient to form a belief as to their truth.

22.     Tesoro denies the allegations contained in Paragraph 22 of the Amended Complaint.

23.     Tesoro denies the allegations contained in Paragraph 23 of the Amended Complaint, except, however, Tesoro admits that its Distributor Agreement with SOG was amended in 1999, and as amended, had a term ending in 2005.

24.     Tesoro admits the allegations contained in Paragraph 24 of the Amended Complaint.

25.     Tesoro admits the allegations contained in Paragraph 25 of the Amended Complaint.

26.     Tesoro denies the allegations contained in Paragraph 26 of the Amended Complaint, except it admits that the Indemnification Agreement speaks for itself.

27.     Tesoro admits that the Indemnification Agreement speaks for itself, and it also admits that it has and did undertake efforts to remediate pre-existing contamination of the Property.  Tesoro otherwise denies the allegations contained in Paragraph 27 of the Amended Complaint.

28.     Tesoro denies the allegations contained in Paragraph 28 of the Amended Complaint.

29.     Tesoro denies the allegations contained in Paragraph 29 of the Amended Complaint., except Tesoro admits that the Indemnification Agreement speaks for itself.

30.     Tesoro denies the allegations contained in Paragraph 30 of the Amended Complaint.

TESORO ALASKA'S AMENDED ANSWER
AND COUNTERCLAIM -- 5

No. A05-185CV (TMB)

**GRAHAM & DUNN** PC
Pier 70, 2801 Alaskan Way ~ Suite 300
Seattle, Washington  98121-1128
(206) 624-8300/Fax: (206) 340-9599

m35414-827914.doc

31.    Tesoro denies the allegations contained in Paragraph 31 of the Amended Complaint.

32.    Tesoro denies the allegations contained in Paragraph 32 of the Amended Complaint.

33.    Tesoro admits that the Dealer Agreement is a "franchise" as that term is defined under the PMPA, 15 U.S.C. §2801(A), but otherwise denies the allegations contained in Paragraph 33 of the Amended Complaint.

34.    Tesoro admits the Dealer Agreement speaks for itself, but otherwise denies the allegations contained in Paragraph 34 of the Amended Complaint.

35.    With respect to the allegations set forth in Paragraph 35 of the Amended Complaint, Tesoro states as follows:  The terms of the pertinent Dealer Agreement speak for themselves.  Tesoro admits that the allegations set forth in paragraph 35(a).  With regard to the allegations set forth in paragraph 35(e), the terms of the Dealer Agreement speak for themselves.  Tesoro otherwise denies the allegations in paragraph 35(e).  With regard to the allegations set forth in paragraph 35(f), Tesoro states that beginning in approximately the fourth quarter of 1998 or the first quarter of 1999, it had both the Tesoro Alaska signage scheme (including without limitation blue, gold, orange and red colors) present at Plaintiff's station and a treasure burst image signage scheme.  Tesoro denies the allegations set forth in paragraph 35(g), and all other allegations in Paragraph 35 of Plaintiffs Complaint.

36.    With respect to the allegations set forth in Paragraph 36(a) of the Amended Complaint, Tesoro states that effective on or about November 1, 2001 the terms of sale for all direct dealers in Alaska were, following notice given in approximately July, 2001, changed from net 30 days to net 15 days.

TESORO ALASKA'S AMENDED ANSWER
AND COUNTERCLAIM -- 6

No. A05-185CV (TMB)

**GRAHAM & DUNN** PC
Pier 70, 2801 Alaskan Way ~ Suite 300
Seattle, Washington  98121-1128
(206) 624-8300/Fax: (206) 340-9599

m35414-827914.doc

(b)    With respect to the allegations set forth in Paragraph 36(b) of the Amended Complaint, Tesoro states that beginning in approximately the fourth quarter of 1998 or the first quarter of 1999, it did introduce a treasure burst image signage scheme in addition to its Tesoro Alaska signage scheme.  Tesoro denies all other allegations set forth in paragraph 36(b) of the Amended Complaint.

(c)    With respect to the allegations set forth in Paragraph 36(c) of the Amended Complaint, Tesoro states that in approximately 2002 with respect to all dealers in Alaska it discontinued the types of services therein described in a manner consistent with the pertinent agreements between the parties.

(d)    Tesoro denies the allegations set forth in Paragraph 36(d) of the Amended Complaint.

(e)    Tesoro denies the allegations set forth in Paragraph 36(e) of the Amended Complaint.

(f)    With respect to the allegations set forth in Paragraph 36(f) of the Amended Complaint, Tesoro states that in approximately 2002 for all dealers in Alaska, it discontinued certain activities which had previously been provided including certain clean-up services such as power washing canopies and pads, decal repair and curb painting.  Tesoro denies all other allegations set forth in Paragraph 36 of the Amended Complaint.

37.    Tesoro admits that Captain Joe's made improvements to its facilities in 2002 and 2003, and that after completing its improvements, the gasoline dispensing facilities used Tesoro's Treasure Burst trade dress.  Tesoro further admits that it agreed to reimburse the costs of installing the trade dress at the Captain Joe's facility as provided for in a written agreement between SOG and Tesoro.  Tesoro otherwise denies the allegations contained in Paragraph 37 of the Amended Complaint.

TESORO ALASKA'S AMENDED ANSWER
AND COUNTERCLAIM -- 7

No. A05-185CV (TMB)

**GRAHAM & DUNN** PC
Pier 70, 2801 Alaskan Way ~ Suite 300
Seattle, Washington  98121-1128
(206) 624-8300/Fax: (206) 340-9599

m35414-827914.doc

38.    Tesoro denies the allegations contained in Paragraph 38 of the Amended Complaint.

39.    Tesoro admits that it agreed to reimburse SOG for the costs of imaging Captain Joe's as provided for and under the terms of the written agreement between SOG and Tesoro. Tesoro otherwise denies the allegations contained in Paragraph 39 of the Amended Complaint.

40.    Tesoro denies the allegations contained in Paragraph 40 of the Amended Complaint.

41.    Tesoro denies the allegations contained in Paragraph 41 of the Amended Complaint, except that Tesoro admits that Plaintiff never requested the use of Tesoro's new trade dress, and that Tesoro would have made the trade dress available to Plaintiff on the same terms offered to SOG had Plaintiff requested such trade dress.

42.    Tesoro denies the allegations contained in Paragraph 42 of the Amended Complaint for want of information and knowledge sufficient to form a belief as to their truth.

43.    Tesoro denies the allegations contained Paragraph 43 of the Amended Complaint.

44.    Tesoro denies the allegations contained in Paragraph 44 of the Amended Complaint for want of information and knowledge sufficient to form a belief as to their truth.

45.    Tesoro denies the allegations contained in Paragraph 45 of the Amended Complaint.

46.    Tesoro denies the allegations contained in Paragraph 46 of the Amended Complaint.

47.    Tesoro denies the allegations contained in Paragraph 47 of the Amended Complaint, except that Tesoro admits that SOG hauled gasoline to Plaintiff's facility.

48.    Tesoro denies the allegations contained in Paragraph 48 of the Amended Complaint, except Tesoro admits that it placed Plaintiff on COD at some point in 2003.

TESORO ALASKA'S AMENDED ANSWER
AND COUNTERCLAIM -- 8

No. A05-185CV (TMB)

**GRAHAM & DUNN** PC
Pier 70, 2801 Alaskan Way ~ Suite 300
Seattle, Washington  98121-1128
(206) 624-8300/Fax: (206) 340-9599

m35414-827914.doc

49.     Tesoro denies the allegations contained in Paragraph 49, but admits that Plaintiff made monthly payments under the promissory note then in effect.

50.     Tesoro admits it initiated a foreclosure action following Plaintiff's default on its promissory note, and material breaches of its Dealer Agreement, but otherwise denies the allegations contained in Paragraph 50 of the Amended Complaint.

51.     Tesoro admits that in early 2004, Plaintiff began discussions with Petro Star, though Tesoro did not know this at the time.  Tesoro otherwise denies the allegations contained in Paragraph 51 of the Amended Complaint, though Tesoro admits that it has learned through discovery in this case that Petro Star wanted to know about the environmental condition of the Property.

52.     Tesoro denies the allegations contained in Paragraph 52 of the Amended Complaint.

53.     Tesoro denies the allegations contained in Paragraph 53 of the Amended Complaint.

54.     Tesoro admits the allegations contained in Paragraph 54 of the Amended Complaint, except, however, Tesoro denies that it had knowledge regarding the status of Plaintiff's discussions with anyone regarding the sale of the property during the period Plaintiff was involved in such discussions.

55.     Tesoro admits the allegations contained in Paragraph 55 of the Amended Complaint, except, however, Tesoro denies that the communication was by Plaintiff to Tesoro. Rather, Plaintiff's counsel wrote Tesoro's counsel.

56.     Tesoro admits that its counsel communicated with Plaintiff's counsel on or about September 8, 2004, informing him, among other things, that it would not allow an assignment of the Indemnification Agreement to Petro Star, since the agreement, by its express terms, was not

TESORO ALASKA'S AMENDED ANSWER
AND COUNTERCLAIM -- 9

No. A05-185CV (TMB)

**GRAHAM & DUNN** PC
Pier 70, 2801 Alaskan Way ~ Suite 300
Seattle, Washington  98121-1128
(206) 624-8300/Fax: (206) 340-9599

m35414-827914.doc

1  assignable.  Tesoro otherwise denies the allegations contained in Paragraph 56 of the Amended
2  Complaint.

3      57.    Tesoro admits that by letter dated September 21, 2004, counsel for Petro Star's
4  parent company wrote Plaintiff's counsel, advising him that "[t]his will confirm the telephone
5  message that I left for you last Friday [September 17].  Petro Star does not wish to make an offer
6  for the Station at this time.  Given that fact, Petro Star is not willing to enter into a letter of
7  intent.  If the station remains for sale, Petro Star may or may not make such an offer in the
8  future."  Tesoro otherwise denies the allegations contained in Paragraph 57 of the Amended
9  Complaint.

10      58.    Tesoro admits the allegations contained in Paragraph 58 of the Amended
11  Complaint.

12      59.    Tesoro admits that Plaintiff filed for Chapter 11 protection on or about November
13  29, 2004, but otherwise denies the allegations contained in Paragraph 59 of the Amended
14  Complaint.

15      60.    Tesoro incorporates by reference its Answer to the specific allegations referred to
16  in Paragraph 60 of the Amended Complaint.

17      61.    Tesoro admits that Plaintiff has quoted a portion of the Dealer Agreement, but
18  otherwise denies the allegations in Paragraph 61 of the Amended Complaint.

19      62.    Tesoro denies the allegations contained in Paragraph 62 of the Amended
20  Complaint.

21      63.    Tesoro denies the allegations contained in Paragraph 63 of the Amended
22  Complaint.

23      64.    Tesoro denies the allegations contained in Paragraph 64 of the Amended
24  Complaint.

25

26  TESORO ALASKA'S AMENDED ANSWER
    AND COUNTERCLAIM -- 10

    **GRAHAM & DUNN** PC
    Pier 70, 2801 Alaskan Way ~ Suite 300
    Seattle, Washington  98121-1128
    (206) 624-8300/Fax: (206) 340-9599

No. A05-185CV (TMB)

m35414-827914.doc

65.     Tesoro denies the allegations contained in Paragraph 65 of the Amended Complaint.

66.     Tesoro denies the allegations contained in Paragraph 66 of the Amended Complaint

67.     Tesoro incorporates by reference its Answer to the specific allegations referred to in Paragraph 67 of the Amended Complaint.

68.     Tesoro admits that contracts subject to Alaska law are subject to an implied covenant of good faith, but otherwise denies the allegations contained in Paragraph 68 of the Amended Complaint.

69.     Tesoro admits that Dealer Agreement with Plaintiff was a "franchise" under the provisions of the PMPA, but it otherwise denies the allegations contained in Paragraph 69 of the Amended Complaint.

70.     Tesoro denies the allegations contained in Paragraph 70 of the Amended Complaint.

71.     Tesoro denies the allegations contained in Paragraph 71 of the Amended Complaint.

72.     Tesoro denies the allegations contained in Paragraph 72 of the Amended Complaint.

73.     Tesoro denies the allegations contained in Paragraph 73 of the Amended Complaint.

74.     Tesoro denies the allegations contained in Paragraph 74 of the Amended Complaint, except, however, Tesoro admits that despite spending well in excess of $330,000 to remediate contamination on the property it did not cause, that its remediation efforts are not completed.

TESORO ALASKA'S AMENDED ANSWER
AND COUNTERCLAIM -- 11

No. A05-185CV (TMB)

**GRAHAM & DUNN** PC
Pier 70, 2801 Alaskan Way ~ Suite 300
Seattle, Washington  98121-1128
(206) 624-8300/Fax: (206) 340-9599

m35414-827914.doc

75.     Tesoro denies the allegations contained in Paragraph 75 of the Amended Complaint.

76.     Tesoro denies the allegations contained in Paragraph 76 of the Amended Complaint.

77.     Tesoro incorporates by reference its Answer to the specific allegations referred to in Paragraph 77 of the Amended Complaint.

78.     Tesoro denies the allegations contained in Paragraph 78 of the Amended Complaint.

79.     Tesoro denies the allegations contained in Paragraph 79 of the Amended Complaint.

80.     Tesoro denies the allegations contained in Paragraph 80 of the Amended Complaint.

81.     Tesoro denies the allegations contained in Paragraph 81 of the Amended Complaint.

82.     Tesoro incorporates by reference its Answer to the specific allegations referred to in Paragraph 82 of the Amended Complaint.

83.     Tesoro denies the allegations contained in Paragraph 83 of the Amended Complaint.

84.     Tesoro denies the allegations contained in Paragraph 84 of the Amended Complaint.

85.     Tesoro denies the allegations contained in Paragraph 85 of the Amended Complaint.

86.     Tesoro denies the allegations contained in Paragraph 86 of the Amended Complaint.

TESORO ALASKA'S AMENDED ANSWER
AND COUNTERCLAIM -- 12

No. A05-185CV (TMB)

**GRAHAM & DUNN** PC
Pier 70, 2801 Alaskan Way ~ Suite 300
Seattle, Washington  98121-1128
(206) 624-8300/Fax: (206) 340-9599

m35414-827914.doc

87.    Tesoro denies the allegations contained in Paragraph 87 of the Amended Complaint.

88.    Tesoro denies the allegations contained in Paragraph 88 of the Amended Complaint.

89.    Tesoro incorporates by reference its Answer to the specific allegations referred to in Paragraph 89 of the Amended Complaint.

90.    Tesoro denies the allegations contained in Paragraph 90 of the Amended Complaint.

91.    Tesoro denies the allegations contained in Paragraph 91 of the Amended Complaint.

92.    Tesoro denies the allegations contained in Paragraph 92 of the Amended Complaint.

93.    Tesoro denies the allegations contained in Paragraph 93 of the Amended Complaint.

94.    Tesoro denies the allegations contained in Paragraph 94 of the Amended Complaint.

95.    Tesoro denies the allegations contained in Paragraph 95 of the Amended Complaint.

96.    Tesoro denies the allegations contained in Paragraph 96 of the Amended Complaint.

97.    Tesoro denies the allegations contained in Paragraph 97 of the Amended Complaint.

98.    Tesoro denies the allegations contained in Paragraph 98 of the Amended Complaint.

TESORO ALASKA'S AMENDED ANSWER
AND COUNTERCLAIM -- 13

No. A05-185CV (TMB)

**GRAHAM & DUNN** PC
Pier 70, 2801 Alaskan Way ~ Suite 300
Seattle, Washington  98121-1128
(206) 624-8300/Fax: (206) 340-9599

m35414-827914.doc

99.     Tesoro denies the allegations contained in Paragraph 99 of the Amended Complaint.

100.     Tesoro incorporates by reference its Answer to the specific allegations referred to in Paragraph 100 of the Amended Complaint.

101.     Tesoro denies the allegations contained in Paragraph 101 of the Amended Complaint.

102.     Tesoro denies the allegations contained in Paragraph 102 for want of information of knowledge sufficient to form a belief as to their truth.  Tesoro has no knowledge as to how SOG priced to Captain Joe's, and has no reason to believe that SOG's prices were lower than the prices Tesoro charged to Plaintiff.

103.     Tesoro denies the allegations contained in Paragraph 103 of the Amended Complaint.

104.     Tesoro denies the allegations contained in Paragraph 104 of the Amended Complaint.

105.     Tesoro denies the allegations contained in Paragraph 105 of the Amended Complaint.

106.     Tesoro denies the allegations contained in Paragraph 106 of the Amended Complaint.

107.     Tesoro denies the allegations contained in Paragraph 107 of the Amended Complaint.

108.     Tesoro incorporates by reference its Answer to the specific allegations referred to in Paragraph 108 of the Amended Complaint.

109.     Tesoro denies the allegations contained in Paragraph 108 of the Amended Complaint.

TESORO ALASKA'S AMENDED ANSWER
AND COUNTERCLAIM -- 14

No. A05-185CV (TMB)

**GRAHAM & DUNN** PC
Pier 70, 2801 Alaskan Way ~ Suite 300
Seattle, Washington  98121-1128
(206) 624-8300/Fax: (206) 340-9599

m35414-827914.doc

110.     Tesoro denies the allegations contained in Paragraph 110 of the Amended Complaint.

111.     Tesoro denies the allegations contained in Paragraph 111 of the Amended Complaint.

112.     Tesoro denies the allegations contained in Paragraph 112 of the Amended Complaint.

113.     Tesoro denies the allegations contained in Paragraph 113 of the Amended Complaint.

114.     Tesoro denies the allegations contained in Paragraph 114 of the Amended Complaint.

115.     Tesoro denies the allegations contained in Paragraph 115 of the Amended Complaint.

116.     Tesoro denies the allegations contained in Paragraph 116 of the Amended Complaint.

117.     Tesoro denies the allegations contained in Paragraph 117 of the Amended Complaint.

118.     Tesoro denies the allegations contained in Paragraph 118 of the Amended Complaint.

119.     Tesoro denies the allegations contained in Paragraph 119 of the Amended Complaint.

120.     Tesoro denies the allegations contained in Paragraph 120 of the Amended Complaint.

121.     Tesoro incorporates by reference its Answer to the specific allegations referred to in Paragraph 121 of the Amended Complaint.

TESORO ALASKA'S AMENDED ANSWER
AND COUNTERCLAIM -- 15

No. A05-185CV (TMB)

**GRAHAM & DUNN** PC
Pier 70, 2801 Alaskan Way ~ Suite 300
Seattle, Washington  98121-1128
(206) 624-8300/Fax: (206) 340-9599

m35414-827914.doc

122.     Tesoro admits that it entered into an agreement with SOG regarding the cost of trade dress items at Captain Joe's.  Tesoro otherwise denies the remaining allegations contained in Paragraph 122 of the Amended Complaint.

123.     Tesoro denies the allegations contained in Paragraph 123 of the Amended Complaint.

124.     Tesoro denies the allegations contained in Paragraph 124 of the Amended Complaint.

125.     Tesoro denies the allegations contained in Paragraph 125 of the Amended Complaint.

126.     Tesoro denies the allegations contained in Paragraph 126 of the Amended Complaint.

127.     Tesoro denies the allegations contained in Paragraph 127 of the Amended Complaint.

128.     Tesoro denies the allegations contained in Paragraph 128 of the Amended Complaint.

129.     Tesoro incorporates by reference its Answer to the specific allegations referred to in Paragraph 129 of the Amended Complaint.

130.     Tesoro denies the allegations contained in Paragraph 130 of the Amended Complaint.

131.     Tesoro denies the allegations contained in Paragraph 131 of the Amended Complaint.

132.     Tesoro denies the allegations contained in Paragraph 132 of the Amended Complaint.

TESORO ALASKA'S AMENDED ANSWER
AND COUNTERCLAIM -- 16

No. A05-185CV (TMB)

**GRAHAM & DUNN** PC
Pier 70, 2801 Alaskan Way ~ Suite 300
Seattle, Washington  98121-1128
(206) 624-8300/Fax: (206) 340-9599

m35414-827914.doc

133.    Tesoro denies the allegations contained in Paragraph 133 of the Amended Complaint.

134.    Tesoro denies the allegations contained in Paragraph 134 of the Amended Complaint.

135.    Tesoro denies the allegations contained in Paragraph 135 of the Amended Complaint.

136.    Tesoro denies the allegations contained in Paragraph 136 of the Amended Complaint.

137.    Tesoro denies the allegations contained in Paragraph 137 of the Amended Complaint.

138.    Tesoro incorporates by reference its Answer to the specific allegations referred to in Paragraph 138 of the Amended Complaint.

139.    Tesoro denies the allegations contained in Paragraph 139 of the Amended Complaint.

140.    Tesoro denies the allegations contained in Paragraph 140 of the Amended Complaint.

141.    Tesoro denies the allegations contained in Paragraph 141 of the Amended Complaint.

142.    Tesoro denies the allegations contained in Paragraph 142 of the Amended Complaint.

143.    Tesoro incorporates by reference its Answer to the specific allegations referred to in Paragraph 143 of the Amended Complaint.

144.    Tesoro admits the allegations contained in Paragraph 144 of the Amended Complaint.

TESORO ALASKA'S AMENDED ANSWER
AND COUNTERCLAIM -- 17

No. A05-185CV (TMB)

**GRAHAM & DUNN** PC
Pier 70, 2801 Alaskan Way ~ Suite 300
Seattle, Washington  98121-1128
(206) 624-8300/Fax: (206) 340-9599

145.    Tesoro admits that each of the Settlement Documents are integrated agreements, but otherwise denies the allegations contained in Paragraph 145 of the Amended Complaint.

146.    Tesoro denies the allegations contained in Paragraph 146 of the Amended Complaint.

147.    Tesoro incorporates by reference its Answer to the specific allegations referred to in Paragraph 147 of the Amended Complaint.

148.    Tesoro admits the allegations contained in Paragraph 148 of the Amended Complaint.

149.    Tesoro admits that each of the Settlement Documents are integrated agreements, but otherwise denies the allegations contained in Paragraph 149 of the Amended Complaint.

150.    Tesoro denies the allegations contained in Paragraph 150 of the Amended Complaint.

151.    Tesoro incorporates by reference its Answer to the specific allegations referred to in Paragraph 151 of the Amended Complaint.

152.    Tesoro denies the allegations contained in Paragraph 152 of the Amended Complaint.

153.    Tesoro denies the allegations contained in Paragraph 153 of the Amended Complaint.

154.    Tesoro denies the allegations contained in Paragraph 154 of the Amended Complaint.

155.    Tesoro denies the allegations contained in Paragraph 155 of the Amended Complaint.

156.    Tesoro denies the allegations contained in Paragraph 156 of the Amended Complaint.

TESORO ALASKA'S AMENDED ANSWER
AND COUNTERCLAIM -- 18

No. A05-185CV (TMB)

m35414-827914.doc

157.    Tesoro denies the allegations contained in Paragraph 157 of the Amended Complaint.

158.    Tesoro admits the allegations contained in Paragraph 158 of the Amended Complaint.

159.    Tesoro denies the allegations contained in Paragraph 159 of the Amended Complaint.

160.    Tesoro denies the allegations contained in Paragraph 160 of the Amended Complaint.

161.    Tesoro denies the allegations contained in Paragraph 161 of the Amended Complaint.

## AFFIRMATIVE DEFENSES

**First Affirmative Defense**

1.    Plaintiff's claims predicated on alleged misrepresentations do not satisfy the pleading requirements of Rule 9(b), Fed. Rules Civ. Pro., and should therefore be dismissed. Among other things, the Amended Complaint fails to aver with specificity the substance of any misrepresentation that was allegedly made, the date in which such misrepresentation was made, the identity of the person who made the alleged misrepresentation, and the identify of the person to whom the alleged misrepresentation was made.

**Second Affirmative Defense**

2.    To the extent that Plaintiff asserts claims against Tesoro based on an alleged misrepresentation, then such misrepresentation is not actionable because Plaintiff knew or should have known all material facts before entering into any PMPA franchise or other agreement with the Tesoro, and any fact not known by Plaintiff was not material to and/or was not justifiably relied on by Plaintiff in entering into any contract with Tesoro.

TESORO ALASKA'S AMENDED ANSWER
AND COUNTERCLAIM -- 19

No. A05-185CV (TMB)

**GRAHAM & DUNN** PC
Pier 70, 2801 Alaskan Way ~ Suite 300
Seattle, Washington  98121-1128
(206) 624-8300/Fax: (206) 340-9599

m35414-827914.doc

**Third Affirmative Defense**

2.    To the extent that Plaintiff asserts claims against Tesoro based on an alleged misrepresentation, Plaintiff learned or discovered the true facts shortly after entering into a PMPA franchise agreement and other contracts with Tesoro, if not before, and plaintiff failed to or declined to advise or give notice to Tesoro of the misrepresentation, but instead ratified and adopted its contractual relationships with Tesoro and waived any claim based on such representation or is estopped from asserting damages based on such representation by, *inter alia*, continuing to accept benefits under its contracts with Tesoro.

**Fourth Affirmative Defense**

4.    Some of Plaintiff's claims are barred by the applicable statute of frauds and the parol evidence rule.

**Fifth Affirmative Defense**

5.    To the extent Plaintiff alleges any state law claims based on the contention that Tesoro terminated its franchise relationship with Plaintiff, or that its conduct or actions forced Plaintiff out of business, Plaintiff's claims are pre-empted by the Petroleum Marketing Practices Act, which pre-empts any state law claim that relates to the termination or nonrenewal of a petroleum franchise.

**Sixth Affirmative Defense**

6.    If Plaintiff has suffered or incurred any injury, harm, or damages, then such injury, harm, or damages were proximately caused, in whole or in part, by Plaintiff's negligence, fault, or failure to exercise reasonable care, or by its negligence or fault of some third person over whom Tesoro exercised no right of control, and not by the wrongful or negligent conduct of Tesoro.

**Seventh Affirmative Defense**

TESORO ALASKA'S AMENDED ANSWER
AND COUNTERCLAIM -- 20

No. A05-185CV (TMB)

**GRAHAM & DUNN** PC
Pier 70, 2801 Alaskan Way ~ Suite 300
Seattle, Washington  98121-1128
(206) 624-8300/Fax: (206) 340-9599

m35414-827914.doc

7.    If Plaintiff has suffered or incurred any damages, then the damages that may be recovered are limited as a result of Plaintiff's failure to mitigate its damages and its failure to perform its obligations under its agreements with Tesoro.

**Eighth Affirmative Defense**

8.    As a material inducement to Tesoro's  execution of the contracts between the parties in April 1999, Plaintiff agreed to and did release, discharge, and agreed not to sue Tesoro for certain claims pre-existing or existing as of the date the agreements were finalized.  Some of the claims asserted in the current action are barred because Plaintiff has released Tesoro of such claims pursuant to the terms of the party's contracts, including the Mutual Release executed in April 1999 and the Settlement and Conveyance Agreement.  Further, pursuant to the terms of its Dealer Agreement with Tesoro, Plaintiff further agreed to release and waive all claims for consequential or exemplary damages.

**Ninth Affirmative Defense**

9.    Some or all of Plaintiff's claims are barred by the applicable statute of limitations.

**Tenth Affirmative Defense**

10.    Any claim predicated on Tesoro's violation of a duty of good faith is barred by Plaintiff's violation of the duty of good faith owed to Tesoro, and Plaintiff's other claims are barred by Plaintiff's unclean hands.  Among other things, Plaintiff failed to use its best and full time efforts to perform its agreements with Tesoro, failed to candidly advise Tesoro of its problems and its negotiations with Petro Star, failed to advise Tesoro that it was commingling and misbranding gasoline purchased from Tesoro, and the agreements entered into between the parties in April 1999 were induced by Plaintiff's material misrepresentation to Tesoro.  Specifically, before entering into each of the contracts in 1999, Plaintiff represented it was entering into the agreements in reliance only on the express terms of the written agreements, and not on any oral representations or promises

TESORO ALASKA'S AMENDED ANSWER
AND COUNTERCLAIM -- 21

No. A05-185CV (TMB)

**GRAHAM & DUNN** PC
Pier 70, 2801 Alaskan Way ~ Suite 300
Seattle, Washington  98121-1128
(206) 624-8300/Fax: (206) 340-9599

made by any person or contained in any other documents or preliminary negotiations.  Tesoro justifiably relied on these representations made by Plaintiff, and had Plaintiff honestly informed Tesoro that it was in fact relying on any promises, representations, or statements that were not contained in the written agreements, Tesoro would not have entered into the agreements with Plaintiff and would not have released Plaintiff from the full amount of Plaintiff's indebtedness to Tesoro.

**Eleventh Affirmative Defense**

11.    To the extent Plaintiff claims Tesoro has breached any contract, including any breach of the implied covenant of good faith, then Plaintiff's claims are barred because Tesoro's conduct, and its performance of any contractual obligation, was excused based on Plaintiff's substantial and material breaches of its contractual obligations to Tesoro.

**Twelfth Affirmative Defense**

12.    Plaintiff has waived, or is estopped to pursue some or all of the claims asserted in Plaintiff's Amended Complaint.

**Thirteenth Affirmative Defense**

13.    Tesoro is entitled to an offset against Plaintiff's claims in an amount to be proven at trial.  Further, Tesoro is entitled to recoupment as against Plaintiff's claims in an amount to be proven at trial.

**Fourteenth Affirmative Defense**

14.    Plaintiff's Amended Complaint fails to state a valid cause of action or claim for relief.

**Fifteenth Affirmative Defense**

15.    Some or all of Plaintiff's claims are barred by the economic loss rule.

TESORO ALASKA'S AMENDED ANSWER
AND COUNTERCLAIM -- 22

No. A05-185CV (TMB)

**GRAHAM & DUNN** PC
Pier 70, 2801 Alaskan Way ~ Suite 300
Seattle, Washington  98121-1128
(206) 624-8300/Fax: (206) 340-9599

m35414-827914.doc

1

2

3                                        **COUNTERCLAIMS**

4          1.     This Court has supplemental jurisdiction over Tesoro's counterclaims under 28

5   U.S.C. §1367, since Tesoro's counterclaims are all related to the claims asserted by Plaintiff

6   against Tesoro.

7   **Breach of Contracts**

8          2.     On or about April 23, 1999, Plaintiff and Tesoro executed a certain Dealer

9   Agreement (the "Dealer Agreement").  At the same time, the parties also entered into a Deed of

10  Trust, a Security Agreement, and a Mutual Hazardous Materials Indemnification Agreement.

11         3.     Plaintiff has breached its obligations to Tesoro under the contracts in a number of

12  respects, including but not limited to the following:

13         (a)    Plaintiff's failure to operate for the full ten year term of the Dealer Agreement,

14  resulting in Tesoro's lost gasoline sales and lost profits;

15         (b)    Plaintiff's violations of Paragraph 22 of the Dealer Agreement by selling non-

16  Tesoro branded products as Tesoro branded products, adulterating Tesoro branded products and

17  non-Tesoro branded products, mixing Tesoro branded products and non-Tesoro branded

18  products, not operating in accordance with Tesoro's requirements and selling non-Tesoro

19  branded products as Tesoro branded products.

20         (c)    Plaintiff's violations of Paragraph 15 of the Dealer Agreement requiring Plaintiff

21  to comply with all laws relating to the storage, and handling of gasoline.

22         (d)    Plaintiff's failure under the Dealer Agreement to use its good faith efforts to

23  diligently market and promote the sale of Tesoro's gasoline from the station, and by Plaintiff's

24  management's failure to comply with Tesoro's operational standards and to devote its good faith

25

26  TESORO ALASKA'S AMENDED ANSWER
    AND COUNTERCLAIM -- 23

    No. A05-185CV (TMB)

**GRAHAM & DUNN** PC
Pier 70, 2801 Alaskan Way ~ Suite 300
Seattle, Washington  98121-1128
(206) 624-8300/Fax: (206) 340-9599

m35414-827914.doc

efforts to the operation of the service station business (as opposed to other business and personal interests).

(e)     Plaintiff's failure to keep the service station premises in good repair as required by the Dealer Agreement, and its failure under Paragraph 5 of the Security Agreement between the parties to "do all acts necessary to maintain, preserve, protect and keep [the service station premises] in good repair." and its failure under Paragraph 2 of the Deed of Trust between the parties "to maintain the [service station property] in good condition and state of repair, to neither commit nor suffer any waste, to [and] to promptly comply with all requirements of the Federal, State and Municipal authorities."

(f)     Plaintiff's failure to comply with its obligations under the Mutual Hazardous Materials Indemnification Agreement by, among other things, its failure to observe and to satisfy the requirements of, and maintain the property in strict compliance with applicable laws, including applicable environmental laws, by, among other things, its failure to provide proof of insurance required by state and federal law for its underground storage tank systems, its failure to comply with applicable tank inspection requirements, its failure to pay annual registration fees, and its failure to notify the State of Alaska Department of Environmental Conservation that its tanks have been taken out of service.

4.     As a result of Plaintiff's breaches of its contractual obligations, Tesoro has been damaged in an amount to be proven at trial.

5.     Tesoro is also entitled to equitable and injunctive relief requiring the return of Tesoro signs, and trademarks and marks, and compelling Plaintiff to completely de-identify the service station facility.

**Trademark Infringement, Unfair Competition, and Violations of the Alaska Unfair Trade Practices and Consumer Protection Act.**

TESORO ALASKA'S AMENDED ANSWER
AND COUNTERCLAIM -- 24

No. A05-185CV (TMB)

**GRAHAM & DUNN** PC
Pier 70, 2801 Alaskan Way ~ Suite 300
Seattle, Washington  98121-1128
(206) 624-8300/Fax: (206) 340-9599

6.     Tesoro incorporates by reference the allegations set forth in paragraphs 1 through 5 above.

7.     Beginning sometime in 2003, if not before, Plaintiff began purchasing gasoline from Petro Star and from other companies, and began offering the products to the public using Tesoro's trademarks and trade dress, thus misrepresenting to the public that the products Plaintiff was offering for sale at its service station were Tesoro's genuine products.

8.     By knowingly and intentionally misusing Tesoro's trademarks and trade dress and by offering for resale counterfeit goods using Tesoro's registered trademarks and its trade dress, Tesoro intentionally committed a fraud upon the public, and infringed Tesoro's trademarks in violation of the Lanham Act, 15 U.S.C. §1114, and such conduct also constitutes unfair competition, and a false designation of origin, or a false description or representation, suggesting or implying that the goods and services sold originate from, or are connected, or otherwise associated, with Tesoro, in violation of 15 U.S.C. §1125(a), and constitutes an unfair or deceptive act or practice in violation of AS 45.50.471(b)(3),(4), (11), and (12).

9.     As a direct and proximate result of Plaintiff's wrongful conduct, Plaintiff has been unjustly enriched and Tesoro has suffered such damages as will be proved at trial.  Further as a result of Plaintiff's wrongful conduct, Tesoro is entitled to recover treble damages and its reasonable attorneys' fees.  Further, Tesoro is entitled to statutory damages of up to $1,000,000 as authorized by 15 U.S.C. §1117(c) for Plaintiff's willful and intentional sale of counterfeit goods.

**Offset and Recoupment**

10.     Tesoro incorporates by reference the allegations set forth in paragraphs 1 through 9 above.

11.     In addition to damages owed Tesoro based on Plaintiff's breach of its contracts, Plaintiff is obligated to Tesoro under the Promissory Note referred to in the Amended Complaint

TESORO ALASKA'S AMENDED ANSWER
AND COUNTERCLAIM -- 25

No. A05-185CV (TMB)

**GRAHAM & DUNN** PC
Pier 70, 2801 Alaskan Way ~ Suite 300
Seattle, Washington  98121-1128
(206) 624-8300/Fax: (206) 340-9599

m35414-827914.doc

in the principal sum of $446,108.60, interest on the principal sum from and after February 4, 2004 at the rate of 8% per year, advances, costs and attorney's fees in an amount to be proven at trial.

12.    Tesoro is entitled to offset against and to recoup against any and all amounts determined to be owed to Plaintiff (the validity of which are denied), all amounts owed by Plaintiff to Tesoro including but not limited to all amounts owed under the Promissory Note and Deed of Trust hereby secured, the Dealer Agreement or otherwise.

**Declaration Foreclosure Is Valid Foreclosure**

13.    Tesoro incorporates by reference the allegations set forth in paragraphs 1 through 12 above.

14.    Plaintiff has breached its obligations to Tesoro under that certain Promissory Note dated April 23, 1999 in the stated principal amount of $570,914.92 and under the Deed of Trust thereby secured covering the property described in Plaintiff's Amended Complaint, which Deed of Trust was recorded on April 27, 1999 in Book 139 at Page 30 of the Books and Records of the Valdez Recording District, Third Judicial District, State of Alaska (the "Deed of Trust").

15.    As a result, Tesoro properly caused a nonjudicial foreclosure to be commenced and is entitled to complete the nonjudicial foreclosure.  The nonjudicial foreclosure is currently being postponed on a periodic basis pursuant to A.S. 34.20.080.  The foreclosure was properly commenced and Tesoro is entitled to complete it.

16.    Tesoro reserves the right prior to any completion of the nonjudicial foreclosure to commence a judicial foreclosure of the Deed of Trust.

17.    The amount due and payable under the Promissory Note and Deed of Trust is the principal sum of $446,108.60, together with interest on the principal sum from and after February 4, 2004 at the rate of 8% per year, advances, and costs of foreclosure.

TESORO ALASKA'S AMENDED ANSWER
AND COUNTERCLAIM -- 26

No. A05-185CV (TMB)

**GRAHAM & DUNN** PC
Pier 70, 2801 Alaskan Way ~ Suite 300
Seattle, Washington  98121-1128
(206) 624-8300/Fax: (206) 340-9599

m35414-827914.doc

WHEREFORE, having answered Plaintiff's Amended Complaint and asserted its counterclaims, Tesoro requests the following relief:

1.    That Plaintiff's Amended Complaint be dismissed with prejudice;

2.    For damages against Plaintiff and equitable relief based upon Plaintiff's breaches of its contracts with Tesoro in an amount to be proved at trial;

3    For damages, and restitution of gross profits obtained by Plaintiff, as a result of its trademark infringement, unfair competition, and unfair and deceptive acts and practices, which amounts should be trebled as authorized under applicable law;

3.    For attorney's fees and costs incurred in defending this action; and

4.    For such other relief as the court finds is just and equitable.

DATED this 5th day of February, 2007.

GRAHAM & DUNN PC


By /s/ Douglas C. Berry
    Douglas C. Berry
    WSBA# 12291
    Email:  dberry@grahamdunn.com
    Attorneys for Tesoro Alaska Company

And

HUGHES BAUMAN PFIFFNER GORSKI
SEEDORF, LLC


Frederick J. Odsen
ABA 7906043
Attorney for Defendant Tesoro Alaska Co.

TESORO ALASKA'S AMENDED ANSWER
AND COUNTERCLAIM -- 27

No. A05-185CV (TMB)

**GRAHAM & DUNN** PC
Pier 70, 2801 Alaskan Way ~ Suite 300
Seattle, Washington  98121-1128
(206) 624-8300/Fax: (206) 340-9599

m35414-827914.doc

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing DEFENDANT TESORO

ALASKA COMPANY'S ANSWER TO PLAINTIFFS AMENDED COMPLAINT was filed and

served via the Court's ECF system on the 5th day of February, 2007 to:

Michael R. Mills
Wendy Leukuma
Dorsey & Whitney LLP
1031 W. 4th Avenue, Suite 600
Anchorage, AK 99501
mills.mike@dorsey.com
leukuma.wendy@dorsey.com

Dated this 5th day of February, 2007.

   /s/ Douglas C. Berry
   Douglas C. Berry

TESORO ALASKA'S AMENDED ANSWER
AND COUNTERCLAIM -- 28

No. A05-185CV (TMB)

GRAHAM & DUNN PC
Pier 70, 2801 Alaskan Way ~ Suite 300
Seattle, Washington  98121-1128
(206) 624-8300/Fax: (206) 340-9599

m35414-827914.doc